# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BRIAN THOMPSON, individually; ) <br> (2) JENNIFER JAMES, individually, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> (1) J. GRAY TEEKELL, individually, ) <br> (2) THE TEEKELL COMPANY, INC.; and ) <br> (3) MICHAEL E. KRASNOW, Trustee of ) <br> Morton Family Irrevocable Trust, ) <br> ) <br> Defendants. ) | Case No. CV-23-1074-R |

**TRUSTEE'S MOTION TO JOIN NECESSARY PARTY AND ALIGN AS PLAINTIFF OR, ALTERNATIVELY, DISMISS COMPLAINT**

Kurt M. Rupert, OBA # 11982
Taylor Kaye Weder, OBA # 34045
HARTZOG CONGER CASON LLP
201 Robert S. Kerr, Suite 1600
Oklahoma City, Oklahoma 73102
(405) 235-7000 (Telephone)
(405) 996-3403 (Facsimile)
krupert@hartzoglaw.com
tweder@hartzoglaw.com

*Attorneys for Defendant,
Michael E. Krasnow as Trustee of the
Morton Family Irrevocable Trust*

# CONTENTS

**PROCEDURAL BACKGROUND**.................................................................................... 2

**FACTUAL BACKGROUND** ........................................................................................ 2

**ARGUMENT** .................................................................................................................. 5
    a.  PURSUANT TO RULE 19, MORTON IS A NECESSARY PARTY AND HIS JOINDER AS A PLAINTIFF IS FEASIBLE

    b.  IF JOINDER OF MORTON AND ALIGNMENT AS A PLAINTIFF IS NOT FEASIBLE, DISMISSAL IS REQUIRED PURSUANT TO RULE 12(b)(1), RULE 12(b)(7), AND RULE 19

# **TABLE OF AUTHORITIES**

**Cases:**

*Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) ....................................................... 7

*Burgess v. Johnson*, No. 19-CV-00232-GKF-JFJ, 2021 WL 2301930, at *3 (N.D. Okla. June 4, 2021)................................................................................................ 6, 9

*Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) ................................................................................................ 2, 13

*Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011) ........................................................................... 2

*Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004)................................................................................................................ 7

*Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983)............................ 10

*Eade v. Wayland*, No. 5:11-CV-3327 EJD, 2012 WL 1155653, at *5 (N.D. Cal. Mar. 31, 2012) ................................................................................................ 10, 11

*E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010)......................... 5

*Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 963 (5th Cir. 1973)..................... 10, 11

*Fid. & Deposit Co. of Maryland v. City of Sheboygan Falls*, 713 F.2d 1261, 1264–65 (7th Cir. 1983) ................................................................................................ 10

*Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 877 (10th Cir. 1981)................. 6

*Hjersted v. Hjersted*, No. CIVA 08-2419-KHV, 2009 WL 2982917, at *7 (D. Kan. Sept. 14, 2009)............................................................................................... 8

*Hunt v. Stonebridge Life Ins. Co.*, 7 F. Supp. 3d 652 (W.D. La. 2014) ......................... 11

*James v. Petra Indus. LLC*, No. CIV-20-877-D, 2020 WL 5851097, at *1 (W.D. Okla. Oct. 1, 2020) ................................................................................................ 2

*Maher v. Oklahoma Oklahoma Tourism & Recreation Dep't*, No. CIV-15-264-D, 2015 WL 9473816, at *1 n.1 .............................................................................. 1

*N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278–79 (10th Cir. 2012) .............. 12

*Perkins v. Standard Oil Co. of Cal.*, 29 F.R.D. 16, 19 (D. Or. 1961) ........................... 11

*Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1133 (9th Cir. 2006) ........................... 10

*Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982) ...................................................... 7

*Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove*, No. 16-CV-450-TCK-
    JFJ, 2017 WL 4896936, at *3 *4, *4 (N.D. Okla. Oct. 30, 2017) .. 6, 9, 12, 13, 14

**Statutes:**

OKLA. STAT. tit. 12, § 2012(B)(1), (4), and (7) ................................................................ 2

OKLA. STAT. tit. 60, § 175.23(A) ........................................................................................ 8

OKLA. STAT. tit. 60, § 175.23. ............................................................................................. 9

OKLA. STAT. tit. 60, § 175.23(C) ............................................................................. 8, 14, 15

