IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Brian Thompson, individually; and Jennifer James, individually,<br><br>Plaintiff,<br><br>v.<br><br>J. Gray Teekell, individually; The Teekell Company, Inc.; and Michael E. Krasnow, Trustee of Morton Family Irrevocable Trust,<br><br>Defendants. | Case No. 5:23-cv-01074-R<br><br><br><br><br><br><br><br>District Judge David L. Russell |

**DEFENDANTS J. GRAY TEEKELL AND THE TEEKELL COMPANY, INC.'S MOTION TO JOIN INDISPENSABLE PARTY AND BRIEF IN SUPPORT**

COMES NOW, Defendants J. Gray Teekell and The Teekell Company, Inc. (collectively, "Teekell"), by and through the undersigned counsel, and files this, its' Motion to Join Indispensable Party Or Dismiss the Compliant[1] of Plaintiffs Brian Thompson and Jennifer James ("Plaintiffs") and Brief in Support, due to Plaintiffs' failure of joining an indispensable party causing the Court to lack subject matter jurisdiction, among other defects. In support thereof, Teekell respectfully shows the Court the following:

### I. PROCEDURAL BACKGROUND

Plaintiffs filed their initial petition against Defendants J. Gray Teekell, The Teekell Company, Inc., and Trustee ("Defendants") on or about October 18, 2023, in the District Court of Oklahoma County, Case No., CJ-2023-5988. *See* Pet. [Doc. No. 1-2]. Trustee filed a Motion

---

[1] Teekell acknowledges that Plaintiff's First Amended Petition is being referred to as the Complaint after the case's removal to this Federal Court.

to Dismiss under OKLA. STAT. tit. 12, § 2012(B)(1), (4), and (7) on November 13, 2023. [Doc. No. 1-3].

On November 16, 2023, Teekell was served with a copy of the Plaintiffs' First Amended Petition (now, the "Complaint"). [Doc. No. 1-3]. Counsel for Michael E. Krasnow, as Trustee ("Trustee") of the Morton Family Irrevocable Trust (the "Trust") then filed its Notice of Removal [Doc. No. 1].

## II.   FACTUAL BACKGROUND

Jerry Morton ("Jay") enlisted Trustee to draft an irrevocable trust in 2004. At Jay's direction, Trustee prepared the Trust, which was dated September 30, 2004. [Doc. No. 4-1]; *see also* Compl. [Doc. No. 1-3] at ¶ 2. Trustee serves as the trustee of the Trust. [Doc. No. 4-1]; *see also* Compl. [Doc. No. 1-3] at ¶ 5.

The Trust's named ("primary") beneficiaries are Jay's son, Ryan Taylor Morton ("Ryan Morton"), and Jay's stepchildren, Plaintiffs Brian Thompson and Jennifer James. [Doc. No. 4-1], Trust at § 2.1(a). Plaintiffs are merely two of the three beneficiaries of the Trust. Compl. [Doc. No. 1-3] at ¶ 3. Upon the death of Jay and his then-wife Nancy Morton, Trustee is—subject to the terms of the Trust—to divide the Trust into equal shares for the benefit of the three beneficiaries, per stirpes. [Doc. No. 4-1], Trust at § 3.3. Specifically:

> Following the deaths of both the Settler [Jay Morton] and the Settler's wife [Nancy Morton], the Trustee shall divide the Trust estate into **equal separate shares for the benefit of Ryan Taylor Morton, Jennifer James, and Brian Thompson**, or if any of said individuals is deceased, then such individual's share shall be held for the benefit of the descendants of said individual, if any, in shares per stirpes.

*Id.* (emphasis added).

In connection with the Trust and at Jay's direction, Trustee applied for and received a life insurance policy from Pacific Life on the lives of Jay and his then-wife Nancy Morton (the "Life

Insurance Policy"). Compl. [Doc. No. 1-3] at ¶ 6. The Policy was procured by J. Gray Teekell ("Teekell") via his company The Teekell Company, Inc. Compl, and the Policy's owner is the Trust. [Doc. No. 1-3] at ¶ 7. When it was created, the Trust's main asset was the Policy. *Id*. at ¶¶ 6, 9. Upon Jay's passing in December of 2020, Nancy Morton allegedly discovered for the first time that Jay's son Ryan Morton had been included as a beneficiary of the Trust. Compl. [Doc. No. 1-3] at ¶ 19. Presumably, Nancy Morton informed Plaintiffs of Ryan Morton's inclusion as the third primary beneficiary, and Plaintiffs likely disagreed with the clearly demonstrated intent of Jay Morton allowing Trustee to have broad discretion in administration of the Trust for all three primary beneficiaries.

