IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN THOMPSON, individually; and JENNIFER JAMES, individually,<br><br>Plaintiffs,<br><br>v.<br><br>J. GRAY TEEKELL, individually; THE TEEKELL COMPANY, INC.; and MICHAEL E. KRASNOW, Trustee of Morton Family Irrevocable Trust,<br><br>Defendants. | Case No. CV-23-1074-R |

### PLAINTIFFS' MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION AND BRIEF IN SUPPORT

Brian Thompson and Jennifer James ("Plaintiffs") ask the Court to remand this matter back to state court for lack of federal subject matter jurisdiction. Jurisdiction is proper only in the district courts of Oklahoma as set forth more fully below. The court lacks Plaintiffs subject matter jurisdiction and the matter must be remanded back to the District Court of Oklahoma County, with attorneys' fees and costs assessed to Defendants.

**BRIEF IN SUPPORT**

### I. FACTUAL AND PROCEDURAL BACKGROUND

Jerry ("Jay") Morton created the Morton Family Irrevocable Trust (the "Morton Trust") on or about September 30, 2004. (Dkt. # 1-3, ¶ 1). Brian Thompson and Jennifer James are beneficiaries of the Morton Trust. (Dkt. # 1-3, ¶ #3). Jay Morton relied on the expertise of Mike Krasnow ("Krasnow") as trustee in creating the Morton Trust. (Dkt. # 1-

1

3, ¶ 4). Jay Morton subsequently purchased a life insurance policy for the Morton Trust through Defendant Gray Teekell ("Teekell") and his company the Teekell Company, Inc. ("TCA"). (Dkt. # 1-3, ¶¶ 6, 7). The life insurance policy placed in the Morton Trust was intended to pay for the estate taxes on Oklahoma assets upon the passing of Jay Morton and his wife Nancy Morton ("Mrs. Morton"). (Dkt. # 1-3, ¶ 9). Krasnow and Teekell, in concert, advised Mrs. Morton to sell the insurance policy at a steep discount causing significant damages to Plaintiffs due to Krasnow's negligence and malpractice. (Dkt. # 1-3, ¶ 14). Krasnow, TCA, and Teekell further advised Mrs. Morton to cease paying the insurance premiums and that allowing a lapse in the policy would result in a cash value payment to Mrs. Morton and the estate. (Dkt. # 1-3, ¶¶ 22, 23). Defendants' incorrect advice caused the Plaintiffs to lose millions of dollars from the Morton Trust.

On October 18, 2023, Plaintiffs individually brought claims against Defendants Teekell, TCA, and Krasnow in Oklahoma state court alleging negligence, breach of contract, fraud/gross negligence, unjust enrichment as to all Defendants; and removal and accounting as to the trustee specifically. (Dkt. # 1-2). Subsequently, on November 13, 2023, Defendant Krasnow filed a motion to dismiss in state court alleging that Plaintiffs failed to name Ryan Taylor Morton ("Mr. Morton"), a trust beneficiary in the Complaint, thus depriving the court of subject matter jurisdiction pursuant to 12 O.S. § 2012(B)(1) and 60 O.S. § 175.23(A). Krasnow further argued that Mr. Morton is an indispensable party pursuant to 12 O.S. § 175.23(C)[1].

---

[1] Krasnow also argued insufficiency of service of process due to a misnomer of one of the Defendants. The misnomer was corrected upon the filing of the First Amended Petition.

Plaintiffs filed an amended petition (the "Complaint") on November 16, 2023. On November 27, 2023, Defendants filed a notice of removal from Oklahoma state court to the United States District Court for the Western District of Oklahoma. Krasnow then filed the instant motion to join an indispensable party and align as Plaintiff on November 30, 2023. (Dkt. # 4) arguing that this Court should find that Mr. Morton is a necessary and indispensable party pursuant to Federal Rule of Civil Procedure 19 and align Mr. Morton as a party plaintiff; or in the alternative, dismiss the Complaint if joinder is not feasible.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . The State court may thereupon proceed with such case." Orders remanding a case to the State court from which it was removed are not reviewable on appeal or otherwise. 28 U.S.C. §§ 1447(c) and (d) should be read together. *See Thermtron Prodc., Inc. v. Hermansdorfer*, 423 U.S.336, 343 – 44 (1976).

## III.   LAW AND ARGUMENT

"Once jurisdiction of a state court over the administration of a trust attache[s], such jurisdiction is exclusive." *Buck v. Hales*, 536 F.2d 1330, 1331 (10th Cir. 1976) (citing *Swanson v. Bates*, 170 F.2d 648 (10th Cir. 1948). "[W]here the 'contentions are solely as to administration' a federal court has no jurisdiction over the suit. . ." *Id.* (citing *Princess Lida v. Thompson*, 305 U.S. 456 (1939). The Tenth Circuit has long held that "the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of others. *Stewart Securities Corp. v. Guaranty Trust Co.*, 394 F. Supp. 1069

(W.D. Okla 1975). This principle "is not restricted to cases where property has been actually seized under judicial process. . . but applies where suits are brought to marshal assets, administer trusts or liquidate estates. *Id.* (citing *Princess Lida*, 305 U.S. 456). Further, 60 O.S. § 175.23 states:

