# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) BRIAN THOMPSON, individually; | ) | |
| (2) JENNIFER JAMES, individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CV-23-1074-R |
| | ) | |
| (1) J. GRAY TEEKELL, individually, | ) | |
| (2) THE TEEKELL COMPANY, INC.; and | ) | |
| (3) MICHAEL E. KRASNOW, Trustee of | ) | |
| Morton Family Irrevocable Trust, | ) | |
| | ) | |
| Defendants. | ) | |

## TRUSTEE'S REPLY TO PLAINTIFFS' RESPONSE TO TRUSTEE'S MOTION TO JOIN NECESSARY PARTY AND ALIGN AS PLAINTIFF OR, ALTERNATIVELY, DISMISS COMPLAINT

Trustee, for his Reply to the Response to Trustee's Motion to Join Necessary Party and Align as Plaintiff or, Alternatively, Dismiss Complaint ("Motion") [Doc. No. 4] filed by Plaintiffs ("Response") [Doc. No. 9], shows the Court that the arguments and authority within Plaintiffs' Response and within Plaintiffs' Motion to Remand [Doc. No. 8] fail.

Upon Trustee's receipt of the Complaint originating in the State Court Action and *before* jurisdiction of the District Court of Oklahoma County (the "State Court") was invoked over the Trust, Trustee timely removed the case to this Court based upon diversity of citizenship. *See* Notice of Removal [Doc. No. 1] at 1-3. Neither Plaintiffs' Response nor Plaintiffs' Motion to Remand [Doc. No. 8] disputes that Plaintiffs' Complaint demonstrates the existence of federal diversity jurisdiction or that joinder of Morton and alignment as a Plaintiff is proper; in fact, neither even *mentions* diversity jurisdiction and "Plaintiffs do

not oppose the joinder of Ryan Morton as set forth in the Motion." *See generally* Pls.' Resp. [Doc. No. 9], Pls.' Mot. to Remand [Doc. No. 8] (emphasis added). Accordingly, Trustee requests this Court to grant Trustee's motion to join Ryan Minor as a Plaintiff in this proceeding.

## I.    OKLA. STAT. TIT. 60, § 175.23 DOES NOT DIVEST THIS COURT OF SUBJECT MATTER JURISDICTION

In their Response, Plaintiffs fail to substantively respond to Trustee's Motion[1] and state that "Plaintiffs do not oppose the joinder of Ryan Morton as set forth in the Motion." Pls.' Resp. [Doc. No. 9] at 1. Nonetheless, Plaintiffs' Response asserts that the Court lacks jurisdiction to order such joinder "*as set forth in more detail in Plaintiffs' Motion to Remand and Brief in Support* (Dkt. No. 8)." *Id.* at 1 (emphasis added). In their Motion to Remand, Plaintiffs assert that because Plaintiffs' claims concern the administration of and relate to the Trust, the State Court has "exclusive jurisdiction" over this case and this Court lacks subject matter jurisdiction. For several reasons, Plaintiffs' Response (and Motion) must be overruled.

***First***, a defendant has a right to remove any civil action brought in a State court of which the district court of the United States would have had original jurisdiction, *except as otherwise expressly provided by Act of Congress*. *See* 28 U.S.C. § 1441(a). As provided in Trustee's Notice of Removal [Doc. No. 1], complete diversity of citizenship between the named parties exists and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. Trustee's Notice of Removal [Doc. No. 1] at 2-3. Because Plaintiffs do

---

[1] Plaintiffs' Response is a total of three sentences. Response [Doc. No. 9] at 1.

not point to any procedural defect in Trustee's removal, Plaintiffs' Response (including their Motion to Remand) fails. *See id.*; *see also* 28 U.S.C. § 1332; *see also e.g.*, *Williams v. Virtue Site Servs., LLC*, CIV-20-958-F, 2020 WL 6820801, at *1 (W.D. Okla. Nov. 20, 2020) (denying motion to remand where plaintiff failed to point to any procedural defect in removal).

