**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

BRIAN THOMPSON, individually; )
and JENNIFER JAMES, individually, )
)
Plaintiffs, )
)
v. )
) Case No. CV-23-1074-R
J. GRAY TEEKELL, individually; )
THE TEEKELL COMPANY, INC.; and )
MICHAEL E. KRASNOW, Trustee of )
Morton Family Irrevocable Trust, )
)
Defendants. )

---

**PLAINTIFFS' MOTION TO STAY OR EXTEND PLAINTIFFS' DEADLINE TO RESPOND TO DEFENDANTS' MOTION TO JOIN NECESSARY PARTY AND ALIGN AS PLAINTIFF, OR ALTERNATIVELY DISMISS COMPLAINT**

---

Pursuant to LCvR 7.1(h), Plaintiffs, Brian Thompson and Jennifer James respectfully request this Court grant an order extending or staying the time to respond to Defendants' individual motions to join indispensable party or dismiss complaint. (Dkt. # 4 & 6). In support thereof, Plaintiffs show the Court as follows:

1. Defendant, Michael E. Krasnow ("Krasnow"), removed this case to the United States District Court for the Western District of Oklahoma on November 22, 2023. (Dkt. # 1), then moved to join a necessary party and align as plaintiff or alternatively dismiss the complaint. (Dkt. # 4).

2. Defendants J. Gray Teekell ("Teekell") and The Teekell Company, Inc. ("TCI") also moved to join an indispensable party and align as plaintiff or alternatively dismiss complaint on December 19, 2023. (Dkt. # 6).

3. The basis of Defendants' Notice of Removal is subject matter jurisdiction pursuant to diversity jurisdiction. Defendants' subsequent motions to join and dismiss are both premised on the joinder of an alleged indispensable party as a party plaintiff, and dismissal if this Court determines that joinder of the indispensable party would not be feasible.

4. Plaintiffs filed their Motion to Remand on December 21, 2023 (Dkt. # 8) arguing that this Court lacks subject matter jurisdiction over the administration of the trust that is the subject of Plaintiff's complaint. If the motion for remand is granted, the pending motion to join or alternatively dismiss would be heard in state court[1]. If the motion to remand is denied, this Court would maintain jurisdiction over the case and ultimately join the alleged indispensable party as a party plaintiff or dismiss the complete if the alleged indispensable party cannot be feasibly joined as a party plaintiff, destroying diversity jurisdiction.

5. The parties conferred on the motion to join and alternatively dismiss. Defendants did not oppose a two-week extension for Plaintiffs to respond but would not agree to a stay on responding to the motion until after the Court's ruling on Plaintiff's motion for remand.

---

[1] Prior to Defendant filing the Notice of Removal, a motion to dismiss was pending whereby the Defendant argued dismissal for failure to join and indispensable party, *inter alia*.

6. Because the question of subject matter jurisdiction is a threshold question, it must be resolved prior to addressing the merits of the case. *See Kerr v. Polis*, 20 F.4th 686, 692 (10th Cir. 2021) ("]W]e address the threshold question of subject-matter jurisdiction."); *see also, Gray v. Feed the Children, Inc.*, 2010 WL 356398 at *1 (W.D. Okla. Jan. 22, 2010) ("Subject matter jurisdiction is a threshold question that must be resolved before addressing the merits of the case."). Specifically, remand orders take precedence, and the district court should not take any action on pending motions before or after remand. *See In re C & M Props., L.L.C.*, 563 F.3d 1156, 1162 (10th Cir. 2009).

7. In *Adair v. State Farm Fire and Casualty Company, et al.,* 2023 WL 9052020 (W.D.Okla. Dec. 29, 2023), the court addressed this very issue. Defendants had removed the matter to federal court, plaintiff filed a motion to remand, and defendants filed motions to dismiss. Judge Dishman found that "[g]iven the primacy of subject matter jurisdiction, 'customarily, a federal court first resolves doubts about its jurisdiction over the subject matter.'" *Adair,* at *1, citing, *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 578 (1999). The district court granted the motion to stay pending a ruling on the motion to remand. There is no difference between this matter and that in *Adair*. Subject matter jurisdiction must first be determined before the court "wad[es] further into a case." *In re C & M Props,* 563 F.3d at 1162.

8. Plaintiffs' deadline to respond is currently January 9, 2024.

9. If this Court declines to stay the proceedings related to Defendant's motion to join or alternatively dismiss, Plaintiffs respectfully move this Court to grant Plaintiffs a

two-week extension to respond to Defendant's motion to join or alternatively dismiss making Plaintiffs' new deadline January 23, 2024.

10. There are currently no other deadlines in this case and trial has not been set, therefore this extension will not affect any other deadlines or the trial setting in this case.

11. No previous extensions have been sought in this case.

12. Plaintiffs' counsel respectfully requests that this Court grant Plaintiffs' Motion to Extend or Stay Plaintiffs' deadline to respond to Defendant's motion to join or alternatively dismiss until two weeks after the court's ruling on Plaintiffs' motion to remand.

Respectfully submitted,

*s/Shannon F. Davies*

Shannon F. Davies, OBA No. 16979
Johnny G. Beech, OBA No. 655
Spencer Fane LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email: sdavies@spencerfane.com
Email: jbeech@spencerfane.com
***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of January 2024, a true and correct copy of the above and foregoing document was sent by U.S. first class mail, postage prepaid to:

Kurt M. Rupert, OBA #11982
Taylor K. Weder, OBA #34045
HARTZOG CONGER CASON
201 Robert S. Kerr, Suite 1600
Oklahoma City, OK 73102
Telephone: (405) 235-7000
Fax: (405) 996-3403
Email: krupert@hatzoglaw.com
Email: tweder@hartzoglaw.com
***Attorneys for Defendant Michael E. Krasnow***

Alex Gebert, Esq.
Freeman Mathis & Gary, LLP
7160 Dallas Parkway, Suite 625
Plano, TX 75024
Telephone: (469) 860-9910
Email: Alex.Gebert@fmglaw.com
***Attorney for Defendants J. Gray Teekell and The Teekell Company, Inc.***

Teddy Abbott, OBA No. 14367
Abbott Law Office, LLC
687 Meadows Cir.
Tahlequah, OK 74401
Teddy.abbott@outlook.com
***Local Counsel for Defendants J. Gray Teekell And the Teekell Companies, Inc.***

*s/Shannon F. Davies*____________
Shannon F. Davies