# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) BRIAN THOMPSON, individually;　　　)
(2) JENNIFER JAMES, individually,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　Case No. CV-23-1074-R
　　　　　　　　　　　　　　　　　　)
(1) J. GRAY TEEKELL, individually;　　　)
(2) THE TEEKELL COMPANY, INC.; and　　)
(3) MICHAEL E. KRASNOW, Trustee of　　)
　　Morton Family Irrevocable Trust,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　)

---

## TRUSTEE'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

---

Kurt M. Rupert, OBA # 11982
Taylor Kaye Weder, OBA # 34045
HARTZOG CONGER CASON LLP
201 Robert S. Kerr, Suite 1600
Oklahoma City, Oklahoma 73102
(405) 235-7000 (Telephone)
(405) 996-3403 (Facsimile)
krupert@hartzoglaw.com
tweder@hartzoglaw.com

*Attorneys for Defendant,*
*Michael E. Krasnow as Trustee of the*
*Morton Family Irrevocable Trust*

January 11, 2024

## <u>CONTENTS</u>

**INTRODUCTION AND PROCEDURAL BACKGROUND**.....................................2

**ARGUMENT** ...............................................................................................4

    A. MOTION TO REMAND STANDARD ..........................................................4

    B. SUBJECT MATTER JURISDICTION EXISTS AND IS NOT ELIMINATED
       VIA OKLA. STAT. TIT. 60, § 175.23 ......................................................5

        1. Because diversity jurisdiction exists, this Court has subject matter
           jurisdiction .........................................................................................6

        2. Section 175.23 does not divest this Court of subject matter
           jurisdiction .......................................................................................10

    C. PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES LACKS MERIT .....................16

# TABLE OF AUTHORITIES

**Cases:**

*Albert Trostel & Sons Co. v. Notz*, 679 F.3d 627 (7th Cir. 2012) ................................. 5-6

*Badon v. R J R Nabisco Inc.*, 224 F.3d 382 (5th Cir. 2000) ............................................. 8

*Buck v. Hales*, 536 F.2d 1330 (10th Cir. 1976) ....................................................... 13, 14

*Burks v. Walker*, 1909 OK 317, ¶ 9, 109 P. 544 ........................................................... 10

*Busby v. Cap. One, N.A.*, 932 F. Supp. 2d 114 (D.D.C. 2013) ........................................ 7

*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997) .................................. 5, 6

*Codner v. Am. Home Products Corp.*, 123 F. Supp. 2d 1272 (W.D. Okla. 2000) ... 16, 17

*Cousina v. Massacusetts Mut. Life Ins. Co.*, 12-CV-00532-JHP-TLW, 2012 WL 6726453, at *2 (N.D. Okla. Dec. 27, 2012) .................................................................. 5, 9

*Illinois Licensed Beverage Ass'n, Inc. v. Advanta Leasing Servs.*, 333 Ill. App. 3d 927, 776 N.E.2d 255 (2002) ............................................................................................ 12

*Lamb v. Laird*, 907 F. Supp. 1033 (S.D. Tex. 1995) ...................................................... 7

*Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005) ....................................................... 9, 18

*Lincoln Prop. Co. v. Roche,* 546 U.S. 81 (2005) ....................................................... 1, 7

*Marshall v. Marshall*, 547 U.S. 293 (2006) ................................................................. 12

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) ............................................... 18

*Matter of Tr. Created by Hill on Dec. 31, 1917 for Ben. of Schroll*, 728 F. Supp. 564 (D. Minn. 1990) ......................................................................................................... 12

*McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008) ........................................ 4, 6-7

*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980) .......................................................... 8

*Odeon Cap. Grp., LLC v. Ackerman*, 149 F. Supp. 3d 480 (S.D.N.Y. 2016) ................. 7

**Cases (con't.):**

*Pac. Mar. Ass'n v. Mead,* 246 F. Supp. 1087 (N.D. Cal. 2003)........................................ 4

*Petros v. Bosen*, 1939 OK 284, 91 P.2d 735 .................................................................. 10

*Stewart Sec. Corp. v. Guar. Tr. Co.*, 394 F. Supp. 1069 (W.D. Okla. 1975)................. 15

*Suder v. Blue Circle, Inc.*, 116 F.3d 1351 (10th Cir. 1997) ..................................... 17, 18

*Swanson v. Bates*, 170 F.2d 648 (10th Cir. 1948) .................................................... 14, 15

*The Cherokee Nation v. Johnson & Johnson, Inc.*, 15-CV-280-JHP, 2015 WL
      8751910, at *3 (E.D. Okla. Dec. 14, 2015)................................................. 7-8, 18

*Thomas v. Cummins Inc.*, CIV-10-0484-HE, 2010 WL 11561852, at *1 (W.D.
      Okla. July 14, 2010) ........................................................................................ 10

