**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Brian Thompson, individually; and Jennifer James, individually,<br><br>    Plaintiff,<br><br>  v.<br><br>J. Gray Teekell, individually; The Teekell Company, Inc.; and Michael E. Krasnow, Trustee of Morton Family Irrevocable Trust,<br><br>    Defendants. | Case No. 5:23-cv-01074-R<br><br><br><br><br><br><br><br>District Judge David L. Russell |

---

**DEFENDANTS J. GRAY TEEKELL AND THE TEEKELL COMPANY, INC.'S
RESPONSE TO PLAINTIFFS' MOTION TO REMAND
FOR LACK OF SUBJECT MATTER JURISDICTION**

---

COMES NOW, Defendants J. Gray Teekell and The Teekell Company, Inc. (collectively, "Teekell"), by and through the undersigned counsel, and files this, its' Response to Brian Thompson and Jennifer James ("Plaintiffs") Motion to Remand for Lack of Subject Matter Jurisdiction (the "Motion to Remand") and Brief in Support. In support thereof, Teekell respectfully shows the Court the following:

### I. BACKGROUND

Plaintiffs filed their original petition against Defendants J. Gray Teekell, The Teekell Company, Inc., and Trustee ("Defendants") on or about October 18, 2023, in the District Court of Oklahoma County, Case No., CJ-2023-5988. *See* Pet. [Doc. No. 1-2]. Trustee filed a Motion to Dismiss under OKLA. STAT. tit. 12, § 2012(B)(1), (4), and (7) on November 13, 2023. [Doc. No. 1-3].

On November 16, 2023, Teekell was served with a copy of the Plaintiffs' First Amended Petition (now, the "Complaint"). [Doc. No. 1-3]. Counsel for Michael E. Krasnow, as Trustee ("Trustee") of the Morton Family Irrevocable Trust (the "Trust") then filed its Notice of Removal [Doc. No. 1].

Plaintiffs filed their Motion to Remand on December 21, 2023 [Doc. No. 8]. Co-Defendant Trustee then filed their response to Plaintiffs' Motion to Remand contained within Trustee's Response to Plaintiffs' Response to Trustee's Motion to Dismiss [Doc. No. 10].

## II. ARGUMENTS AND AUTHORITY

A. Trustee's Removal Was Proper and Valid Under the Federal Rules.

Trustee, in its Notice of Removal, outlined that removal of this case was proper based on complete diversity of citizenship between Plaintiffs and Defendants [Doc. No. 1]. This removal based on the complete diversity of the parties, as outlined in Trustee's Notice of Removal [Doc. No. 1] and Trustee's response to Plaintiff's Motion to Remand [Doc. No. 10] was timely, proper, and predicated on the basis that the amount in controversy exceeded $75,000.

As stated by Trustee in its Reply to Plaintiffs' Response to its Motion to Join Necessary Party and Align as Plaintiff or, Alternatively, Dismiss Complaint [Doc. No. 10], neither Plaintiff's response to Trustee's Motion or Plaintiff's Motion to Remand [Doc. No. 8] contains any dispute as to Trustee's basis for removal being timely, proper, and sufficiently predicated on the complete diversity of the parties and satisfaction of the amount in controversy requirement.

Based on Trustee's satisfaction of the necessary prerequisites for removal and Plaintiffs' response failing to challenge the diversity grounds underlying Trustee's removal, Plaintiffs' Motion to Remand should be denied.

1.  *Plaintiffs' Motion Fails to Demonstrate Any Impropriety of Trustee's Removal.*

Rather than address the grounds of diversity stated by Trustee in removing this case to federal court, Plaintiffs argue that this Court lacks subject matter jurisdiction. In fact, Plaintiffs' Motion to Remand—and the authority cited therein—contradict, and undermine Plaintiffs' grounds to remand. In addition, Plaintiffs' Motion to Remand fails to specify what, if any, procedural deficiencies exist in Trustee's removal to this Court. As such, Plaintiffs' Motion to Remand should be denied.

Plaintiffs contend remand is warranted because there is exclusive jurisdiction over a trust once jurisdiction attaches. As pointed out in Trustee's Response [Doc. No. 10], this court is not without jurisdiction because the Oklahoma Trust Act confers original jurisdiction to make determinations relating to the Trust. *See* Trustee's Response [Doc. No. 10] at 3. Moreover, when no separate previously pending case involving the Trust exists, the is no bar to this Court acquiring jurisdiction over the [T]rust estate." *Wilcoxson v. Sec. Bank & Tr. Co. of Lawton, Lawton, Okl.*, 516 F. Supp. 3, 5 (W.D. Okla. 1980). When Trustee removed this case properly based on diversity jurisdiction, the state court was entirely divested of its original jurisdiction. *See* 28 U.S.C. § 1446(d).

Plaintiffs contend that actions solely concerning trust administration, marshaling assets, or liquidation of assets are improper in federal court. However, the instant case is not one that falls into such a categorization. The authority relied upon by Plaintiffs states that "the court first assuming jurisdiction over property *may* maintain and exercise that jurisdiction to the exclusion of others." Pls.' Mot. to Remand [Doc. No. 8] at 3-4. (citing *Stewart Securities Corp. v. Guaranty Trust Co.*, 394 F. Supp. 1069 (W.D. Okla. 1975) (emphasis added). Plaintiffs' expand upon this stating that that principle " . . . applies where suits are brought to marshal assets,

administer trusts or liquidate assets." *Id.* (citing *Princess Lida v. Thompson*, 305 U.S. 456 (1939)). Plaintiffs further cite to an additional case supporting the proposition that when actions regarding a trust were taken in state court prior to the Plaintiffs filing their cause of action in federal court, the state court was found to have exclusive jurisdiction. *Id; Swanson v. Bates*, 170 F.2d 648, 651 (10th Cir. 1948).

