IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN THOMPSON, individually; and JENNIFER JAMES, individually,<br><br>Plaintiffs,<br><br>v.<br><br>J. GRAY TEEKELL, individually; THE TEEKELL COMPANY, INC.; and MICHAEL E. KRASNOW, Trustee of Morton Family Irrevocable Trust,<br><br>Defendants. | Case No. CV-23-1074-R |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. 8)**

Pursuant to 60 O.S. § 175.23, the District Court for Oklahoma County, State of Oklahoma (the "State Court") established jurisdiction over the claims made in this case. Defendants' Response (Doc. 14) cites no authority in support of their arguments, and the Motion to Remand (Dkt. No. 8) must be granted.

***Standard for Remand.*** "Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction which the defendant seeking removal must overcome." *New Mexico ex rel. Balderas v. Valley Meat Co., LLC*, 2015 WL 3544288, *7 (D.N.M May 20, 2015). While a defendant may invoke 28 U.S.C. § 1441(a), to remove the action to federal court, statutes "conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Valley Meat*, at * 6 – 7, citing *Pritchett v. Office Depot, Inc.,* 420 F.3d

1090, 1095 (10th Cir. 2005). Any doubt is to be resolved against removal. *Id.,* citing, *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

The Teekell Defendants assert that because they asserted diversity jurisdiction the Court should end its inquiry. However, a procedural defect in removal is only one of the grounds to remand. *Moreno v. Taos County Bd. of Comm'rs*, 778 F.Supp.2d 1139, 1141 (D.N.M. 2001). Specifically, 28 U.S.C. § 1447 (c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." While the Teekell Defendants may have correctly stated a basis for removal, this matter must still be remanded because the court lacks subject matter jurisdiction.

***The State Court has jurisdiction.*** Under Oklahoma and the Tenth Circuit, "a suit that concerns or determines the ownership, control, and administration of a trust and the powers, duties and liabilities of the trustee is either *in rem* or *quasi in rem. Cassity v. Pitts*, 995 F.2d 1009, 1012 (10th Cir. 1993), citing, 60 O.S. § 175.23(A) and *Buck v. Hales,* 536 F.2d 1330, 1332 (10th Cir. 1976). This is such an action, as it deals with the control, administration, powers, duties, and liabilities of the trustee. (Dkt. No. 1-3, at ¶¶ 6, 10 – 12, 20 – 26, 38 – 41, 43, 45, 46, 48 – 54, 63, 64). Defendants have repeatedly conceded the same. (Dkt. No. 6, at * 5 – 8). As such, a court must "acquire jurisdiction over the trust estate in order to render a decision which affects the res." *Cassity,* 995 F.2d at 1011, citing,

*Wilcoxson v. Security Bank and Trust Company of Lawton, Lawton, Oklahoma,* 516 F.Supp. 3, 4 (W.D.Okla. 1980)[1].

This principle is "applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature, where, to give effect to its jurisdiction, the court must control the property." *Steward Securities Corp. v. Guaranty Trust Co.,* 394 F.Supp. 1069, 1973 (W.D. Okla. 1975), citing *Princess Lida v. Thompson*, 305 U.S. 456, 466 (1939). In *Princess Lida*, the Supreme Court held that the filing of an account was enough for jurisdiction to vest in the Pennsylvania Court of Common Pleas. *Princess Lida,* 305 U.S. at 466. Similarly, in *Swanson v. Bates,* 170 F.2d 648 (10th Cir. 1948), the Tenth Circuit held that "**upon filing** of the fourth annual report and the applications filed in connection therewith, the jurisdiction of the district court of Muskogee County attached." *Id.* at 651 (emphasis added).

