IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRIAN THOMPSON, individually; | ) | |
| and JENNIFER HAMES, individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. CIV 23-1074-R |
| | ) | |
| GARY TEEKELL, individually; | ) | |
| THE TEEKELL COMPANY, INC.; and | ) | |
| MICHAEL E. KRASNOW, Trustee of | ) | |
| Morton Family Irrevocable Trust, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action concerns a dispute over the management of the Morton Family Irrevocable Trust. Plaintiffs, who are two of the three named beneficiaries, allege that Defendants Gary Teekell, the Teekell Company, Inc., and Michael E. Krasnow (the Trustee) improperly advised the Trust Settlor to allow an insurance policy sold to the Trust to lapse, resulting in a significant loss of assets to the Trust (and, ultimately, Plaintiffs). Based on Defendants' allegedly improper advice and management concerning the Trust, Plaintiffs filed suit in state court asserting claims for negligence, breach of contract, fraud, unjust enrichment, removal of the Trustee, and an accounting. Defendant Trustee timely removed the action on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a).

The following motions are now fully briefed and pending before the Court: Trustee's Motion to Join Necessary Party and Align as Plaintiff [Doc. No. 4], Defendants J. Gray Teekell and the Teekell Company, Inc.'s Motion to Join Indispensable Party [Doc.

No. 6], and Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [Doc. No. 8]. Because "[s]ubject matter jurisdiction is a threshold question that must be resolved before addressing the merits of a case[,]" *Gray v. Feed the Child., Inc*., No. CIV-09-662-D, 2010 WL 356398, at *1 (W.D. Okla. Jan. 22, 2010), Plaintiff's Motion to Remand is addressed first.

### A. Plaintiff's Motion to Remand

Plaintiffs do not dispute that the requirements for diversity jurisdiction are satisfied in this case. Rather, they contend this action must be remanded because the state court has prior exclusive jurisdiction over the claims set forth in their pleading. Plaintiffs are incorrect.

Federal courts "have original jurisdiction of all civil actions" where, as here, the requirements for diversity jurisdiction are met. 28 U.S.C. § 1332. The fact that Oklahoma state courts may *also* exercise original jurisdiction[1] over actions involving a trust estate does not by itself render the exercise of federal jurisdiction improper. If, however, there are multiple actions concerning the same property, the court first acquiring jurisdiction over the property generally exercises exclusive jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006) ("[W]hen one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res."); *Cassity v. Pitts*, 995 F.2d 1009, 1012 (10th Cir. 1993) ("When the same parties are involved in litigation that is

---

[1] *See* Okla. Stat. tit. 60, § 175.23(A) (providing that state district courts "shall have original jurisdiction" over actions involving the administration of a trust and duties and liabilities of a trustee and declaring the proceedings to be in rem).

in rem or quasi in rem, the court where the last suit was filed must yield jurisdiction."); *Wilcoxson v. Sec. Bank & Tr. Co. of Lawton*, 516 F. Supp. 3, 4 (W.D. Okla. 1980) ("In an action of this kind, as between federal and state courts having concurrent jurisdiction over the subject matter, the court first acquiring jurisdiction has exclusive jurisdiction over the matter."). But this case does not involve multiple separate proceedings over the same property. Rather, in contrast to the authority relied on by Plaintiffs, "[t]his case involves a single proceeding—a proceeding that was started in state court and then removed to federal court." *Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 997 (D. Minn. 2012); *see also* 28 U.S.C.A. § 1446(d) (providing that upon receiving notice of the removal, "the State court shall proceed no further"). Plaintiffs have not identified any previously pending proceeding concerning the trust estate that would preclude this Court from exercising its jurisdiction over this diversity action. *See Wilcoxson,* 516 F. Supp. at 5 ("As there appears to be no pending case or cases involving said trust estate, there is no bar to this Court acquiring jurisdiction over the trust estate.").

Accordingly, Plaintiffs' Motion to Remand [Doc. No. 8] is DENIED. As for Plaintiffs' request for attorneys' fees, it is totally without merit.

**B. Defendants' Motion to Join a Necessary Party**

Defendants each move to join Ryan Taylor Morton – a beneficiary of the Trust – as a required party under Fed. R. Civ. P. 19(a) and align him as a Plaintiff. Rule 19(a) provides, in relevant part:

> **(1)** ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

**(A)** in that person's absence, the court cannot accord complete relief among existing parties; or

**(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

  **(i)** as a practical matter impair or impede the person's ability to protect the interest; or

  **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

**(2) *Joinder by Court Order*.** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Generally, "all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets." *Burgess v. Johnson*, No. 19-CV-00232-GKF-JFJ, 2021 WL 2301930, at *3 (N.D. Okla. June 4, 2021) (quoting *Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982)); *see also Wood v. Hull for Revocable Inter Vivos Tr. of Pettigrove,* No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *3 (N.D. Okla. Oct. 30, 2017) ("The general rule is that all beneficiaries are necessary parties in an action requiring restoration of trust assets or an accounting."). Here, Plaintiffs seek, among other things, an accounting and removal of the Trustee. Mr. Morton, as a beneficiary of the Trust, has an interest in this action and failure to join him as a party may impair his ability to protect his interests and may subject Defendants to a substantial risk of incurring multiple or inconsistent liabilities. Accordingly, Mr. Morton is a necessary party to this action.

4

As a necessary party, Mr. Morton must be joined if feasible. Joinder is feasible where the person "is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). Defendants represent that Mr. Morton is subject to service of process and Plaintiffs do not dispute this assertion. As for subject matter jurisdiction, Defendants argue that, although Mr. Morton is a citizen of Oklahoma, his joinder would not destroy diversity jurisdiction because he may be realigned as a plaintiff. "[P]arty alignment is ultimately a question for the Court" and parties may be realigned according to their interests. *Burgess v. Johnson*, No. 22-CV-0120-CVE-JFJ, 2022 WL 6755859, at *5 (N.D. Okla. Oct. 11, 2022); *see also Price v. Wolford,* 608 F.3d 698, 704 (10th Cir. 2010) ("[C]ourts are not bound by the way in which the parties seek to align themselves."). Mr. Morton, as a beneficiary of the Trust, appears to have interests that are more appropriately aligned with Plaintiffs than Defendants. Further, Plaintiffs' response brief indicates that they have no objection to joining Mr. Morton and realigning him as a Plaintiff.

Thus, although Mr. Morton must be joined as a defendant under Rule 19, he will be realigned as a plaintiff in evaluating whether the parties are completely diverse. *See Eade v. Wayland,* No. 5:11-CV-3327 EJD, 2012 WL 1155653, at *5 (N.D. Cal. Mar. 31, 2012) (realigning absentee beneficiaries with plaintiffs for jurisdictional purposes); 7 Fed. Prac. & Proc. Civ. § 1605 (3d ed.) ("In the usual situation an absentee who is joined as a defendant under Rule 19(a)(2) will have the same interest in the dispute as the original plaintiff and should be aligned with plaintiff for diversity purposes.").

Accordingly, as set out above, Trustee's Motion to Join Necessary Party and Align as Plaintiff [Doc. No. 4] and Defendants J. Gray Teekell and the Teekell Company, Inc.'s Motion to Join Indispensable Party [Doc. No. 6] are GRANTED.

**IT IS SO ORDERED** this 23rd  day of January 2024.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**