IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) BRIAN THOMPSON, individually; )
and )
(2) JENNIFER JAMES, individually, )
 )
    Plaintiffs, )
 )
v. )
 ) Case No. CIV-23-1074-R
(3) J. GRAY TEEKELL, individually; ) Judge David L. Russell
(4) THE TEEKELL COMPANY, INC.; )
(5) MICHAEL E. KRASNOW, Trustee )
Of Morton Family Irrevocable Trust, and )
(6) RYAN TAYLOR MORTON, )
individually, )
 )
    Defendants. )

## SECOND AMENDED COMPLAINT

Plaintiffs Brian Thompson ("Thompson") and Jennifer James ("James") (collectively "Plaintiffs") for their claims against Defendants, J. Gray Teekell ("Teekell"), The Teekell Company, Inc. ("TCA"), Mike Krasnow ("Trustee"), the Trustee of Morton Family Irrevocable Trust, an Oklahoma Trust, and Ryan Taylor Morton ("Ryan Morton") allege, and state as follows:

1. Jerry ("Jay[1]") Morton created the Morton Family Irrevocable Trust on or about September 30, 2004 (the "Morton Trust").

2. During his lifetime and at the time of his death, Jay Morton was married to Nancy Morton. Jay and Nancy Morton were residents of Oklahoma County, Oklahoma.

---

[1] Jay Morton is deceased.

Nancy Morton remains a resident of Oklahoma County, Oklahoma, and was at all times relevant to this action a resident of Oklahoma County, Oklahoma.

3. As written, the beneficiaries of the Morton Trust are Plaintiffs Brian Thompson, Jennifer James, and Ryan Morton[2] (collectively referred to herein as "Beneficiaries"), who are all residents of Oklahoma County, Oklahoma. Ryan Morton was to be removed as a beneficiary but because of the Trustee's negligence, as set forth herein, remains a named beneficiary.

4. When he created the Morton Trust, Jay Morton relied on the business, estate planning, and tax expertise of Trustee.

5. On information and belief, Trustee was a practicing attorney in Oklahoma County when the Morton Trust was created and was a resident of Oklahoma County, Oklahoma. Trustee currently resides in Florida but continues to act as Trustee of the Morton Trust.

6. In conjunction with the creation of the Trust and with the legal and fiduciary advice of the Trustee, Jay and Nancy Morton obtained a life insurance policy from Pacific Life.

7. Pacific Life issued the insurance policy to the Morton Trust in Oklahoma County. Teekell is the president and owner of TCA. TCA is an insurance brokerage through which Jay and Nancy Morton obtained life insurance for the Trust through Teekell and his company TCA.

---

[2] Ryan Morton is the son of Jay Morton.

8. Teekell, TCA, and Trustee knew the life insurance placed in the Morton Trust would be used for the sole purpose of paying estate taxes on Oklahoma assets upon the passing of both Jay and Nancy Morton.

9. Trustee and Teekell understood the purpose of the insurance policy for the Trust and advised the Morton's to secure insurance to prevent the loss of the family assets to estate taxes that would be due upon the death of the last to die of Jay and Nancy Morton.

10. The Morton's reasonably relied upon Teekell, TCA, and Trustee's business, insurance, legal, and tax fiduciary advice regarding issues related to the purchase of the insurance policy for the Trust.

11. Trustee drafted the Morton Trust.

12. As well as being a business advisor, Teekell was a family friend. The Mortons relied on Teekell as a business advisor and trusted his advice and counsel because he was a friend and an experienced insurance agent.

13. Enforcing such belief, Teekell maintained a close relationship with the Morton's. Teekell knew the Morton's believed him and TCA to be their agent regarding the insurance purchased for the benefit of the Trust and its Beneficiaries.

14. Because of this fiduciary relationship, Trustee and Teekell, acting in concert, advised Nancy Morton, after the death of Jay Morton, to sell the insurance policy. Teekell and TCA eventually sold the policy for less than market value which caused significant damages to the Trust Beneficiaries.

15. The Trustee failed to provide correct legal advice regarding the information Nancy Morton sought from him. As a result of his wrongful breach of fiduciary duty, legal malpractice, and negligent action Plaintiffs have incurred significant damages.