**Rules:**

Fed. R. Civ. P. 19(a)(1) ................................................................................................. 6, 10

Fed. R. Civ. P. 19(a)(2) ................................................................................................. 5, 10

Fed. R. Civ. P. 19(b). ................................................................................................... 12, 13

Rule 19(a)(1)(B). ..................................................................................................................... 8

Rule 19(a) ......................................................................................................................... 5, 8

Rule 19(a)(1) ......................................................................................................................... 5

Rule 19(a)(1)(A) .................................................................................................................... 7

Rule 19(a)(1)(B). .................................................................................................................... 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BRIAN THOMPSON, individually;<br>(2) JENNIFER JAMES, individually,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>(1) J. GRAY TEEKELL, individually,<br>(2) THE TEEKELL COMPANY, INC.; and<br>(3) MICHAEL E. KRASNOW, Trustee of<br>Morton Family Irrevocable Trust,<br><br>　　　　　Defendants. | Case No. CV-23-1074-R |

**TRUSTEE'S MOTION TO JOIN NECESSARY PARTY AND ALIGN AS PLAINTIFF OR, ALTERNATIVELY, DISMISS COMPLAINT**

Defendant, Michael E. Krasnow Trustee ("Trustee") of the Morton Family Irrevocable Trust (the "Trust"), hereby moves the Court under Fed. R. Civ. P. 19 ("Rule 19") to join a necessary party and align him as Plaintiff or, alternatively, under Fed. R. Civ. P. 12(b)(1) and (7) and Rule 19 to dismiss the Complaint [Doc. No. 1-3][1] of Plaintiffs, Brian Thompson and Jennifer James (collectively, "Plaintiffs"). In sum, an absent beneficiary of the Trust at issue is a necessary party to this proceeding, and without him this Court lacks jurisdiction.

---

[1] The operative pleading upon removal is Plaintiffs' First Amended Petition which they filed in the State Court Action on November 16, 2023. As such, Trustee refers to that pleading as the Complaint. *See Maher v. Oklahoma Oklahoma Tourism & Recreation Dep't*, No. CIV-15-264-D, 2015 WL 9473816, at *1 n.1 (W.D. Okla. Dec. 28, 2015) (noting that "[c]onsistent with federal practice, the Court refers to the operative pleading, Plaintiff's First Amended Petition [ ], as the complaint.") (citing Fed. R. Civ. P. 81(c)).

## I. PROCEDURAL BACKGROUND

On October 18, 2023, Plaintiffs commenced this action against Defendants, J. Gray Teekell, The Teekell Company, Inc., and Trustee (collectively, "Defendants"), by filing a Petition in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2023-5988 (the "State Court Action"). *See* Pet. [Doc. No. 1-2]. On November 13, 2023, Trustee filed a Motion to Dismiss based on OKLA. STAT. tit. 12, § 2012(B)(1), (4), and (7).[2] Thereafter: (a) Plaintiffs filed a First Amended Petition (*i.e.*, the Complaint) on November 16, 2023, Compl. [Doc. No. 1-3]; and (b) Trustee—with consent from counsel for J. Gray Teekell and The Teekell Company, Inc. (collectively, "Teekell Defendants")—removed the State Court Action to this Court, Notice of Removal [Doc. No. 1].

## II. FACTUAL BACKGROUND

During his lifetime and in 2004, Jerry Morton ("Jay") enlisted Trustee to draft an irrevocable trust. At the direction of Jay, Trustee prepared the Trust which is dated September 30, 2004. *Exhibit 1, Trust* at p.1[3]; *see also* Compl. [Doc. No. 1-3] at ¶ 2. Trustee

---

[2] By filing their Amended Petition after Trustee's Motion to Dismiss, such Motion was rendered moot. *See James v. Petra Indus. LLC*, No. CIV-20-877-D, 2020 WL 5851097, at *1 (W.D. Okla. Oct. 1, 2020) (finding second amended pleading superseded the original pleading and rendered moot the motion directed at the original pleading); *see also* LCvR 81.2(b) ("Any motion pending at the time of removal will be considered withdrawn unless, within 30 days of removal, the moving party files a notice of pending motion . . ." along with all briefing and filings necessary to adjudicate said motion).