Plaintiffs allege five separate state law causes of action against the Defendants, namely that Defendants committed fraud, Defendants were negligent, Defendants were grossly negligent, Defendants unjustly enriched themselves, and that Trustee breached various duties owed under the Trust. *See* Compl. [Doc. No. 1-3]. Each of Plaintiffs' claims hinges on Plaintiffs' status as beneficiaries under the Trust and the alleged harm they allege the Defendants' conduct caused to the Trust's main asset, the Life Insurance Policy. *Id.*

In other words, the claims made by Plaintiffs and relief sought are based entirely on their status as two of the three primary beneficiaries of the Trust. *See e.g.,* Compl. [Doc. No. 1-3] at ¶¶ 13 (alleging Teekell was aware that the Mortons believed the Teekell Defendants were "their agent to the insurance purchased [the Policy] for the benefit of the Trust and its beneficiaries."), 17 (alleging Trustee was "aware of the purpose for the insurance policy [the Policy] but failed to protect and preserve it on behalf of the Trust for the benefit of [] Plaintiffs."), 27 (alleging "Defendants engaged in self-dealing to the detriment of the Trust and Plaintiff beneficiaries.").

3

Despite this, Plaintiffs failed to name all beneficiaries of the Trust. Plaintiffs omitted the absentee beneficiary, Ryan Morton, even though Plaintiffs Compliant admits both that the Trust names Ryan Morton as a beneficiary and that the Trust is irrevocable, meaning no Trust beneficiaries can be removed. Compl. [Doc. No. 1-3] at ¶¶ 3 n.2 (alleging Morton was "initially" a beneficiary of the Trust), 21 (alleging "however, the Trust is irrevocable and such action [the removal of Ryan Morton as a beneficiary] could not be taken.").

Upon information and belief, all primary beneficiaries (*i.e.,* Ryan Morton and Plaintiffs) are living and reside in Oklahoma County as of Plaintiffs' initiation of this lawsuit. *See* Compl. [Doc. No. 1-3] at ¶ 3. Aligning Ryan Morton as a Plaintiff maintains the complete diversity of the parties; and aligning him as a Defendant would destroy complete diversity. Because the absentee beneficiary is a required party, Teekell moves the Court to properly join Ryan Morton as a party and either (i) align him as a Plaintiff or (ii) dismiss the action if Ryan Morton cannot be feasibly joined as a Plaintiff.

### III.    ARGUMENTS AND AUTHORITY

A. <u>Ryan Morton is a necessary and indispensable party under Federal Rule of Civil Procedure 19</u>.

To determine a party as necessary and indispensable under Federal Rule of Civil Procedure 19, a three-step analysis is used. *See E.E.O.C. v. Peabody W. Coal Co.,* 610 F.3d 1070, 1078 (9th Cir. 2010) (internal citation omitted). The three-step analysis is as follows:

(i)     Is the nonparty required to be joined under Rule 19(a)?

(ii)    Does the court believe it is feasible for the nonparty to be joined?

(iii)   If a person is determined to be required and feasibly joined, the court must order that person be made a party.

*See* Federal Rule of Civil Procedure 19(a)(1)-(2).

If joinder of the examined nonparty is not feasible, then the court must determine whether the case can proceed in the nonparty's absence, or dismiss the case if it cannot. *Id*. Here, either Ryan Morton must be added due to his indispensable status as a Trust beneficiary, or the case must be dismissed.

> 1. *If Ryan Morton is not joined, the Court is unable to afford complete relief nor protect Morton's interest, and any determination would risk subjecting Defendants to inconsistent obligations as to different Trust beneficiaries*.