> "[t]he district court shall have original jurisdiction to construe the provision of any trust instrument; to determine the law applicable thereto; the powers, duties, and liability of trustee; the existence or non-existence of facts affecting the administration of the trust estate; to require accounting by the trustees; to surcharge trustee; and in its discretion to supervise the administration of trusts; and all actions hereunder are declared to be proceedings in rem"

60 O.S. § 175.23 has been applied in other Tenth Circuit cases involving similar circumstances wherein the administration of a trust was challenged. *See Swanson v. Bates*, 170 F.2d 648, 651 (10th Cir. 1948). In *Swanson*, actions regarding the trust were taken in state court prior to the Plaintiffs filing their cause of action in federal court. *Id.* The federal district court dismissed the action finding that the state court had exclusive jurisdiction. *Id.* at 651.

Here, Plaintiffs filed their Petition in Oklahoma state court raising multiple causes of action, including, negligence, breach of contract, fraud/gross negligence, unjust enrichment as to all Defendants, and removal and accounting as to the trustee specifically. Each cause of action relates to the actions and administration of the Morton Trust by Trustee Mike Krasnow and Defendants J. Gray Teekell and The Teekell Company, Inc. Because Plaintiffs' contentions are related solely to the Trustee's failure to properly

administer the Trust, jurisdiction lies with the state court, therefore this matter should be remanded to the state court from which it derived.

## IV.   COSTS AND ATTORNEYS' FEES

"Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of remand. *Codner v. American Home Products Corp.*, 123 F. Supp. 2D 1272, 1274 (W.D. Okla. 2000) (citing *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331 (10th Cir. 1982)). "Attorneys fees may be awarded to a plaintiff whenever there is no proper or legitimate basis for removal. *Id.* (citing *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1353 (10th Cir. 1997)). "The question is not whether removal was 'colorable' but whether it is 'legitimate.'" *Codner*, 123 F. Supp. 2d 1275.

Removal in this case was neither colorable, nor legitimate. Defendants could have and did move to join Mr. Morton to the lawsuit in state court; however, in a futile effort to gain a more favorable chance of dismissing Plaintiffs' Complaint, Defendants utilized the Federal Rules of this Court to circumvent the state Court rules of procedure and statutory provisions regarding the Oklahoma Trust Act which would clearly allow Plaintiffs' to bring their Complaint without joinder of Mr. Morton as a beneficiary[2]. Further, Defendants

---

[2] *See* 12 O.S. § 175.23(C) stating that "[a]ctions hereunder may be brought by a trustee, beneficiary, or any person affected by the administration of the trust estate. ***If the action is predicated upon any act or obligation of any beneficiary***, the beneficiary shall be a necessary party to the proceeding (emphasis added); *see also*, *Independent School District No. 52 of Oklahoma County v. Oklahoma Industries Authority*, 1982 646 P.2d 1276, acknowledging the prerequisite in § 175.23, requiring that the action under § 175.23 must be "predicated upon any act or obligation of any beneficiary."

should have been aware based on statutory authority and caselaw that the Oklahoma state court retains exclusive jurisdiction over this cause of action as explained more fully above.

Because removal of this matter was neither colorable nor legitimate, this Court should grant Plaintiffs' motion to remand this matter to state court for further adjudication on the merits with attorneys' fees and costs assessed to the Defendants.

## V.  RELIEF REQUESTED

Plaintiffs respectfully ask this Court to grant its Motion and remand this matter back to the District Court of Oklahoma County for further adjudication of this matter.

    Respectfully submitted,

    *s/Shannon F. Davies*
    Shannon F. Davies, OBA No. 16979
    Johnny G. Beech, OBA No. 655
    Spencer Fane LLP
    9400 North Broadway Extension, Suite 600
    Oklahoma City, Oklahoma 73114
    Telephone: (405) 844-9900
    Facsimile:  (405) 844-9958
    Email: sdavies@spencerfane.com
    Email: jbeech@spencerfane.com
    ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December 2023, a true and correct copy of the above and foregoing document was sent by U.S. first class mail, postage prepaid to:

Kurt M. Rupert, OBA #11982
Taylor K. Weder, OBA #34045
HARTZOG CONGER CASON
201 Robert S. Kerr, Suite 1600
Oklahoma City, OK 73102
Telephone: (405) 235-7000
Fax: (405) 996-3403
Email: krupert@hatzoglaw.com
Email: tweder@hartzoglaw.com
***Attorneys for Defendant Michael E. Krasnow***


Alex Gebert, Esq.
Freeman Mathis & Gary, LLP
7160 Dallas Parkway, Suite 625
Plano, TX 75024
Telephone: (469) 860-9910
Email: Alex.Gebert@fmglaw.com
***Attorney for Defendants J. Gray Teekell and***
***The Teekell Company, Inc.***


Teddy Abbott, OBA No. 14367
Abbott Law Office, LLC
687 Meadows Cir.
Tahlequah, OK 74401
Teddy.abbott@outlook.com
***Local Counsel for Defendants J. Gray Teekell***
***And the Teekell Companies, Inc.***


                                  *s/Shannon F. Davies*_____
                                  Shannon F. Davies