*Second*, simply because OKLA. STAT. tit. 60, § 175.23 provides the State Court with "original jurisdiction" to make determinations related to the Trust does not mean this Court is without jurisdiction to do the same.[2] Indeed, where, as here, there is no *separate* previously pending case involving the Trust, "there is no bar to this Court acquiring jurisdiction over the [T]rust estate." *Wilcoxson v. Sec. Bank & Tr. Co. of Lawton, Lawton, Okl.*, 516 F. Supp. 3, 5 (W.D. Okla. 1980). Upon filing a copy of the Notice of Removal with the State Court, removal was effective and "the State [C]ourt shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Stated differently, when the case was removed, the State Court was entirely divested of whatever jurisdiction it may have had and diversity jurisdiction attached. *See id.*; *see also Welk v. GMAC Mortgage, LLC*, 850 F. Supp. 2d 976, 997 (D. Minn. 2012) ("Because the state court in which this case originated no longer has jurisdiction over it, this Court's exercise of jurisdiction does

---

[2] In general, original jurisdiction means a court's power to hear and decide a matter in the first instance—as opposed to appellate jurisdiction. *See* JURISDICTION, Black's Law Dictionary (11th ed. 2019) (defining original jurisdiction as "[a] court's power to hear and decide a matter before any other court can review the matter."); *see also* COURT, Black's Law Dictionary (11th ed. 2019) (defining "court of original jurisdiction" as "[a] court where an action is initiated and first heard."). Thus, "original" jurisdiction does not mean that said court is the *only* court with jurisdiction.

not conflict with the exercise of jurisdiction by any state court.") (citations omitted); *Hatcher v. Lowe's Home Centers, Inc.*, 718 F. Supp. 2d 684, 688 (E.D. Va. 2010) (rejecting motion to remand where the plaintiff's claims and jurisdictional basis were neither ambiguous nor indeterminate at the time of removal, stating that "because jurisdiction clearly attached upon removal, the Court is under a duty to exercise the jurisdiction conferred on it by Congress unless there is some other reason for the Court to abstain."); *Illinois Licensed Beverage Ass'n, Inc. v. Advanta Leasing Servs.*, 333 Ill. App. 3d 927, 932–33, 776 N.E.2d 255, 260 (2002) ("Upon the filing of a sufficient removal petition, the state court's jurisdiction immediately and totally ceases and that of the federal court immediately attaches. After such removal, only the federal court can restore jurisdiction to the state court.").

*Third*, Plaintiffs' legal authority is inapposite. Pointedly, Plaintiffs' arguments against Trustee's Motion (via their Motion to Remand) stem from their misplaced reliance on cases that are clearly distinguishable from the facts of this case. In fact, none of them involves (a) removal to federal court or (b) post-removal joinder of a necessary party. *See* Pls.' Mot. to Remand [Doc. No. 8] at 3-4.

In *Buck v. Hales*, 536 F.2d 1330 (10th Cir. 1976), the cotrustees of a testamentary trust initiated a state court proceeding relating to the testamentary trust. **_For over thirty years_**, the state court construed various terms of the testamentary trust and issued multiple directions relating thereto. In resolving one dispute, "**the state court specifically stated that it 'retains and continues jurisdiction . . . in the matter of orders, instructions, determinations and interpretations of the said testamentary trust . . . .**'" *Buck v. Hales*,

536 F.2d 1330, 1331 (10th Cir. 1976) (emphasis added). After the entry of this order and while the state court "retained and continued jurisdiction" over the testamentary trust, the beneficiaries initiated a federal proceeding relating to said testamentary trust. The Tenth Circuit held that the district court properly dismissed the action for lack of subject matter jurisdiction, reasoning that the beneficiaries sought a result directly contrary to the direction given by the state court. *Id.* at 1332 ("It is obvious that this cannot be done."). Specifically, the Tenth Circuit held that "[i]n light of the state court's prior attached jurisdiction in matters related to administration of the trust and announced retention of jurisdiction, the lower court was correct." *Id.*