*United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark
      Properties Meriden Square, Inc.*, 30 F.3d 298 (2d Cir. 1994) .......................... 7

*Wagoner v. Hussey Seating Co.*, 13-CV-352-TCK-PJC, 2013 WL 6048853, at *2-
      3 (N.D. Okla. Nov. 14, 2013) ............................................................................ 8

*Welk v. GMAC Mortgage, LLC*, 850 F. Supp. 2d 976 (D. Minn. 2012) ................. 11, 12

*Wilcoxson v. Sec. Bank & Tr. Co. of Lawton, Lawton, Okl.*, 516 F. Supp. 3 (W.D.
      Okla. 1980) ....................................................................................................... 13

*Williams v. United Parcel Serv., Inc.*, CIV-06-210-C, 2006 WL 8436333, at *2
      (W.D. Okla. May 1, 2006).................................................................................. 4

*Williams v. Virtue Site Servs., LLC*, CIV-20-958-F, 2020 WL 6820801, at *1
      (W.D. Okla. Nov. 20, 2020) ............................................................................... 9

*Wohali Outdoors, LLC v. Sheltered Wings, Inc.*, 13-CV-0773-CVE-PJC, 2014 WL
      2589449, at *4 (N.D. Okla. June 10, 2014)..................................................... 18

**Statutes:**

OKLA. STAT. tit. 60, § 175.23. ................................................... 2, 3, 5, 10, 11, 15

OKLA. STAT. tit. 60, § 175.23(A) ............................................................... 10

**Rules:**

28 U.S.C. § 1332(a) ...................................................................................... 6

28 U.S.C. § 1441(a) ................................................................................... 4, 6

28 U.S.C. § 1441(b) ........................................................................................ 7

28 U.S.C. § 1445 ......................................................................................... 17

28 U.S.C. § 1445(c) ..................................................................................... 18

28 U.S.C. 1446 ............................................................................................ 17

28 U.S.C. § 1446(b) ..................................................................................... 17

28 U.S.C. 1446(c)(1) .................................................................................... 17

28 U.S.C. § 1446(d) ............................................................................... 11-12, 13

28 U.S.C. § 1447(c) ................................................................................. 4, 18

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) BRIAN THOMPSON, individually;
(2) JENNIFER JAMES, individually,

                Plaintiff,

v.

(1) J. GRAY TEEKELL, individually;
(2) THE TEEKELL COMPANY, INC.;
(3) MICHAEL E. KRASNOW, Trustee of
Morton Family Irrevocable Trust,

                Defendants.

Case No. CV-23-1074-R

Removed from Oklahoma County
Case No. CJ-2023-5988

### TRUSTEE'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

Defendant, Michael E. Krasnow Trustee ("Trustee") of the Morton Family Irrevocable Trust (the "Trust"), for his Response in Opposition to the Motion to Remand for Lack of Subject Matter Jurisdiction ("Motion to Remand") [Doc. No. 8] filed by Plaintiffs, Brian Thompson and Jennifer James (collectively, "Plaintiffs"), shows the Court that the Motion to Remand fails for several reasons. In short, nothing in Plaintiffs' Motion to Remand disputes that this Court has subject matter jurisdiction over this removed action wherein (a) the alleged amount in controversy exceeds $75,000, exclusive of interest and costs, and (b) there is complete diversity between all named Plaintiffs and all named Defendants plus no Defendant is a citizen of the forum State. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

1

## I.    <u>INTRODUCTION AND PROCEDURAL BACKGROUND</u>

After receiving the Complaint [Doc. No. 1-3] originally filed in the District Court of Oklahoma County (the "State Court"), Trustee timely removed the case to this Court based upon diversity of citizenship. *See* Notice of Removal [Doc. No. 1] at 1-3. Thereafter, Trustee filed his Motion to Join Necessary Party and Align as Plaintiff or, Alternatively, Dismiss Complaint ("Motion to Join or Dismiss") [Doc. No. 4]. In that Motion to Join or Dismiss, Trustee asserts that joinder of a nonparty beneficiary of the Trust—namely, the Decedent-Trustor's son, Taylor Morton ("Morton")—is necessary, pursuant to OKLA. STAT. tit. 60, § 175.23 ("Section 175.23"). *See generally* Trustee's Mot. to Join or Dismiss [Doc. No. 4]. Trustee also asserts that diversity jurisdiction would still exist after joinder because Morton can be feasibly joined as a Plaintiff (or otherwise aligned with Plaintiffs). *Id.* 14-18. Trustee contends that in the event this Court finds joinder and alignment of Morton as requested is improper, dismissal is required per Section 175.23. *Id.* at 18-19.