Taken together, Plaintiffs' position that the court first assuming jurisdiction may exercise exclusivity is inapplicable here. Plaintiff's contentions are not solely to marshal assets, administer the trust, or liquidate assets. Rather, Plaintiffs' Motion to Remand [Doc. No. 8] lists the multiple causes of action which Plaintiffs assert against Trustee and Teekell, including "negligence, breach of contract, fraud/gross negligence, unjust enrichment as to all Defendants, and removal and accounting as to the trustee." Pls.' Mot. to Remand [Doc. No. 8] at 4.

Seeing as Teekell is not the Trustee, Plaintiffs' causes of action against J. Gray Teekell and the Teekell Companies, Inc., cannot *solely* relate to the administration of the Morton Trust. Further, Plaintiffs' causes of action against Teekell expressly state that they involved alleged advisement and/or sale as to a life insurance policy, including alleging that the Teekell Defendants had and breached "contractual obligations with the Trustee." *See* Trustee's Notice of Removal [Doc. No. 1-2] at 6-9.

Plaintiffs' contentions do not solely relate to the Trustee or Teekell's failure to properly administer the Trust, and this case is not one where exclusive jurisdiction should be maintained by the state court. Accordingly, Plaintiffs' Motion to Remand should be denied.

B.  Plaintiff is Not Entitled to Attorney's Fees for Trustee's Removal to Federal Court.

Plaintiffs, despite any reference to alleged deficiency in Trustee's removal based on diversity jurisdiction, seek attorneys' fees. Plaintiffs' argument in favor of attorneys' fees states

that "removal in this case was neither colorable nor legitimate." Pls.' Mot. to Remand [Doc. No. 8] at 5. Further, Plaintiffs claim that Defendants are "utiliz[ing] the Federal Rules … to circumvent the [S]tate Court rules of procedure and statutory provisions regarding the Oklahoma Trust Act …" and such a situation entitles Plaintiffs to attorneys' fees for an improper removal to this Court. *See id*. In arguing this contention—and as pointed out by Trustee's response [Doc. No. 10]—Plaintiffs' Motion to Remand [Doc. No. 8] neglects to identify any procedural basis upon which Trustee's removal was improper or so egregious that it warrants an award of attorneys' fees. *See* Trustee's Reply to Pls. Mot. to Remand [Doc. No. 10] at 8.

Plaintiffs' cited authority does not agree with Plaintiffs' entitlement to attorneys' fees. Both of the cases cited by Plaintiffs in support of its contention involved attorneys' fees being awarded when removal based on diversity jurisdiction was either untimely (more than one year after commencement), or when removal was sought on an expressly unremovable action (such as workmen's compensation or another enumerated in 28 U.S.C. § 1445). *See e.g.*, *Codner v. Am. Home Products Corp.*, 123 F. Supp 2d 1272, 1273-1274 (W.D. Okla. 2000) (awarding attorneys' fees when removal based on diversity jurisdiction occurred more than one year after commencement of the action, in violation of 28 U.S.C. § 1446); *Suder v. Blue Circle. Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997) (awarding attorneys' fees when an action arose from workmen's compensation laws, which is expressly a non-removable action under 28 U.S.C. § 1445).

It is undisputed and unchallenged that Trustee's removal to this Court was procedurally correct. Trustee's removal based on diversity jurisdiction, which Teekell also consented to, was timely, contained complete diversity of the parties, and properly predicated on the basis that the amount in controversy exceeded $75,000. Trustee's removal of this action is not a nonremovable

action based on timeliness or type of claim. Thus, Plaintiffs' request for attorneys' fees is unsupported and unwarranted.

## III.    CONCLUSION

Teekell respectfully requests that the Court deny Plaintiffs' Motion to Remand and Plaintiffs' request for attorneys' fees for the reasons stated herein and those stated in Trustee's Response to Plaintiffs' Motion to Remand. Teekell requests any such further relief to which it is entitled as a matter of law.

Dated: January 11, 2024                 Respectfully Submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Timothy B. Soefje*
**Timothy B. Soefje**
OBA No. 33342
Texas State Bar No. 00791700
Tim.Soefje@fmglaw.com

**Alexander S. Gebert**
OBA No. 34594
Texas State Bar No. 24120543
Alex.Gebert@fmglaw.com
7160 Dallas Parkway, Suite 625
Plano, Texas 75024
(469) 895-3003 (telephone)
(888) 356-3602 (facsimile)
COUNSEL FOR DEFENDANTS J. GRAY TEEKELL AND THE
TEEKELL COMPANIES, INC.

*/s/ Teddy Abbott*
*Teddy Abbott*
OBA No. 14367
teddy.abbott@outlook.com
ABBOTT LAW OFFICE, LLC
687 Meadows Cir.
Tahlequah, OK 74401
(918) 360-0531 (telephone)
LOCAL COUNSEL FOR DEFENDANTS J. GRAY TEEKELL
AND THE TEEKELL COMPANIES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2024, a true and correct copy of the foregoing was filed electronically to the Clerk of Court via the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Timothy B. Soefje*
Timothy B. Soefje