Defendants appear to assert that the District Court for Oklahoma County (the "State Court") was not the first to acquire jurisdiction under 60 O.S. § 175.23 because there was no previously pending litigation. Response, at *3. Defendants' assertion ignores the plain

---

[1] Defendants' reliance on *Wilcoxson* is misplaced. Response, at 3. In *Wilcoxson*, the plaintiff voluntarily brought the suit in federal court, and Defendants were attempting to dismiss the action for lack of jurisdiction. *Wilcoxson*, at 3 - 4.

language of the statute -- "[t]he district court **shall have original jurisdiction** to construe…" 60 O.S. § 175.23 (emphasis added). Upon the filing of this action in State Court, the State Court acquired jurisdiction over this case. Defendants' interpretation of Section 175.23 is wrong. Contrary to Defendants' allegations, a previous case is not required for the State Court to have acquired jurisdiction.

**The presence of additional claims does not destroy the State Court's jurisdiction.** Defendants – citing no authority -- also assert that the presence of additional claims and parties somehow negates the State Court's original jurisdiction required by Section 175.23. Response, at ** 3 – 4. In *Cassity,* the Tenth Circuit determined that a RICO claim, as well as state law claims for fraud and a request for voiding a trust, fell under the state district court's original jurisdiction because the actions were *in rem* or *quasi in rem. Cassity,* 995 F.2d at 1012; *see* also, *Welk et al. v.GMAC Mortgage, LLC et al.* 850 F.Supp.2d 976 (D. Minn. 2012) (borrowers brought claims against mortgager for wrongful foreclosure, conversion, unjust enrichment, slander of title, misrepresentation and accounting; *Marshall v. Marshall*, 547 U.S. 132 (2006) (adversary bankruptcy proceeding to recover gift inheritance lost due to tortious interference).

All of the claims arise under § 175.23. Plaintiffs are asking the court to construe the trust and the various acts committed by the Trustee. Each claim, whether it is a claim for negligence or removal, address the actions of the Trustee in administering the Trust. The Motion must be granted.

***Attorney fees should be awarded.*** The Teekell Defendants assert that because their removal was "procedurally correct," attorney fees cannot be awarded. However, the

Teekell Defendants do not dispute that attorney fees can be awarded if removal is improper or if there is no legitimate basis. *Codner v. American Home Products Corp.,* 123 F.Supp.2d 1272, 1274 (W.D.Okla. 2000).

Removal was not proper. The Teekell Defendants were clearly aware of the requirements of Section 175.23 – they rely upon the same statute to move for joinder of a beneficiary. The Trust and the administration of the Trust form the basis for the issues in this case – there is no doubt the State Court has jurisdiction over this case.

The Teekell Defendants find themselves in a quandary. They are moving to join Ryan Morton as an indispensable party (a motion that they also filed in state court) and asking the Court to realign the parties so that Ryan Morton is named a party plaintiff (a request not made in state court). Such a request is necessary because the Teekell Defendants have admitted that joining Ryan Morton as anything but a party plaintiff destroys diversity. Dkt. No. 6, at ** 6 – 7. However, should the Court deny Plaintiff's Motion to Remand, joinder of Ryan Morton is not feasible if it deprives the court of jurisdiction. *Burgess v. Johnson*, 2021 WL 3418426, at * 5 (N.D.Okla. Aug. 5, 2021).

This conundrum exists solely because the Teekell Defendants are seeking to circumvent the jurisdiction of the State Court. Removal was improper, and the Teekell Defendants know it. The Motion to remand should be granted, and attorney fees should be awarded.

Respectfully submitted,

*s/ Shannon F. Davies*
Shannon F. Davies, OBA No. 16979
Johnny G. Beech, OBA No. 655
Spencer Fane LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email: sdavies@spencerfane.com
jbeech@spencerfane.com
***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2024, I electronically transmitted the attached documents to the Clerk of Court using the ECF system for filing and transmittal of Notice of Electronic Filing to all counsel of record as set forth below:

Kurt M. Rupert - krupert@hatzoglaw.com
Taylor K. Weder - tweder@hartzoglaw.com
Alex Gebert - alex.gebert@fmglaw.com
Teddy Abbott - teddy.abbott@outlook.com

*s/ Shannon F. Davies*

6