16. The insurance policy procured by Teekell and TCA and sold to the Morton Trust contained annual premiums of approximately $50,000.00, with a second to die death benefit of $5 million, payable to the Trust. The insurance proceeds were intended to pay estate taxes upon the second to die of Jay and Nancy Morton. The insurance was a critical part of the estate plan prepared by Defendant Trustee.

17. The Morton Trust owned the policy procured by Teekell and TCA. The Trustee was at all times aware of the terms of the Trust having drafted it and was further aware of the purpose for the insurance policy but failed to protect and preserve it on behalf of the Trust for the benefit of the Beneficiaries.

18. Jay and Nancy Morton and, after the death of Jay, Nancy, timely paid all the premiums due on the policy.

19. After Jay Morton died, Mrs. Morton discovered that Ryan Morton remained a beneficiary of the Trust.

20. Following this discovery, Nancy Morton contacted Teekell and Trustee to determine how to rectify this error.

21. Trustee, Teekell, and TCA advised Nancy Morton to remove Ryan Morton as a beneficiary of the Trust; however, the Trust is irrevocable and such action could not be taken.

22. Trustee, TCA and Teekell then advised Nancy Morton to cease paying the insurance premiums allowing the insurance policy to lapse. Such action would be catastrophic to the Plaintiffs given the potential tax liability the policy was designed to pay.

23. Trustee, TCA and Teekell further negligently and in breach of their fiduciary duty advised Nancy Morton that allowing the policy to lapse would result in payment of the cash value to her and Jay Morton's Estate rather than to the Morton Trust. This advice was in clear error, a breach of Trustee's and Teekell's fiduciary duty.

24. Teekell and Trustee also advised Mrs. Morton she could use the cash value to buy an insurance policy with Plaintiffs as sole beneficiaries or do what she wanted with the proceeds.

25. Upon the advice of Teekell and Trustee, Nancy Morton allowed the policy to lapse.

26. This "advice" was incorrect, negligent, and caused harm to the Plaintiffs.

27. Teekell, TCA, and Trustee knew or should have known their advice was completely incorrect but gave the advice to secure for themselves, in complete contravention of Oklahoma trust law, a large amount of cash from the sale of the policy. Upon information and belief, Teekell, TCA, and Trustee engaged in self-dealing to the detriment of the Trust and Plaintiff beneficiaries.

28. The Trustee is charged with and has a fiduciary duty to maximize the benefit to the Beneficiaries of the Trust, not the interests of Teekell, TCA, or any other interests.

29. Teekell's, TCA's, and Trustee's duty to the Beneficiaries included maximizing the assets owned by the Trust. Teekell, TCA, and Trustee wrongfully

considered the wishes of the Settlor Nancy Morton to the point of advising her incorrectly in contravention of the Plaintiffs' interests.

30. Teekell, TCA, and Trustee failed in their duty by ignoring the interests of the Beneficiaries and working for their own interests.

31. Neither Teekell, TCA, nor Trustee discussed the sale of the insurance policy or allowing it to lapse with the Beneficiaries. The collective advice of Teekell, TCA, and Trustee was inadequate and, in many respects, patently incorrect.

32. Teekell, TCA, and Trustee engaged in self-dealing to maximize their own profits and/or personal wishes instead of attending to the wishes of the Trust's stated purposes.

33. The life insurance policy should have been sold, if at all, for the maximum market value available on the open market which exists for life insurance policies.

34. Teekell, TCA, and Trustee wholly failed to properly advise Nancy Morton causing millions of dollars of loss to the Morton Trust and ultimately the Trust's Beneficiaries.

35. Teekell and TCA further, engaged in self-dealing attempting to buy the policy for themselves at a steep discount. The Trustee never sought to exercise his fiduciary duty to protect the Morton Trust assets.

36. The Court should remove the Trustee of the Morton Trust.

37. This matter was originally filed in the District Cout of Oklahoma County, State of Oklahoma.

38. Trustee removed this action to this Court on November 22, 2023. (Dkt. No. 1).

39. Plaintiffs filed a motion to remand on December 21, 2023. (Dkt. No. 8).

40. On January 29, 2023, the Court denied the motion to remand and found, over Plaintiffs' objection, that jurisdiction was proper. (Dkt. No. 17).