[3] Because the Complaint references the Trust and because the Trust supports joinder, Trustee's inclusion of the Trust as an exhibit hereto does not impact this Court's determination. *See Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011) ("In evaluating a motion to dismiss, we may consider not only the complaint, but also the attached exhibits and documents incorporated into the complaint by reference"); *Citizen Band Potawatomi Indian Tribe of Oklahoma v.*

2

serves as the trustee of the Trust. *Exhibit 1, Trust* at p.1; *see also* Compl. [Doc. No. 1-3] at ¶ 5. The Trust's named beneficiaries (or "primary beneficiaries") are Jay's son, Ryan Taylor Morton ("Morton"), and Jay's stepchildren, Brian Thompson and Jennifer James (*i.e.*, Plaintiffs). *Exhibit 1, Trust* at § 2.1(a). Thus, Plaintiffs are two of the three beneficiaries of the Trust. Compl. [Doc. No. 1-3] at ¶ 3. Upon the death of Jay *and* his then-wife Nancy Morton ("Nancy"), Trustee is—subject to the terms of the Trust—to divide the Trust into equal shares for the benefit of the three beneficiaries, per stirpes. *Exhibit 1, Trust* at § 3.3. Specifically:

> *Following the deaths of both the Settler and the Settler's wife*, **the Trustee shall divide the Trust estate into equal separate shares for the benefit of Ryan Taylor Morton, Jennifer James, and Brian Thompson**, or if any of said individuals is deceased, then such individual's share shall be held for the benefit of the descendants of said individual, if any, in shares per stirpes.

*Id.* (emphasis added).

In connection with the Trust and at the direction of Jay, Trustee (in his capacity as Trustee) applied for and received a life insurance policy from Pacific Life on the lives of Jay and his then-wife Nancy Morton ("Nancy") (the "Policy"). Compl. [Doc. No. 1-3] at ¶ 6. The Policy was procured by J. Gray Teekell ("Teekell") via his company The Teekell Company, Inc. Compl, and the owner of the Policy is the Trust. [Doc. No. 1-3] at ¶ 7. At inception, the Trust's main asset was the Policy. *Id.* at ¶¶ 6, 9.

In December 2020, Jay passed away. Thereafter, Nancy allegedly "discovered" that Morton—Jay's son—was included as a beneficiary of the Trust. Compl. [Doc. No. 1-3] at

---

*Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) (finding that a proponent of joinder's burden can be satisfied by providing relevant extra-pleading evidence) (citation omitted).

¶ 19. Nancy presumably informed Plaintiffs, and Plaintiffs are apparently upset with the clear intent of their stepfather to grant Trustee broad discretion in his administration of the Trust.

Plaintiffs assert five separate state law claims for relief alleging that Defendants committed fraud and were negligent, grossly negligent, and unjustly enriched and that Trustee breached various duties owed under the Trust. *See generally* Compl. [Doc. No. 1-3]. Each of Plaintiffs' claims expressly revolves around Plaintiffs' status as beneficiaries under the Trust and the alleged harm supposedly resulting from Defendants' conduct with respect to the Trust and its main asset (the Policy). *Id.* Stated differently, Plaintiffs' quest for recovery starts and ends with their status as two of the three primary beneficiaries of the Trust. *See e.g.*, Compl. [Doc. No. 1-3] at ¶¶ 13 (alleging Teekell was aware that the Mortons believed the Teekell Defendants were "their agent to the insurance purchased [the Policy] for the benefit of the Trust and its beneficiaries."), 17 (alleging Trustee was "aware of the purpose for the insurance policy [the Policy] but failed to protect and preserve it on behalf of the Trust for the benefit of [] Plaintiffs."), 27 (alleging "Defendants engaged in self-dealing to the detriment of the Trust and Plaintiff beneficiaries.").

Nonetheless, Plaintiffs did not name *all* beneficiaries. Plaintiffs omitted the absentee beneficiary, Morton, even though Plaintiffs admit (a) that the Trust names him as a beneficiary and (b) that the Trust is irrevocable, thus, none of the beneficiaries can be removed. Compl. [Doc. No. 1-3] at ¶¶ 3 n.2 (alleging Morton was "initially" a beneficiary of the Trust), 21 (alleging "however, the Trust is irrevocable and such action [the removal of Morton as a beneficiary] could not be taken.").