As a preliminary matter, this Court is to consider whether Ryan Morton is a "required party" under Rule 19(a)(1). Generally, all beneficiaries are necessary parties in actions requiring restoration of trust assets or trust accounting. *Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *3 (N.D. Okla. Oct. 30, 2017) (internal citations omitted). To properly adjudicate actions to remove a trustee, all beneficiaries are also needed. *Burgess v. Johnson*, No. 19-CV-00232-GKF-JFJ, 2021 WL 2301930, at *3 (N.D. Okla. June 4, 2021). Due to Plaintiffs' claims that they were harmed by the Defendants' conduct relating to the trust and its central asset—the life insurance policy—the general rule applies.

Plaintiffs are required to join any person (i) whose interests are such that complete relief cannot be reached amongst the parties without her or him or (ii) who has an interest related to the subject of the action and whose absence may, as a practical matter, impair or impede the absent person's ability to protect that interest or leave the existing parties subject to a risk of incurring multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1); *see also Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 877 (10th Cir. 1981).

Complete relief will not occur in the absence of Ryan Morton's joinder. By examining the very nature of the relief sought by Plaintiffs, this becomes even more clear. Plaintiffs demand an order that removes Trustee and awards the Plaintiffs damages for conduct they allege affected the Trust, and their pecuniary benefits from the same. Doing so would result in incongruent results without all trust beneficiaries included, defeating the very purpose of an irrevocable trust and also subjecting Trustee and Teekell to potential re-litigation of the same or similar issues from the other beneficiary, Ryan Morton. Complete relief does not exist without unnamed beneficiaries so as to create conflicting results likely to result in added litigation[2] or which would impact the assets of the underlying trust.[3]

Ryan Morton, as a primary beneficiary of the Trust, clearly satisfies Rule 19(a)(1)(B)'s criteria. As such, and based on the broad relief sought by Plaintiffs, the trust is certain to be affected, regardless of whether Plaintiffs or Defendants prevail. Ryan Morton is undeniably a necessary party pursuant to OKLA. STAT. tit. 60, § 175.23. The Trust, in relevant part, provides that the Trust shall ultimately be divided into equal shares "for the benefit of Ryan Taylor Morton, Jennifer James, and Brian Thompson, or if any of said individuals is deceased, then such individual's share shall be held for the benefit of the descendants of said individual, if any, in shares per stirpes." [Doc. No. 4-1] at § 3.3. Consequently, Ryan Morton is a necessary party to this proceeding.

  2. *Joining Ryan Morton as a Plaintiff is Feasible and Aligns with the Court's Subject Matter Jurisdiction.*

---

[2] *Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982) (finding no error in court's determination that "complete relief" could not be accorded absent unnamed beneficiaries where court was asked to reach a conflicting result without all beneficiaries impacted thereby, likely subjecting trustees to multiple litigation)

[3] *Hjersted v. Hjersted*, No. CIVA 08-2419-KHV, 2009 WL 2982917, at *6 (D. Kan. Sept. 14, 2009) (finding court could not grant complete relief to existing parties without joinder of unnamed beneficiaries where named plaintiff sough recovery that would impact the assets of the underlying trust).

Since Ryan Morton can be feasibly joined as a Plaintiff, his joinder is appropriate and warranted in this case. It is feasible to join a party who is subject to service of process and whose joinder does not deprive the court of its subject matter jurisdiction. Fed. R. Civ. P. 19(a)(1). Thus, under Rule 19(a)(2), the Court may order Ryan Morton's joinder as either a Plaintiff, Defendant, or an Involuntary Plaintiff, none of which should effect the complete diversity present in this case.[4]

Plaintiffs, like Ryan Morton, are primary beneficiaries under the Trust. Plaintiffs assert claims against Trustee and Teekell based on alleged conduct related to or affecting the Trust. Were Plaintiffs not primary beneficiaries of the Trust, they would lack the standing to assert these claims. As such, it is clear that Ryan Morton should be aligned with the Plaintiffs for diversity purposes based on their common interests and standing. Should this Court determine that Ryan Morton is not aligned with the Plaintiffs, diversity jurisdiction would be destroyed, and dismissal would be required. *See e.g.*, *Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *2 (N.D. Okla. Oct. 30, 2017) (dismissing case, finding addition of absent beneficiaries as a plaintiff would destroy complete diversity where: plaintiff-beneficiary was a California resident, defendants were Oklahoma residents, and absent beneficiaries were Oklahoma residents).