Equally immaterial to this Court's determination of Trustee's Motion is *Swanson v. Bates*, 170 F.2d 648 (10th Cir. 1948). There, a trustee filed his fourth annual report with a state court. At the hearing to approve the report, a purported beneficiary filed a protest. The ultimate hearing was continued various times, as requested by the purported beneficiary. After her last request for a continuance, she commenced a federal lawsuit relating to the underlying trust. The Tenth Circuit affirmed dismissal, stating that "so long as [the state court proceedings] pended, they gave the state court exclusive jurisdiction over the trust estate . . . ." *Swanson v. Bates*, 170 F.2d 648, 651 (10th Cir. 1948).

Lastly, *Stewart Sec. Corp. v. Guar. Tr. Co.*, 394 F. Supp. 1069 (W.D. Okla. 1975) involved a previously filed state court action wherein the state court entered an order finding (among other things) that it had jurisdiction to construe any trust agreement and oversee such trust pursuant to OKLA. STAT. tit. 60, § 175.23, that it had the power to determine the method of distribution of the proceeds of the sale of the trust assets, and "that

5

__it would continue to have jurisdiction until all proceeds had been distributed__." *Stewart Sec. Corp. v. Guar. Tr. Co.*, 394 F. Supp. 1069, 1073 (W.D. Okla. 1975) (emphasis added). In a subsequent federal case, the federal court found that because the proceeds of the sale of the trust property had not been completely distributed and because other outstanding issues encompassed by the state court's order existed, the state court continued to have jurisdiction over the res of the trust. Accordingly, the federal case was dismissed. *Id.* ("The jurisdiction of the State Court precludes this [Federal] Court's jurisdiction.").

Each of the cited cases relied upon by Plaintiffs stand for the unremarkable position that where a state court has already acquired and expressly continues to retain jurisdiction over issues (both prior and ongoing) relating to a trust, a party to the trust cannot attempt to invoke federal court jurisdiction to grant relief in a separate proceeding concerning the trust *unless or until* the state court declares the case to be "finally and completely closed." *Wilcoxson v. Sec. Bank & Tr. Co. of Lawton, Lawton, Okl.*, 516 F. Supp. 3, 4–5 (W.D. Okla. 1980) (denying motion to dismiss and rejecting defendant's argument regarding exclusive jurisdiction of state court where state court in previously filed proceeding had declared the case to be "finally and completely closed."). Pointedly, "[t]his case involves a single proceeding—a proceeding that was started in state court and then removed to federal court. When the case was removed, the state court was entirely divested of jurisdiction." *Welk v. GMAC Mortgage, LLC*, 850 F. Supp. 2d 976, 997 (D. Minn. 2012) (citations omitted).

In sum, all jurisdictional requirements are present (and were present at the time of removal) and "Plaintiffs do not oppose the joinder of Ryan Morton as set forth in the

6

Motion." Pls.' Resp. [Doc. No. 9] at 1. Accordingly, Plaintiffs do not oppose adding Morton as a Plaintiff to this proceeding or to Morton's alignment as a Plaintiff for purposes of the Court's diversity jurisdiction determination. Because Morton can be feasibly joined as a Plaintiff (or otherwise aligned with Plaintiffs), his joinder as a Plaintiff to this proceeding is appropriate.

## II.    IF MORTAN CANNOT BE FEASIBLY JOINED AS A PLAINTIFF OR OTHERWISE ALIGNED WITH PLAINTIFFS, IT IS UNDISPUTED THAT DISMISSAL IS REQUIRED

Trustee's Motion seeks joinder of Morton as Plaintiff or, alternatively, dismissal pursuant to Rule 19 and Fed. R. Civ. P. 12(b)(1) and (7) i9n the event Morton cannot feasibly be joined. In their Response and their Motion to Remand, Plaintiffs fail to articulate any argument against dismissal in the event this Court finds that Morton cannot be feasibly joined as a Plaintiff.