On the deadline to respond to Trustee's Motion to Join or Dismiss, Plaintiffs filed a Motion to Remand [Doc. No. 8] and a Response to Trustee's Motion to Join or Dismiss ("Response") [Doc. No. 9]. Neither Plaintiffs' Response nor Plaintiffs' Motion to Remand disputes that Plaintiffs' Complaint and Trustee's Notice of Removal demonstrates the existence of federal diversity jurisdiction or that joinder of Morton and alignment as a Plaintiff is proper; in fact, neither even *mentions* diversity jurisdiction. Even more,

"Plaintiffs do not oppose the joinder of Ryan Morton as set forth in the Motion [to Join or Dismiss]." Pls.' Response [Doc. No. 9] at 1; *see also* Order [Doc. No. 12] at 1-2.

Despite these apparent concessions as to the basis of Trustee's removal (*i.e.*, federal diversity jurisdiction), Plaintiffs claim this Court lacks subject matter jurisdiction because "[j]urisdiction is proper only in the district courts of Oklahoma . . . ." Mot. to Remand [Doc. No. 8] at 1. Trustee filed his Reply to Plaintiffs' Response[1] ("Reply") pointing out the problems with Plaintiffs' reliance on Section 175.23. Trustee's Reply [Doc. No. 10].

Although Trustee's Motion to Join or Dismiss was fully briefed, Plaintiffs filed a brief titled "Plaintiffs' Motion to Stay or Extend Plaintiffs' Deadline to Respond to Defendants' Motion to Join Necessary Party and Align as Plaintiff, or Alternatively Dismiss Complaint" ("Motion to Stay"). Pls.' Mot. to Stay [Doc. No. 11] at 1. This Court issued its Order permitting a two-week extension of the deadline for Plaintiffs to respond to the *Teekell Defendants'* Motion to Join or Dismiss but denying any such extension as to Trustee's Motion to Join or Dismiss. Order [Doc. No. 12] at 2. As explained by the Court, "[b]ecause Plaintiffs have already responded to Defendant Trustee's Motion, their request to stay or extend the deadline to respond to that motion is moot." *Id.* at 2.

---

[1]    Plaintiffs' Response is a total of three sentences. Pls.' Response [Doc. No. 9] at 1. Therein, Plaintiffs assert that the Court lacks jurisdiction "*as set forth in more detail in Plaintiffs' Motion to Remand and Brief in Support* (Dkt. No. 8)." *Id.* at 1 (emphasis added). Trustee notes that as a result of Plaintiffs' use of the Motion to Remand to "respond" to Trustee's Motion to Join or Dismiss, some arguments contained herein are the same or similar to those included in Trustee's Reply—all of which support *granting* Trustee's Motion to Join or Dismiss and support *denying* Plaintiffs' Motion to Remand. *See* Trustee's Reply [Doc. No. 10] at 1-9.

II.   **ARGUMENT**

A.  **MOTION TO REMAND STANDARD**

As discussed more below, a defendant has a right to remove any civil action brought in a state court of which the district court of the United States would have had original jurisdiction, unless otherwise expressly provided by Act of Congress. *See* 28 U.S.C. § 1441(a). In connection with removal, as noted by Plaintiffs, if at any time prior to judgment it appears that this Court lacks subject matter jurisdiction, the case shall be remanded. *See* Pls.' Mot. to Remand [Doc. No. 8] at 3 (quoting 28 U.S.C. § 1447(c)).

"On a motion for remand for lack of subject matter jurisdiction, the non-moving party . . . bears the burden to identify a legitimate source of the court's jurisdiction." *Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d 1087, 1089 (N.D. Cal. 2003) (citation omitted). This showing of federal jurisdiction (via federal question jurisdiction and/or diversity jurisdiction) can be made by reference to specific allegations in a plaintiff's complaint and/or information presented with a notice of removal. *See McPhail v. Deere & Co.*, 529 F.3d 947, 957 (10th Cir. 2008) (finding "information, which was presented to the district court with the notice of removal, is sufficient to support diversity jurisdiction."); *Williams v. United Parcel Serv., Inc.*, CIV-06-210-C, 2006 WL 8436333, at *2 (W.D. Okla. May 1, 2006) (denying motion to remand; "the Court find[ing] that the jurisdictional amount [was] affirmatively established on the face of the notice of removal."). If removal appears proper as set forth in a defendant's notice of removal, remand is only appropriate if the plaintiff (via a motion to remand) creates some dispute as to jurisdiction. Stated differently, if a notice of removal seems procedurally firm and includes a supported basis

4

for such removal, an opponent of removal must show a disqualifying defect in the removal procedure and/or must present some evidence of a disputed question of fact or an ambiguity in controlling law that weighs against federal jurisdiction. *See Cousina v. Massachusetts Mut. Life Ins. Co.*, 12-CV-00532-JHP-TLW, 2012 WL 6726453, at *2 (N.D. Okla. Dec. 27, 2012) ("Plaintiff does not dispute any of the supplemental allegations contained in Mass Mutual's Notice of Removal; therefore, the allegations are taken as true.") (citation omitted).