41. In addition, the Court directed that Ryan Taylor Morton be joined in this matter.

as a defendant but is to be realigned as a plaintiff. (Dkt. No. 17).

## COUNT I: NEGLIGENCE
### (DEFENDANTS TEEKELL, TCA, TRUSTEE)

42. Plaintiffs adopt and reallege the allegations contained in Paragraphs 1 - 41.

43. Teekell, TCA, and Trustee were negligent when they advised Nancy Morton to sell the insurance policy of the irrevocable trust for $700,000.00 especially because the policy could have been sold for millions of dollars on the open market which exists for such sales.

44. The Trustee was negligent when he failed to properly investigate the market for life insurance policies and advise that the policy could be sold for millions of dollars on the open market.

45. Teekell's, TCA's, and Trustee's negligence caused significant harm to the Plaintiffs and was intentionally done. Plaintiffs are entitled to actual and punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants Trustee, Teekell, and TCA in an amount in excess of $100,000.00, for all costs of this action, reasonable attorneys' fees and for such other and further relief as the Court deems just and proper.

### COUNT II: BREACH OF CONTRACT
### (DEFENDANTS TEEKELL, TCA, TRUSTEE)

46. Plaintiffs adopt and reallege the allegations contained in Paragraphs 1 – 45.

47. Teekell and TCA had contractual obligations with the Trustee to properly advise of the correct course of actions with respect to the Morton Trust, including a duty to preserve to maximum extent possible the Trust assets for the Beneficiaries.

48. The Morton Trust was negligently drafted with an unintended beneficiary included.

49. Teekell, TCA, and Trustee failed to properly advise Nancy Morton to maximize the trust assets. Instead, Teekell, TCA, and Trustee allowed Mrs. Morton to reduce the value of the assets by millions of dollars, thereby causing harm to Plaintiffs Thompson and James.

50. Under the terms of the Morton Trust, Trustee should have conferred with the Beneficiaries as to the disposition of trust assets especially the insurance policy which was the primary asset owned by the Trust.

51. Defendant Trustee has wholly failed to act in good faith in order to carry out the clear intent of the Settlor.

WHEREFORE, Plaintiffs pray for judgment against the Defendants Trustee, Teekell and TCA in an amount in excess of $100,000.00, for all costs of this action,

reasonable attorneys' fees and for such other and further relief as the Court deems just and proper.

## COUNT III: FRAUD/GROSS NEGLIGENCE
## (DEFENDANTS TEEKELL, TCA, AND TRUSTEE)

52. Plaintiffs adopt and reallege the allegations contained in Paragraphs 1 – 51.

53. Defendant Trustee has been in the business of representing trusts and/or obtaining insurance for trust clients for many years, including many years of representation of the Morton Trust as Trustee.

54. Defendants Teekell and TCA are well-versed in insurance matters as insurance pertains to a trust and providing funds for payment of estate tax. Teekell, TCA, and Trustee knew and held themselves out as qualified to advise on the relevant matters of insurance policies as well as the terms and insurance needs of trusts.

55. Teekell, TCA, and Trustee, knowing Nancy Morton was concerned about the inclusion of Ryan Morton as beneficiary of the Morton Trust, proceeded to wrongfully advise her to sell the insurance policy at a steep discount of $700,000.00 rather than at its maximum fair market value as the policy should have been sold on the open market.

56. Defendants Trustee, Teekell, and TCA knew or should have known of this fact given their occupations and licensures.

57. On information and belief, Defendants Teekell and TCA planned to defraud the Plaintiff beneficiaries by their purchase of the policy from the Morton Trust at a highly discounted value and resell it themselves for actual open market value, thus defrauding the Morton Trust and the Beneficiaries of a valuable asset.

58. Teekell's, TCA's, and Trustee's wrongful actions were done intentionally for an improper purpose and for their personal benefit.

59. Also, on information and belief Plaintiffs believe Trustee knew of the Teekell plan to self-deal and assisted with the scheme in actual conflict with his duties as Trustee.

60. The conduct of the Trustee is so egregious, outrageous, and outside the parameters of good faith dealing as to constitute a waiver of the provisions of Section 6.7 of the Morton Trust regarding conflicts of interest.