As of Plaintiffs' initiation of this lawsuit and on information and belief, all primary beneficiaries (*i.e.*, Morton and Plaintiffs) are living and reside in Oklahoma County, State of Oklahoma. *See* Compl. [Doc. No. 1-3] at ¶ 3. Aligning Morton as a Plaintiff would maintain complete diversity of the parties; however, aligning him as a Defendant would destroy complete diversity. Because the absentee beneficiary is a required party, Trustee moves the Court to join Morton as a party and (i) align him as a Plaintiff or (ii) dismiss the action.

### III.   ARGUMENT

#### A.  PURSUANT TO RULE 19, MORTON IS A NECESSARY PARTY AND HIS JOINDER AS A PLAINTIFF IS FEASIBLE

Rule 19 provides the standard for determining when a party must be joined to a lawsuit. In deciding a Rule 19 request, this Courts makes "three successive inquiries." *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010) (citation omitted). First, is the nonparty required, per Rule 19(a), to be joined? If so, "the second stage is for the court to determine whether it is feasible to order that the absentee be joined." *Id.* (citation omitted). If a person is deemed a "required party" that may be "feasibly" joined for purposes of Rule 19(a)(1), "the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2). Next, "if joinder is *not* feasible, the court must determine at the third stage whether the case can proceed without the absentee" or whether it should be dismissed. *Id.* (emphasis added; citation omitted).

> **1. In the absence of joinder, the Court can neither afford complete relief nor protect Morton's interest and any determination would leave Defendants**

5

> ***subject to a substantial risk of incurring multiple or otherwise inconsistent obligations because of Morton's interest.***

With respect to the first inquiry, the Court considers whether Morton is a "required party" under clause (a)(1). "The general rule is that ***all*** beneficiaries are necessary parties in an action requiring restoration of trust assets or an accounting." *Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *3 (N.D. Okla. Oct. 30, 2017) (emphasis added; citations omitted). This general rule is also relevant where the action is one to *remove* a trustee. *Burgess v. Johnson*, No. 19-CV-00232-GKF-JFJ, 2021 WL 2301930, at *3 (N.D. Okla. June 4, 2021) ("[a]s a general rule, all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets.") (citations omitted). Because Plaintiffs claim they were harmed by Defendants' conduct in connection with the Trust and its main asset (*i.e.*, the Policy) and seek relief affecting the Trust, it is apparent from the outset that the general rule is applicable here.

Nonetheless, Plaintiffs must specifically join any person (a) whose interests are such that complete relief cannot be reached amongst the parties without her or him ***or*** (b) who has an interest related to the subject of the action and (i) whose absence may, as a practical matter, impair or impede the absent person's ability to protect that interest ***or*** (ii) leave the existing parties subject to a risk of incurring multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1); *see also Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 877 (10th Cir. 1981).

First, "complete relief" will not occur without Morton as a party. The "complete relief" factor described in Rule 19(a)(1)(A) "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) (quoting *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004)). Here, the Court is faced with a demand to frustrate the purpose of the Trust—namely, Plaintiffs' demand for an order (among other things) removing Trustee and awarding two of three Trust beneficiaries damages for conduct supposedly impairing the Trust. This would certainly subject Trustee (and, presumably, Teekell Defendants) to multiple litigation. Accordingly, it is apparent that "complete relief" of the parties would not occur without Morton. *See e.g.*, *Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982) (finding no error in court's determination that "complete relief" could not be accorded absent unnamed beneficiaries where court was asked to reach a conflicting result without all beneficiaries impacted thereby, likely subjecting trustees to multiple litigation); *Hjersted v. Hjersted*, No. CIVA 08-2419-KHV, 2009 WL 2982917, at *6 (D. Kan. Sept. 14, 2009) (finding court could not grant complete relief to existing parties without joinder of unnamed beneficiaries where named plaintiff sough recovery that would impact the assets of the underlying trust).

Second, Morton's status as a primary beneficiary certainly meets the criteria set forth in Rule 19(a)(1)(B). Therein, a party is necessary if such person is interested in the action's subject matter, and, in her or his absence, such interest will be impaired or, because of such interest, existing parties are likely to incur multiple or inconsistent obligations. *See* Fed. R.