B. <u>Dismissal is Required if Joinder of Ryan Morton as a Plaintiff is not Feasible</u>.

---

[4] "Courts may realign parties, according to their ultimate interests, whether the realignment has the effect of conferring or denying subject matter jurisdiction on the court." *Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1133 (9th Cir. 2006) (citations removed). Thus, "[t]he courts, *not the parties*, are responsible for aligning the parties according to their interests in the litigation." *Eade v. Wayland*, No. 5:11-CV-3327 EJD, 2012 WL 1155653, at *5 (N.D. Cal. Mar. 31, 2012) (citing *Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983)) (other citation omitted); *see also Fid. & Deposit Co. of Maryland v. City of Sheboygan Falls*, 713 F.2d 1261, 1264–65 (7th Cir. 1983) ("The formal designation of a party in the complaint as plaintiff or defendant is not controlling . . .") (citation omitted). Specifically, "in determining the status of the parties for diversity purposes, it is well established that the court must look beyond the pleadings to the matters actually in controversy." *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 963 (5th Cir. 1973) (citations omitted).

Should this Court find that Ryan Morton's joinder is not feasible, this case is ripe for dismissal. Oklahoma law dictates that all beneficiaries of a trust be named as parties to actions that concern the trust. OKLA. STAT. tit. 60, § 175.23(C) states, in pertinent part, "[t]he only necessary parties to such actions shall be those persons designated as beneficiaries by name or class in the instrument creating the trust and who have a vested interest in the trust which is the subject of the action . . . and any persons who may be actually receiving distributions from the trust estate at the time the action is filed."

As of Plaintiffs' filing of this lawsuit, Ryan Morton was both a beneficiary of the Trust and an individual entitled to receive distributions from the Trust. *See* e.g., [Doc. No. 4-1] Trust at §§ 3.3; 3.1 (naming Ryan Morton as a beneficiary and providing instructions to Trustee for distributions to beneficiaries prior to death of both Jay and Nancy Morton, respectively). Excluding Ryan Morton from this proceeding deprives the Court of proper subject matter jurisdiction over the claims asserted by Plaintiffs because Ryan Morton is an indispensable party under Oklahoma law. *See e.g., Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove,* No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *3 (N.D. Okla. Oct. 30, 2017) (applying OKLA. STAT. tit. 60, § 175.23(C) and noting that "joinder of necessary parties is a jurisdictional requirement in a state court action under the Act."); *First Nat. Bank of Enid v. Clark,* 1965 OK 71, ¶¶ 10-12, 402 P.2d 248, 250 ("an absence of some of the parties designated as 'necessary parties' by subsection C of that section, is a jurisdictional defect.").

## IV.    CONCLUSION

Teekell respectfully requests that Plaintiffs join Ryan Morton as an indispensable party or that the Court dismiss the Plaintiffs claims for the reasons stated herein. Teekell requests any such further relief to which it is entitled as a matter of law.

8

Dated: December 19, 2023

Respectfully Submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Timothy B. Soefje*
**Timothy B. Soefje**
OBA No. 33342
Texas State Bar No. 00791700
Tim.Soefje@fmglaw.com

**Alexander S. Gebert\***
OBA No. 34594
Texas State Bar No. 24120543
Alex.Gebert@fmglaw.com
7160 Dallas Parkway, Suite 625
Plano, Texas 75024
(469) 895-3003 (telephone)
(888) 356-3602 (facsimile)
*\*Admission pending in Western District of Oklahoma*
COUNSEL FOR DEFENDANTS J. GRAY TEEKELL AND THE TEEKELL COMPANIES, INC.

*/s/ Teddy Abbott*
*Teddy Abbott*
OBA No. 14367
teddy.abbott@outlook.com
ABBOTT LAW OFFICE, LLC
687 Meadows Cir.
Tahlequah, OK 74401
(918) 360-0531 (telephone)

LOCAL COUNSEL FOR DEFENDANTS J. GRAY TEEKELL AND THE TEEKELL COMPANIES, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on December 19, 2023, a true and correct copy of the foregoing was filed electronically to the Clerk of Court via the CM/ECF system which will send notification of such filing to all counsel of record.

                                        */s/ Timothy B. Soefje*
                                        Timothy B. Soefje