In pertinent part, Local Civil Rule 7.1(g) states: "Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed." LCvR 7.2(g). " To that end, a plaintiff's failure to address the arguments presented in a motion to dismiss is an implicit concession that the plaintiff fails to state a claim upon which relief may be granted." *Thompson v. Indep. Sch. Dist. No. I-1 of Stephens Cnty., Okla.*, CIV-12-13-M, 2012 WL 1110171, at *3 (W.D. Okla. Apr. 3, 2012) (finding plaintiff implicitly conceded that it failed to state a claim where plaintiff failed to address defendant's arguments regarding claim for punitive damages) (citation omitted); *see also Cigar Box, LLC v. Houston Specialty Ins. Co.*, 5:22-CV-00519-SLP, 2023 WL 5094603, at *7 (W.D. Okla. Aug. 7, 2023) ("Plaintiffs did not respond to this argument in their Response [to the motion

to dismiss] and have therefore conceded the issue.") (citations omitted); *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd sub nom. Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries, United Methodist Church*, 98 Fed. Appx. 8 (D.C. Cir. 2004) ("It is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citations omitted).

Accordingly, the alternative relief of dismissal requested by Trustee (if necessary) should be granted in the event it is determined that Morton cannot be feasibly joined.

## III.    PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES LACKS MERIT

Despite failing to identify a single defect in Trustee's removal *procedure* (*e.g.*, timeliness, propriety of notice, etc.) and despite the omission of any discussion concerning Trustee's *basis* for removal (*i.e.*, diversity jurisdiction), Plaintiffs assert: "Removal in this case was neither colorable, nor legitimate." Pls.' Mot. to Remand [Doc. No. 8] at 5. Plaintiffs claim entitlement to attorneys' fees because Trustee utilized the Federal Rules of Civil Procedure. *See id.* ("Defendants utilized the Federal Rules of this Court to circumvent the [S]tate Court rules of procedure and statutory provisions regarding the Oklahoma Trust Act . . . ."). Because Trustee is *required* to comply with such rules, Plaintiffs' fee request is obviously without any merit.

This lack of merit is further evidenced by the very authority Plaintiffs cite. *See e.g.*, *Codner v. Am. Home Products Corp.*, 123 F. Supp. 2d 1272, 1273-74 (W.D. Okla. 2000) (awarding attorneys' fees where removal based on diversity was made more than one year

from commencement of the action—*i.e.*, directly contrary to Section 1446 which "prohibits removal, for purposes of diversity jurisdiction, more than one year from commencement . . . ."); *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997) (awarding attorneys' fees where action originally filed in state court arose from workmen's compensation laws of the state—an action among those expressly nonremovable per 28 U.S.C. § 1445). Because it is undisputed that Trustee's removal to this Court was procedurally correct and because this proceeding simply is not considered a "nonremovable" action, Plaintiffs' request for attorneys' fees should be denied.

Respectfully submitted,

*s/ Taylor Kaye Weder*
Kurt M. Rupert, OBA # 11982
Taylor Kaye Weder, OBA # 34045
HARTZOG CONGER CASON LLP
201 Robert S. Kerr, Suite 1600
Oklahoma City, Oklahoma 73102
(405) 235-7000 (Telephone)
(405) 996-3403 (Facsimile)
krupert@hartzoglaw.com
tweder@hartzoglaw.com
*Attorneys for Defendant,*
*Michael E. Krasnow as Trustee of the Morton*
*Family Irrevocable Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2023, I electronically transmitted the foregoing document to the Clerk of the Court for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electric Filing to the following ECF Registrants:

Shannon F. Davies
sdavies@spencerfane.com

Johnnie G. Beech
jbeech@spencerfane.com

*Attorneys for Plaintiffs,*
  *Brian Thompson and Jennifer James*

Alex Gebert
alex.gebert@fmglaw.com

*Attorney for Defendants,*
*J. Gray Teekell and The Teekell Company, Inc.*

*/s/ Taylor Kaye Weder*
Taylor Kaye Weder