At bottom, "[t]he propriety of removal [] depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (citations omitted). As set forth in Trustee's Notice of Removal [Doc. No. 1] and as noted by the Court (Order [Doc. No. 12] at 1), this Court's subject matter jurisdiction derives from diversity jurisdiction. *See* Trustee's Notice of Removal [Doc. No. 1] at ¶¶ 4-7.

## B.  SUBJECT MATTER JURISDICTION EXISTS AND IS NOT ELIMINATED VIA OKLA. STAT. TIT. 60, § 175.23

Plaintiffs' Motion to Remand asserts that because Plaintiffs' claims concern the administration of and relate to the Trust, the State Court has "exclusive jurisdiction" over this case and this Court (or any federal forum) lacks subject matter jurisdiction. Pls.' Mot. to Remand [Doc. No. 8] at 1, 3, 6. Plaintiffs argue that because Section 175.23 provides the State Court with "original jurisdiction," "[j]urisdiction is proper *only in* the district courts of Oklahoma . . . ." *Id.* at 1 (emphasis added). This argument is unsupported. As concisely put by the Seventh Circuit, "[t]reating the statute as a claim by a state to oust

the jurisdiction of the federal courts would simply render it unconstitutional, for no state may contract jurisdiction created by an Act of Congress." *Albert Trostel & Sons Co. v. Notz*, 679 F.3d 627, 629 (7th Cir. 2012) (citations omitted) (rejecting exclusive jurisdiction argument based on state statute providing that an appraisal action shall be brought in state court and that such jurisdiction "is plenary and exclusive."); *see also e.g.*, *City of Chicago*, 522 U.S. at 166 (finding court could properly exercise federal question jurisdiction over removed case involving federal claims and could invoke supplemental jurisdiction over state law claims concerning state's admin laws, notwithstanding the state's express desire that its courts retain control over the asserted state claims).

### 1. Because diversity jurisdiction exists, this Court has subject matter jurisdiction.

In general, a defendant may remove any civil action from state court to a district court of the United States that has "original jurisdiction." Specifically:

> Except as otherwise expressly provided by Act of Congress, **any civil action** brought in a State court **of which the district courts of the United States have original jurisdiction**, **may be removed** by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Pertinent here, United States district courts have "original jurisdiction" over all civil actions between citizens of different states which involve an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "The evident purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state."

*McPhail*, 529 F.3d at 952. Therefore, Legislature affords this protection to out-of-state defendants sued in a state court proceeding by way of 28 U.S.C. § 1441(b).

In connection therewith, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co.*, 546 U.S. at 84. Citizenship of each named party is evaluated at the time the action was first filed in state court and at the time of removal. *Odeon Cap. Grp., LLC v. Ackerman*, 149 F. Supp. 3d 480, 483 (S.D.N.Y. 2016) (quoting *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)); *see also Lamb v. Laird*, 907 F. Supp. 1033, 1034 (S.D. Tex. 1995) ("The Court determines subject matter jurisdiction from the First Amended Complaint, which is the Complaint as it existed at the time of removal.") (citation omitted). And "[w]hen determining whether diversity jurisdiction exists, 'a federal court must disregard nominal[2] or formal parties and rest jurisdiction only upon the citizenship

---

[2]    As provided in Trustee's Motion to Join or Dismiss and Reply, joinder and/or alignment of Morton as Plaintiff is supported by legal authority and the facts of this case. *See generally* Trustee's Mot. to Join or Dismiss [Doc. No. 4], Trustee's Reply [Doc. No. 10]. And "Plaintiffs do not oppose the joinder of Ryan Morton as set forth in the Motion [to Join or Dismiss]." Pls.' Resp. [Doc. No. 9] at 1. Accordingly, Plaintiffs do not oppose adding Morton as a Plaintiff to this proceeding or to Morton's alignment as a Plaintiff for purposes of the Court's diversity jurisdiction determination. Nonetheless, Trustee notes that Morton—based on the lack of any reasonable basis for imposing liability on him—should be viewed as a "nominal" or "formal" party (*i.e.*, Morton is not a "real" party), thereby having no impact on this Court's jurisdiction determination. *See Busby v. Cap. One, N.A.*, 932 F. Supp. 2d 114, 130 (D.D.C. 2013) ("Parties are not 'real' when they are joined 'only as the designated performer of a ministerial act,' or have no 'control of, impact on, or stake in the controversy.'") (quoting *Lincoln Prop. Co.*, 546 U.S. at 92).

of real parties to the controversy.'" *The Cherokee Nation v. Johnson & Johnson, Inc.*, 15-CV-280-JHP, 2015 WL 8751910, at *3 (E.D. Okla. Dec. 14, 2015) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).