WHEREFORE, Plaintiffs pray for damages in excess of $1,000,000.00 and punitive damages of at least $1,000,000.00 against the Defendants Trustee, Teekell, and TCA for all costs of this action, reasonable attorneys' fees and for such other and further relief as the Court deems just and proper.

### COUNT IV: UNJUST ENRICHMENT
### (DEFENDANTS TEEKELL, TCA, AND TRUSTEE)

61. Plaintiffs adopt and reallege the allegations contained in Paragraphs 1- 60.

62. Teekell, TCA, and Trustee have been unjustly enriched by their wrongful actions with respect to the Trust and Plaintiffs.

63. Upon information and belief, Teekell, TCA, and Trustee while acting as legal, business advisor and fiduciary advised Nancy Morton to sell the insurance policy for $700,000 when the Teekell, TCA, and Trustee knew or should have known the policy could have been sold for millions more.

64. Upon information and belief, Teekell, TCA, and Trustee obtained the policy upon its sale for themselves for resale to their unjust financial benefit.

65. Teekell and TCA have been unjustly enriched by their nefarious conduct.

66. Trustee failed to provide correct legal and fiduciary services for the benefit of Plaintiffs in accordance with the provisions of the Morton Trust and Oklahoma Trust Act contained in Title 60 O.S. Section 175.1 *et. seq.* Trustee has been unjustly enriched at the expense of Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Teekell, TCA, and Trustee in an amount greater than $100,000.00, for all costs of this action, reasonable attorneys' fees and for such other and further relief as the Court deems appropriate.

## COUNT V:  REMOVAL AND ACCOUNTING
## (TRUSTEE)

67. Plaintiffs adopt and reallege the allegations contained in Paragraphs 1 – 66.

68. Trustee should be removed as the Trustee of the Morton Trust due to his negligence, legal malpractice, failure to adequately represent and advise Nancy Morton to the detriment of the Trust and the Beneficiaries and complete failure to communicate with the Beneficiaries.

69. Trustee should be required to prepare a full and complete financial accounting of the Morton Trust for the previous ten-year period, including the disposition of the fair market cash value of the insurance policy owned by the Morton Trust which he cancelled and sold and deliver all financial trust records to Plaintiffs.

WHEREFORE, Plaintiffs pray that the Court remove Michael E. Krasnow as Trustee of the Morton Trust and compel him as a requirement of his removal to prepare a full and complete financial accounting of the Morton Trust for the previous ten-year period and deliver all financial trust records to Plaintiffs, for all costs of this action, reasonable attorneys' fees and for such other and further relief as the Court deems just and proper.

Date: March 26, 2024.

        Respectfully submitted,


        <u>s/Shannon F. Davies</u>
        Shannon F. Davies, OBA No. 16979
        Johnny G. Beech, OBA No. 655
        Spencer Fane LLP
        9400 North Broadway Extension, Suite 600
        Oklahoma City, Oklahoma 73114
        Telephone: (405) 844-9900
        Facsimile:  (405) 844-9958
        Email: sdavies@spencerfane.com
        Email: jbeech@spencerfane.com
        ***Attorneys for Plaintiffs***


**ATTORNEYS LIEN CLAIMED**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March 2024, a true and correct copy of the above and foregoing document was filed electronically with the Clerk of Court via the CM/ECF system which will send notifications of such filing to all counsel of record:

Kurt M. Rupert, OBA No. 11982
Taylor K. Weder, OBA No. 34045
HARTZOG CONGER CASON
Email: krupert@hatzoglaw.com
Email: tweder@hartzoglaw.com
***Attorneys for Defendant Michael E. Krasnow***


Timothy B. Soefje, OBA No. 33342
Alex Gebert, OBA No. 34594
FREEMAN MATHIS & GARY, LLP
Email: Tim.Soefje@fmglaw.com
Email: Alex.Gebert@fmglaw.com
***Attorney for Defendants J. Gray Teekell and***
***The Teekell Company, Inc.***


Teddy Abbott, OBA No. 14367
ABBOTT LAW OFFICE, LLC
Teddy.abbott@outlook.com
***Local Counsel for Defendants J. Gray Teekell***
***And the Teekell Companies, Inc.***


          *s/Shannon F. Davies*
          Shannon F. Davies