7

Civ. P. 19(a)(1)(B). Because the Complaint seeks broad relief, the Trust will certainly be affected—regardless of a decision favorable to Plaintiffs or Defendants. *See e.g.*, *Hjersted v. Hjersted*, No. CIVA 08-2419-KHV, 2009 WL 2982917, at *7 (D. Kan. Sept. 14, 2009) (rejecting argument that plaintiff only sought individual damages from defendants' misconduct in administering trust because "[a]s a practical matter, this claim puts at issue defendants' handling of the entire Estate as executor and attorney." Held: "The Court finds that the absent parties are necessary under the second prong of Rule 19(a).").

Lastly, while it is unclear whether Plaintiffs have provided Morton notice of their allegations and claims, it is apparent that he has an interest in this matter. Equally clear is that this interest will not be adequately protected in his absence. Lastly, disposing of this action without Morton will leave existing parties subject to a substantial risk of incurring multiple and/or inconsistent liabilities.

While the circumstances here certainly qualify Morton as a "required party" as defined by both the general rule applicable to unnamed beneficiaries and the statutory specifications, Oklahoma law explicitly categorizes Morton as a required party. Indeed, with respect to actions involving the construction of trust provisions and any issue (generally speaking) revolving around the administration of a trust estate, the Oklahoma Trust Act—which governs the Trust—defines "necessary parties." OKLA. STAT. tit. 60, § 175.23(A). Necessary parties include "those persons designated as beneficiaries by name or class in the instrument creating the trust and who have a vested interest in the trust which is the subject of the action . . . and any persons who may be actually receiving distributions from the trust estate at the time the action is filed." OKLA. STAT. tit. 60, § 175.23(C).

8

Morton is undeniably a necessary party pursuant to OKLA. STAT. tit. 60, § 175.23. The Trust in relevant part provides that the Trust shall ultimately be divided into equal shares "for the benefit of Ryan Taylor Morton, Jennifer James, and Brian Thompson, or if any of said individuals is deceased, then such individual's share shall be held for the benefit of the descendants of said individual, if any, in shares per stirpes." *Exhibit 1, Trust* at § 3.3. Accordingly, Morton is a necessary party to this proceeding.

In sum, Courts faced with a Rule 19 request in suits involving similar allegations to those here have uniformly held that *all* trust beneficiaries are required parties that must be joined if feasible. *See e.g.*, *Burgess v. Johnson*, No. 19-CV-00232-GKF-JFJ, 2021 WL 2301930, at *4 (N.D. Okla. June 4, 2021) (involving a request for a trust accounting, removal of trustee, restoration of trust property, and other remedies of a breach of trust; finding that "[b]ecause the court can neither afford complete relief nor protect the absent parties' interest, the absentee parties are required to be joined under Rule 19(a)."); *Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *4 (N.D. Okla. Oct. 30, 2017) ("Each of the Absent Beneficiaries has accepted distributions from the Trusts and remains a beneficiary of the Betty Pettigrove Trust, and none has waived any right or interest in the Trusts. Accordingly, the Court finds that the general rule is applicable, and the Absent Beneficiaries are persons needed for a just adjudication of this case.").

> 2. ***Joinder of Morton as a Plaintiff <u>is</u> feasible as he is subject to service of process and his joinder as Plaintiff will not deprive the court of subject-matter jurisdiction.***

9

Because Mortan can be feasibly joined as a Plaintiff (or otherwise aligned with Plaintiffs), joinder is appropriate. Under Rule 19, it is considered "feasible" to join "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction . . . ." Fed. R. Civ. P. 19(a)(1). The Court may order joinder of Morton, and if "[Morton] refuses to join as a plaintiff [he] may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2). While Rule 19 clearly provides the Court discretion to add Morton as a Plaintiff, a Defendant, or an Involuntary Plaintiff, such label (practically speaking) is of no consequence for purposes of determining whether complete diversity exists.

"Courts may realign parties, according to their ultimate interests, whether the realignment has the effect of conferring or denying subject matter jurisdiction on the court." *Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1133 (9th Cir. 2006) (citations removed). Thus, "**[t]he courts, *not the parties*, are responsible for aligning the parties according to their interests in the litigation**." *Eade v. Wayland*, No. 5:11-CV-3327 EJD, 2012 WL 1155653, at *5 (N.D. Cal. Mar. 31, 2012) (emphasis added) (citing *Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983)) (other citation omitted); *see also Fid. & Deposit Co. of Maryland v. City of Sheboygan Falls*, 713 F.2d 1261, 1264–65 (7th Cir. 1983) ("The formal designation of a party in the complaint as plaintiff or defendant is not controlling . . .") (citation omitted). Specifically, "in determining the status of the parties for diversity purposes, it is well established that the court must look beyond the pleadings to the matters actually in controversy." *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 963 (5th Cir. 1973) (citations omitted).