   As noted by Plaintiffs, "doubts about the correctness of removal are resolved in favor of remand." Pls.' Mot. to Remand [Doc. No. 8] at 5 (citations omitted). However, Plaintiffs failed (via their Motion to Remand or otherwise) to create *any* doubts as to the correctness of removal—not even a "metaphysical doubt" as to the material facts supporting federal jurisdiction. *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (noting that—in connection with a motion to remand—"in determining diversity the mere assertion of 'metaphysical doubt as to the material facts' in [*sic*] insufficient to create an issue if there is no basis for those facts.") (citations omitted); *see also e.g.*, *Wagoner v. Hussey Seating Co.*, 13-CV-352-TCK-PJC, 2013 WL 6048853, at *2-3 (N.D. Okla. Nov. 14, 2013) (holding that the plaintiff was required to present evidence with her motion to remand that creates "some dispute regarding the challenged jurisdictional fact.").

   At the time Plaintiffs commenced this lawsuit in the State Court and at the time Trustee filed his Notice of Removal, complete diversity of citizenship between the parties existed. At all times relevant to removal and this Court's diversity jurisdiction: **(a)** Plaintiffs were citizens of Oklahoma County, State of Oklahoma, *see* Pls.' Pet. [Doc. No. 1-2] at ¶ 3; Pls.' Compl. [Doc. No. 1-3] at ¶ 3; **(b)** Trustee was a citizen of the State of Florida, *see* Trustee's Notice of Removal [Doc. No. 1] at ¶ 5, *see also* Return of Service [Doc. No. 1-4] at 1, and **(c)** Teekell Defendants were citizens of the State of

Lousiana, Trustee's Notice of Removal [Doc. No. 1] at ¶ 5. Per their Complaint, Plaintiffs seek to recover over $1,000,000 in damages and "at least" $1,000,000 in punitive damages." *See* Compl. [Doc. No. 1-3] at 6-9; *see also* Trustee's Notice of Removal [Doc. No. 1] at ¶ 7. **Plaintiffs do not dispute any of these facts supporting diversity jurisdiction**—presumably because they cannot. Consequently, each requirement for federal diversity jurisdiction is met. *See e.g.*, *Cousina*, 12-CV-00532-JHP-TLW, 2012 WL 6726453, at *2 ("Plaintiff does not dispute any of the supplemental allegations contained in Mass Mutual's Notice of Removal; therefore, the allegations are taken as true."); *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005) (finding remand order was erroneous where the plaintiffs failed to dispute the defendants' evidence supporting jurisdiction, reasoning "[w]ith no response from the Plaintiffs, there was no question of fact for the court to resolve.").

Plaintiffs' Motion to Remand [Doc. No. 8] does not even claim that Trustee's assertions with respect to diversity jurisdiction are somehow incorrect or misplaced. In fact, Plaintiffs' Motion to Remand does not even *mention* diversity jurisdiction, much less the lack thereof. *See generally* Pls.' Mot. to Remand [Doc. No. 8]. Moreover, Plaintiffs' Motion to Remand (or any other filing) does not point to any procedural defect in Trustee's removal. *Id.*; *see also e.g.*, *Williams v. Virtue Site Servs., LLC*, CIV-20-958-F, 2020 WL 6820801, at *1 (W.D. Okla. Nov. 20, 2020) (denying motion to remand where plaintiff failed to point to any procedural defect in removal).

Accordingly, because it is wholly undisputed and, frankly, cannot be disputed that complete diversity of the named parties was present at and prior to the time Trustee

removed this case from the State Court to this Court and because Plaintiffs have not lodged any attack on Trustee's removal procedure, Plaintiffs' Motion to Remand must be denied.

### 2.  *Section 175.23 does not divest this Court of subject matter jurisdiction.*

Section 175.23 grants Oklahoma district courts with "original jurisdiction" to make certain determinations relating to trust instruments. *See* OKLA. STAT. tit. 60, § 175.23(A). Because Plaintiffs' claims relate to the Trust, Plaintiffs attempt to use Section 175.23 to contend "[j]urisdiction is proper *only in the district courts of Oklahoma* . . . ." Pls.' Mot. to Remand [Doc. No. 8] at 1 (emphasis added). Plaintiffs misconstrue Section 175.23's grant of "original jurisdiction" to Oklahoma state courts to mean that because this case was first filed in the State Court has "exclusive jurisdiction over this cause of action . . . ." Pls.' Mot. to Remand [Doc. No. 8] at 6. For several reasons, such argument does not warrant remand.

***First***, Plaintiffs conflate "original jurisdiction" with "exclusive jurisdiction" to reach the untenable conclusion that no federal court (including this one) can ever have subject matter jurisdiction over cases involving a trust instrument. As articulated by the Oklahoma Supreme Court over 100 years ago, "**[t]he phrase 'original jurisdiction' means the power to entertain cases in the first instance as distinguished from appellate jurisdiction. . . . <u>It does not mean exclusive jurisdiction</u>**." *Burks v. Walker*, 1909 OK 317, ¶ 9, 109 P. 544, 545 (emphasis added); *see also Petros v. Bosen*, 1939 OK 284, 91 P.2d 735, 736 (stating that "original jurisdiction" is not the same as "exclusive jurisdiction"); *Thomas v. Cummins Inc.*, CIV-10-0484-HE, 2010 WL 11561852, at *1

10

(W.D. Okla. July 14, 2010) (finding that a statute providing plaintiffs the option to sue in either federal or state court on a specific claim, *i.e.*, concurrent jurisdiction over such claim, "**does not[ ] mean the case may not properly be removed to federal court**.") (emphasis added).