Usually, "an absentee who is joined as a defendant under Rule 19(a)(2) will have the same interest in the dispute as the original plaintiff and should be aligned with plaintiff for diversity purposes." § 1605 Persons to Be Joined if Feasible—Joinder of an Absentee as a Defendant, 7 Fed. Prac. & Proc. Civ. § 1605 (3d ed.). This general rule has been specifically applied in the context of a group or class of plaintiffs—such as trust beneficiaries—to which the nonparty belongs. *See e.g.*, *Hunt v. Stonebridge Life Ins. Co.*, 7 F. Supp. 3d 652 (W.D. La. 2014) (aligning two co-beneficiaries with plaintiff beneficiary in dispute relating to an insurance policy of which all three were beneficiaries); *Eade v. Wayland*, No. 5:11-CV-3327 EJD, 2012 WL 1155653, at *5 (N.D. Cal. Mar. 31, 2012) (stating that "the absentee grandchildren's interests are aligned with the Plaintiffs' interests as trust beneficiaries. Accordingly, the absentee grandchildren would be aligned as plaintiffs for diversity purposes."); *Eikel*, 473 F.2d at 961 (finding unnamed partner was aligned with partners as a plaintiff in lawsuit involving amounts owed for past legal services performed by the partnership); *Perkins v. Standard Oil Co. of Cal.*, 29 F.R.D. 16, 19 (D. Or. 1961) (ordering joinder of co-consignees and requiring that they be realigned as plaintiffs inasmuch as their true interest was properly that of plaintiff—also a co-consignee—specifically mentioning that aligning nonparties as defendants would have destroyed diversity jurisdiction).

Here, Plaintiffs are within the class of primary beneficiaries under the Trust and are asserting claims against Trustee and Teekell Defendants for their conduct in relation to the Trust. As stated, Plaintiffs could not assert these claims if they were not considered primary beneficiaries of the Trust. Accordingly, it is clear that Morton—also a primary beneficiary

11

of the Trust—should be aligned with Plaintiffs for diversity purposes. Stated differently, all parties to the primary beneficiary class should be on one side.[4]

### 3. *If joinder of Morton is not feasible, this action cannot in equity and good conscience proceed and, thus, should be dismissed.*

In the event this Court finds joinder of Morton as a party is not feasible, this case cannot proceed. Thus, "the court must determine, under Rule 19(b), whether the required-but-not-feasibly-joined party is so important to the action that the action cannot 'in equity and good conscience' proceed in that person's absence." *Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *2–3 (N.D. Okla. Oct. 30, 2017) (quoting *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278–79 (10th Cir. 2012)) (other citation omitted).

Four factors inform whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Those factors are the following:

> **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> **(2)** the extent to which any prejudice could be lessened or avoided by:
> **(A)** protective provisions in the judgment;
> **(B)** shaping the relief; or
> **(C)** other measures;

---

[4] However, if this Court determines that Morton's status as beneficiary and his interest in the Trust or this litigation are not aligned with Plaintiffs for purposes of diversity jurisdiction, diversity jurisdiction is destroyed and dismissal is required. *See e.g., Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *2 (N.D. Okla. Oct. 30, 2017) (dismissing case, finding addition of absent beneficiaries as a plaintiff would destroy complete diversity where: plaintiff-beneficiary was a California resident, defendants were Oklahoma residents, and absent beneficiaries were Oklahoma residents).

>
> **(3)** whether a judgment rendered in the person's absence would be adequate; and
>
> **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). An evaluation of these factors should be made "in a practical and pragmatic but equitable manner" and each factor should "be given the appropriate weight." *Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *3 (N.D. Okla. Oct. 30, 2017) (quotation marks and citation omitted).

Trustee has met his burden in showing the nature of the interest possessed by the absent party and that protection of such interest will be impaired by the failure to join the absent party. *Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *3 (N.D. Okla. Oct. 30, 2017) (citation omitted). And, as done here, "[t]he proponent's burden can be satisfied by providing affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) (quotation marks and citation omitted).