*Second*, Plaintiffs' "exclusive jurisdiction" argument assumes (without any factual or legal support) that the jurisdiction of the State Court over this proceeding attached prior to Trustee's removal thereof. *See* Pls.' Mot. to Remand [Doc. No. 8] at 3 (citations omitted). Plaintiffs contend that because this is an *in rem* action (per their reliance on Section 175.23 and despite the fact that they are seeking money damages), the State Court somehow acquired jurisdiction first and prior to removal. Plaintiffs' argument essentially asks this Court to find that any *in rem* action initially filed in a state court—regardless of the stage of the proceeding or whether jurisdiction has not been established—can *never* be removed. "[P]laintiffs' argument is almost entirely without merit." *See e.g.*, *Welk v. GMAC Mortgage, LLC*, 850 F. Supp. 2d 976, 996 (D. Minn. 2012) (denying remand and specifically rejecting contention that state court acquired exclusive jurisdiction of *in rem* proceeding prior to removal; noting that if the plaintiffs were correct, then hundreds of pending federal cases that were removed would have to be remanded).

Indeed, the State Court did not exercise jurisdiction over the Trust or the Trustee before Trustee removed it to this Court, and the State Court lost its ability to do so once Trustee filed its Notice of Removal with the State Court—unless or until this case is remanded. *See* 28 U.S.C. § 1446(d) (directing that filing of notice of removal with clerk

of state court effects removal "and the State court shall proceed no further unless and until the case is remanded); *see also Illinois Licensed Beverage Ass'n, Inc. v. Advanta Leasing Servs.*, 333 Ill. App. 3d 927, 932–33, 776 N.E.2d 255, 260 (2002) ("Upon the filing of a sufficient removal petition, the state court's jurisdiction immediately and totally ceases and that of the federal court immediately attaches. After such removal, only the federal court can restore jurisdiction to the state court.").

To clarify, "when one court is exercising *in rem* jurisdiction over a *res,* a second court will not assume *in rem* jurisdiction over the same *res.*" *Marshall v. Marshall*, 547 U.S. 293, 296 (2006) (emphasis omitted; citation omitted). This general rule applies in only two circumstances: (a) when there are multiple proceedings through which different courts are attempting to attach jurisdiction over the same property at the same time; and (b) when a court has acquired a type of specialized, continuing jurisdiction over property. *Marshall*, 547 U.S. at 296; *see also Welk*, 850 F. Supp. 2d at 996–97 (citations omitted). Neither is present.

Rather, "**[t]his case involves a single proceeding**—a proceeding that was started in state court and then removed to federal court. When the case was removed, the state court was entirely divested of jurisdiction." *Welk*, 850 F. Supp. 2d at 997 (emphasis added) (citing *Matter of Tr. Created by Hill on Dec. 31, 1917 for Ben. of Schroll*, 728 F. Supp. 564, 567 (D. Minn. 1990) (noting that removal is appropriate where "the state court's jurisdiction over the property in question was based solely on its jurisdiction over a particular action[, and] [r]emoval of those cases to federal court eliminated the state court's jurisdiction over the property and did not pose any conflict between the courts."),

28 U.S.C. § 1446(d)). Because there is no *separate* previously pending case involving decisions by a state court that relate to the Trust, "there is no bar to this Court acquiring jurisdiction over the [T]rust estate." *Wilcoxson v. Sec. Bank & Tr. Co. of Lawton, Lawton, Okl.*, 516 F. Supp. 3, 5 (W.D. Okla. 1980) (denying motion to dismiss and rejecting the defendant's argument regarding exclusive jurisdiction of state court where state court had declared the case to be "finally and completely closed."). Moreover, no decision of any court (or, specifically, the State Court) has announced any specialized, continuing jurisdiction over the Trust or its assets. *See e.g. compare Buck v. Hales*, 536 F.2d 1330, 1331-32 (10th Cir. 1976) (upholding dismissal for lack of subject matter jurisdiction where state court had exercised jurisdiction over a trust's *res* for more than thirty years and issued an order "specifically stat[ing] it 'retains and continues jurisdiction . . . in the matter of orders, instructions, determinations and interpretations of the said testamentary trust . . . .'").