Each of the above-mentioned factors militates in favor of dismissal. First, the potential for prejudice to absent and existing parties is present given that this proceeding affects the Trust—namely, if Plaintiffs succeed, the proceeding will necessitate an accounting of the Trust, a construction of the Trust's terms, and a determination of the three beneficiaries' rights with respect to the Trust. *See Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *4 (N.D. Okla. Oct. 30,

13

2017) (finding "a judgment here could possibly prejudice the interests of the Absent Beneficiaries."). Second, there is no way to fashion any ultimate relief or even a procedure should this case proceed that would lessen or completely avoid such prejudice to absent and existing parties. *See id.* (finding "there are no practical remedies to prevent Defendant from the risk of other potential claims by the Absent Beneficiaries if they are not joined."). Finally, without Morton as a party to this proceeding, any judgment would be inadequate—as previously discussed. Conversely, if this case is dismissed, Plaintiff could continue in state court as the District Court for Oklahoma County would certainly have jurisdiction over these claims and parties *plus* Morton.

In all, should this Court find that joinder is not feasible, "equity and good conscience" does not require that this case proceed without Morton—in fact, it warrants its dismissal. *See e.g.*, *Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *5 (N.D. Okla. Oct. 30, 2017) ("For the reasons set forth above, the Court finds the Absent Beneficiaries are indispensable parties under Rule 19. Defendant's Motion to Dismiss (Doc. 61) is therefore GRANTED.").

### B. IF JOINDER OF MORTON AND ALIGNMENT AS A PLAINTIFF IS NOT FEASIBLE, DISMISSAL IS REQUIRED PURSUANT TO RULE 12(b)(1), RULE 12(b)(7), AND RULE 19

As stated, Oklahoma law mandates that the beneficiaries of a trust be named as parties to any action that concerns the trust. Specifically, OKLA. STAT. tit. 60, § 175.23(C) states, in part, that "[t]he only necessary parties to such actions shall be those persons designated as beneficiaries by name or class in the instrument creating the trust and who have a vested interest in the trust which is the subject of the action . . . and any persons

14

who may be actually receiving distributions from the trust estate at the time the action is filed." OKLA. STAT. tit. 60, § 175.23(C).

At the time Plaintiffs commenced this action, Morton was undisputedly a beneficiary of the Trust and was an individual entitled to receive distributions from the Trust. *See e.g.*, *Exhibit 1, Trust* at §§ 3.3 (naming Morton as beneficiary), 3.1 (providing instructions to Trustee for distributing income and principal to beneficiaries prior to death of both Jay and Nancy). The absence of Morton in this proceeding deprives the Court of subject matter jurisdiction of the claims asserted by Plaintiffs as Morton is an indispensable party via Oklahoma law. *See e.g.*, *Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *3 (N.D. Okla. Oct. 30, 2017) (applying OKLA. STAT. tit. 60, § 175.23(C) and noting that "joinder of necessary parties is a jurisdictional requirement in a state court action under the Act."); *First Nat. Bank of Enid v. Clark*, 1965 OK 71, ¶¶ 10-12, 402 P.2d 248, 250 ("an absence of some of the parties designated as 'necessary parties' by subsection C of that section, is a jurisdictional defect.").

    Respectfully submitted,

    /S/ Taylor Kaye Weder
    Kurt M. Rupert, OBA # 11982
    Taylor Kaye Weder, OBA # 34045
    HARTZOG CONGER CASON LLP
    201 Robert S. Kerr, Suite 1600
    Oklahoma City, Oklahoma 73102
    (405) 235-7000 (Telephone)
    (405) 996-3403 (Facsimile)
    krupert@hartzoglaw.com
    tweder@hartzoglaw.com
    *Attorneys for Defendant,*
      *Michael E. Krasnow as Trustee of the Morton*
      *Family Irrevocable Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, I electronically transmitted the foregoing document to the Clerk of the Court for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electric Filing to the following ECF Registrants:

Shannon F. Davies
sdavies@spencerfane.com

Johnnie G. Beech
jbeech@spencerfane.com

*Attorneys for Plaintiffs,*
  *Brian Thompson and Jennifer James*

Alex Gebert
alex.gebert@fmglaw.com

*Attorney for Defendants,*
*J. Gray Teekell and The Teekell Company, Inc.*

                                                          */s/ Taylor Kaye Weder*
                                                          Taylor Kaye Weder