***Third***, Plaintiffs' legal authority is inapposite. Pointedly, Plaintiffs' Motion to Remand quotes and discusses cases that—when viewed in context—are clearly distinguishable from the facts of this case. Pls.' Mot. to Remand [Doc. No. 8] at 3-4.  In sum and as demonstrated below, each of the cited cases stands for the unremarkable position that where a state court has already acquired and *expressly* continues to retain jurisdiction over issues (both prior and ongoing) relating to a trust instrument, a party cannot file a subsequent federal-court lawsuit (*i.e.*, a separate lawsuit) seeking relief relating to the same trust *unless or until* the state court declares the case to be "finally and completely closed." *Wilcoxson*, 516 F. Supp. at 4–5 (rejecting exclusive jurisdiction

argument where the state court had previously declared the case to be "finally and completely closed.").

In *Buck v. Hales*, 536 F.2d 1330 (10th Cir. 1976), the cotrustees of a testamentary trust initiated a state-court proceeding relating to the testamentary trust. ***For over thirty years***, the state court construed various terms of the testamentary trust and issued multiple directions relating thereto. In resolving one dispute, the state court stated that it "<ins>**retains and continues jurisdiction**</ins> . . . **in the matter of orders, instructions, determinations and interpretations of the said testamentary trust** . . . ." *Buck*, 536 F.2d at 1331 (emphasis added). Thereafter, the beneficiaries initiated a federal proceeding relating to said testamentary trust. The Tenth Circuit held that the federal district court properly dismissed the action for lack of subject matter jurisdiction. *Id.* at 1332. Specifically, the Tenth Circuit held that "**[i]n light of the state court's <ins>prior attached jurisdiction</ins> in matters related to administration of the trust <ins>and *announced* retention of jurisdiction,</ins> the lower court was correct**." *Id.* (emphasis added).

Equally immaterial to this Court's determination of Plaintiffs' Motion to Remand is *Swanson v. Bates*, 170 F.2d 648 (10th Cir. 1948). There, a trustee filed his fourth annual report with a state court. At the hearing to approve the report, a purported beneficiary filed a protest. The ultimate hearing was continued various times, as requested by the purported beneficiary. After her last request for a continuance, she commenced a federal lawsuit relating to the same trust. The Tenth Circuit affirmed dismissal, stating that "so long as [the state court proceedings] pended, they gave the state court exclusive

14

jurisdiction over the trust estate . . . ." *Swanson v. Bates*, 170 F.2d 648, 651 (10th Cir. 1948).

Lastly, *Stewart Sec. Corp. v. Guar. Tr. Co.*, 394 F. Supp. 1069 (W.D. Okla. 1975) involved a previously filed state court action wherein the state court entered an order finding that in connection with OKLA. STAT. tit. 60, § 175.23, it had jurisdiction to (among other things) construe and oversee administration of the trust agreement and "that **it would <u>continue to have jurisdiction</u> until all proceeds had been distributed**." *Stewart Sec. Corp. v. Guar. Tr. Co.*, 394 F. Supp. 1069, 1073 (W.D. Okla. 1975) (emphasis added). In a subsequent federal case, the federal court found that because the proceeds had not been completely distributed and because other outstanding issues encompassed by the state court's order existed, the state court continued to have jurisdiction over the *res* of the trust and, thus, the claims asserted in the subsequent federal cases. Accordingly, the federal case was dismissed. *Id.*

To summarize, the critical fact necessary for dismissal or remand based on lack of subject matter jurisdiction via Plaintiffs' attempted "exclusive jurisdiction" argument is either (1) there are separate, multiple *in rem* proceedings or (2) there is continuing state-court *in rem* jurisdiction that attached *before* the commencement of the separate case that was later removed to federal court. That is not the case here. Accordingly, neither Section 175.23's "original jurisdiction" or Plaintiffs' initial filing in the State Court makes this case nonremovable.

**C.  PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES LACKS MERIT**

Although Plaintiffs' Motion to Remand fails to identify a *single* defect in Trustee's removal procedure—such as timeliness, propriety of notice, etc.—and lacks any discussion whatsoever concerning Trustee's basis for removal—namely, federal diversity jurisdiction—Plaintiffs assert entitlement to attorneys' fees and costs "[b]ecause removal of this matter was neither colorable nor legitimate . . . ." Pls.' Mot. to Remand [Doc. No. 8] at 5-6. Plaintiffs further allege:

> Defendants could have and did move to join Mr. Morton to the lawsuit in state court; however, in a futile effort to gain a more favorable chance of dismissing Plaintiffs' Complaint, Defendants utilized the Federal Rules of this Court to circumvent the state Court rules of procedure and statutory provisions regarding the Oklahoma Trust Act which would clearly allow Plaintiffs' [*sic*] to bring their Complaint without joinder of Mr. Morton as a beneficiary[].

*Id.* at 5. As best as the undersigned can tell, Plaintiffs apparently believe that Trustee's use of procedures provided by the Federal Rules of Civil Procedure is improper as such use (in Plaintiffs' opinion) circumvents state law and state court rules. This is plainly incorrect. Because Trustee is *required* to comply with such rules, Plaintiffs' fee and cost request should be denied.

Plaintiffs' "support" for their requested fees is wholly distinguishable from and inapposite to this case. Pls.' Mot. to Remand [Doc. No. 8] at 5.

In *Codner v. Am. Home Products Corp.*, 123 F. Supp. 2d 1272 (W.D. Okla. 2000), the defendants attempted to remove a state-court case within thirty days of the plaintiff's second complaint on the basis of diversity jurisdiction. The plaintiff filed a motion to remand "based upon the simple proposition that, this case having been pending in state

16

court for more than one year, removal is improper." *Codner v. Am. Home Products Corp.*, 123 F. Supp. 2d 1272, 1273-74 (W.D. Okla. 2000). This proposition was directly supported by 28 U.S.C. 1446 which expressly prohibits removal on the basis of diversity jurisdiction where the removed case was commenced more than a year before removal. *See id.*; *see also* 28 U.S.C. 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."). The Court awarded attorneys' fees, specifically "[f]inding removal [was] clearly barred by the one-year restriction found in 28 U.S.C. § 1446(b) . . . ." *Codner*, 123 F. Supp. 2d at 1274. Here, Plaintiffs' have neither (a) identified any legal authority nor (b) presented any fact that ***legitimately*** casts doubt as to Trustee's removal (or this Court's jurisdiction upon removal). As such, *Codner* is of no consequence.

Equally unhelpful is *Suder v. Blue Circle, Inc.*, 116 F.3d 1351 (10th Cir. 1997). There, an Oklahoma resident brought a retaliatory discharge case (*i.e.*, asserted claims arising under the workers' compensation laws of Oklahoma) in state court against a foreign corporation. The corporation removed the case, and the plaintiff filed a timely motion to remand. The district court remanded the case and assessed attorneys' fees and costs against the corporation based on 28 U.S.C. § 1445 which plainly forbids removal of "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." *Suder v. Blue*

*Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997) (quoting 28 U.S.C. § 1445(c)). Again, Plaintiffs have identified no statute or legal opinion that makes *this* case nonremovable.

Moreover, the request should be denied *even if* this Court ultimately remands the case to the State Court as Trustee's removal was objectively reasonable (as delineated above). Indeed, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted) (stating that "the standard for awarding fees should turn on the reasonableness of the removal."). And in the unlikely event that the Court grants Plaintiffs' Motion to Remand or remands sometime in the future, a "close call" as to the Court's jurisdiction still does not warrant an award of attorneys' fees and costs pursuant to 28 U.S.C. 1447(c). *See e.g.*, *The Cherokee Nation*, 15-CV-280-JHP, 2015 WL 8751910, at *4 (denying attorneys' fees where the presence of diversity jurisdiction hinged on the "close" issue of "real party in interest"); *Wohali Outdoors, LLC v. Sheltered Wings, Inc.*, 13-CV-0773-CVE-PJC, 2014 WL 2589449, at *4 (N.D. Okla. June 10, 2014) (denying attorneys' fees despite remanding case, reasoning that although the petition only included state-law claims, they were based on conduct related to claimed federal trademarks; thus, federal question-based "removal of the case was not objectively unreasonable."); *Legg*, 428 F.3d at 1323 (finding district court abused its discretion where it awarded attorneys' fees based on a legally erroneous remand order—noting the plaintiffs' total failure to dispute any of the defendants' evidence supporting jurisdiction).

18

Because it is ***undisputed*** that (a) Trustee's removal to this Court was procedurally correct and (b) the named parties are completely diverse from the other and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs (*i.e.*, facts supporting federal diversity jurisdiction), it is clear that both a colorable and legitimate basis for removal exists. Thus, Plaintiffs' request should be denied.

Respectfully submitted,

*s/ Taylor Kaye Weder*
Kurt M. Rupert, OBA # 11982
Taylor Kaye Weder, OBA # 34045
HARTZOG CONGER CASON LLP
201 Robert S. Kerr, Suite 1600
Oklahoma City, Oklahoma 73102
(405) 235-7000 (Telephone)
(405) 996-3403 (Facsimile)
krupert@hartzoglaw.com
tweder@hartzoglaw.com
*Attorneys for Defendant,*
*Michael E. Krasnow as Trustee of the Morton*
*Family Irrevocable Trust*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 11, 2024, I electronically transmitted the foregoing document to the Clerk of the Court for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electric Filing to the following ECF Registrants:

Shannon F. Davies
sdavies@spencerfane.com

Johnnie G. Beech
jbeech@spencerfane.com

*Attorneys for Plaintiffs,*
  *Brian Thompson and Jennifer James*

Alex Gebert
alex.gebert@fmglaw.com

*Attorney for Defendants,*
*J. Gray Teekell and The Teekell Company, Inc.*

*/s/ Taylor Kaye Weder*
Taylor Kaye Weder