IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BRIAN THOMPSON, individually;<br>(2) JENNIFER JAMES, individually,<br><br>      Plaintiffs,<br><br>v.<br><br>(1) J. GRAY TEEKELL, individually;<br>(2) THE TEEKELL COMPANY, INC.; and<br>(3) MICHAEL E. KRASNOW, Trustee of<br>   Morton Family Irrevocable Trust,<br><br>      Defendants. | Case No. CV-23-1074-R |

## TRUSTEE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant, Michael E. Krasnow Trustee ("Trustee") of the Morton Family Irrevocable Trust (the "Trust"), respectfully submits this Motion to Dismiss ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6). Because the allegations contained in the Second Amended Complaint (the "Complaint") [Doc. No. 20] submitted by Plaintiffs, Brian Thompson and Jennifer James (collectively, "Plaintiffs"), fail to raise any "right to relief above the *speculative* level," Plaintiffs' Complaint should be dismissed with respect to its claims for damages against Trustee. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

I. **INTRODUCTION**

During his lifetime and in 2004, Jerry Morton ("Jay") enlisted Trustee to draft an irrevocable trust. At the direction of Jay, Trustee prepared the Trust which is dated

September 30, 2004. *Ex. 1, Trust* at p.1[1]; Compl. [Doc. No. 20] ¶ 1. The Trust's named beneficiaries (or "primary beneficiaries") are Jay's son, Ryan Taylor Morton ("Morton"), and Jay's stepchildren, Brian Thompson and Jennifer James (*i.e.*, Plaintiffs). *Ex. 1, Trust* at § 2.1(a). Thus, Plaintiffs—as well as the newly added "defendant" that is to be aligned with Plaintiffs—are the beneficiaries of the Trust. Upon the death of Jay *and* his then-wife Nancy Morton ("Nancy"), Trustee is—subject to the terms of the Trust—to divide the Trust into equal shares for the benefit of the three beneficiaries, per stirpes. *Ex. 1, Trust* at § 3.3.

Pursuant to the terms of the Trust, Trustee was granted broad authority and vast discretionary power with respect to the Trust's assets. *See generally Ex. 1, Trust*. In connection with the Trust and at the direction of Jay, Trustee (in his capacity as Trustee) applied for and received a life insurance policy on the lives of Jay and Nancy (the "Policy"). Compl. [Doc. No. 20] ¶¶ 6, 9. At the time of Jay's death, the Policy was the only asset within the Trust. As Plaintiffs allege, this Policy was ultimately surrendered.

Plaintiffs' Complaint alleges that they are entitled to over $2 million in damages, an accounting, and removal of Trustee as a result of the purported malfeasance of Trustee plus Defendants, J. Gray Teekell, The Teekell Company, Inc., and Trustee (collectively, "Defendants"). Beyond the equitable relief of an accounting and removal of Trustee, Plaintiffs' allegations (as they relate to Trustee) go to Trustee's alleged conduct as Trustee

---

[1] Because the Complaint references the Trust and because the Trust supports dismissal of all claims for damages against Trustee, Trustee's inclusion of the Trust as an exhibit hereto does not impact this Court's determination. *See Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011) ("In evaluating a motion to dismiss, we may consider not only the complaint, but also the attached exhibits and documents incorporated into the complaint by reference.").

of an irrevocable trust—one that does not allow for distribution until the death of a currently living person.

Because Plaintiffs have no present right to distributions from the Trust, they lack standing to asserts claims for damages against Trustee. But, more directly, because the Trust's terms are outcome determinative of all purportedly wrongful conduct alleged here, Plaintiffs' claims for negligence, breach of contract, fraud/gross negligence, and unjust enrichment should be dismissed.

## II. ARGUMENT AND AUTHORITY

### A. PLAINTIFFS' COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT ANY CLAIM FOR DAMAGES AGAINST TRUSTEE

To survive a motion to dismiss, a complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint states a "facially plausible claim," a court accepts *factual* allegations as true and draws reasonable inferences in the plaintiff's favor. *Id.*

Importantly, "the tenet that a court *must* accept as true all of the allegations contained in a complaint *is inapplicable* to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (emphasis added). Stated differently, "a plaintiff's obligation to provide the 'grounds' of [her or] his 'entitlement to relief' requires *more than* labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (citation omitted; cleaned up; emphasis added); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986)

("we [the courts] are not bound to accept as true a legal conclusion couched as a factual allegation."). Relevant here, "[i]t is a long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings[] but rather must affirmatively appear in the record." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *holding modified by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774, 124 S. Ct. 2219, 159 L. Ed. 2d 84 (2004) (cleaned up) (citations omitted). And it is the burden of the party seeking to exercise jurisdiction to "allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Id.* (citations omitted).

Here, Plaintiffs' Complaint contains numerous legal conclusions and conclusory statements that, at their core, amount to mere "labels and conclusions, and a formulaic recitation of the elements of [each] cause of action . . . ." *See Twombly*, 550 U.S. at 555. Accordingly, this "will not do . . . ." *Id.* The Complaint should be dismissed in its entirety as it relates to damages against Trustee.

### B. PLAINTIFFS LACK STANDING TO SUE TRUSTEE FOR PERSONAL DAMAGES

Plaintiffs' Complaint generally avers that they are entitled to damages from Trustee. *See generally* Compl. [Doc. No. 20]. Because the Trust is still in existence and is irrevocable in nature, it will only wind up and Trustee will only distribute the Trust's assets to Plaintiffs upon the death of Jay's widow, Nancy. *Ex. 1, Trust* at § 3.3 ("Following the deaths of both the Settlor and the Settlor's wife, the Trustee shall divide the Trust estate into equal separate shares for the benefit of Ryan Taylor Morton, Jennifer James, and Brian Thompson . . . ."); *see also id.* at §§ 3.2 ("Following the deaths of both the Settlor and the Settlor's wife . . . ."), 4.3 ("Upon the death of Settlor and Settlor's wife . . . ."). Until then,

4

Plaintiffs (as beneficiaries of the Trust) have no *present* right to receive any distribution and, thus, lack standing to sue Trustee for purported damages associated therewith.

The "irreducible constitutional minimum" for a litigant is standing to sue. To meet this minimum, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (citations omitted). Generally speaking, in lawsuits by beneficiaries against a trustee, "the remedies of the beneficiary against the trustee are exclusively equitable." Restatement (Second) of Trusts § 197 (1959). One exception to this general rule includes the following: "If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment." Restatement (Second) of Trusts § 198 (1959). Conversely, if a trustee actually misappropriates money which he is under a continuing duty to hold in trust, a trust's beneficiary that is not entitled to immediate payment cannot maintain an action for damages against the trustee. *See id.*, cmt. d; *see also Gillespie v. Seymour*, 14 Kan. App. 2d 563, 572, 796 P.2d 1060, 1066 (1990), *aff'd in part, rev'd in part on other grounds, Gillespie v. Seymour*, 250 Kan. 123, 823 P.2d 782 (1991) ("The Beneficiaries lack standing to maintain a conversion action because they possessed a future interest in the trust but had no right to immediate possession of the trust funds.").

Here, Plaintiffs lack standing because they have not suffered an injury in fact. Specifically, they are suing as beneficiaries who have, at best, a future interest in trust property (*i.e.*, upon Nancy's death). *See Ex. 1, Trust* at § 3.3 ("Following the deaths of both

5

the Settlor and the Settlor's wife, the Trustee shall divide the Trust estate into equal separate shares for the benefit of Ryan Taylor Morton, Jennifer James, and Brian Thompson . . . ."); *see also id.* at §§ 3.2, 4.3. As such, Plaintiffs cannot claim to have been financially injured by (or otherwise seek damages for) any of Trustee's alleged actions until such time as their beneficial interests have vested (*i.e.*, when Nancy Morton passes).[2] *See e.g.*, *Jensen v. Benoit*, 3:19-CV-01779-HZ, 2020 WL 3421471, at *4 (D. Or. June 18, 2020) (granting trustee's motion to dismiss, finding beneficiary lacked standing to assert claims against trustee where beneficiary's rights to trust assets were triggered by the death of a person who was alive at time of proceeding); *Hamilton v. Mercantile Bank of Cedar Rapids*, 621 N.W.2d 401, 409 (Iowa 2001) (affirming dismissal of beneficiary's lawsuit against trustee noting that trustee had no present obligation to pay or turn over trust assets).

In short, Plaintiffs' claims against Trustee for damages via their claims for negligence, breach of contract, fraud/gross negligence, and unjust enrichment are not ripe—and, as a result, Plaintiffs are entitled only to proceed against Trustee for equitable relief (*i.e.*, an accounting and removal). Consequently, Counts I-IV for damages as against Trustee should be dismissed.

---

[2] The Trust also provides a mechanism by which Trustee can provide amounts to a beneficiary if, *in Trustee's discretion*, such payment is appropriate to provide for her or his health, education, maintenance, and support. *See Ex. 1, Trust* at § 3.4. Such circumstances are not alleged here.

### C. THERE IS NOTHING IMPROPER ABOUT THE ALLEGED CONDUCT OF TRUSTEE

Each of Plaintiffs' claims revolves around the Trust receiving the cash surrender value of the Policy. *See e.g.*, Compl. [Doc. No. 20] ¶¶ 43, 55, 63. Plaintiffs allege that they are entitled to damages in excess of $1,000,000 and punitive damages of at least $1,000,000 due to Trustee's failure to "properly investigate the market" for life insurance policies and failure to advise that "the [P]olicy could be sold for millions of dollars on the open market." *Id.* ¶ 44. Plaintiffs further lodge conclusory assertions of "self-dealing" as to all Defendants. *See e.g.*, *id.* ¶¶ 32, 59. Fatal to all Plaintiffs' claims, the act of surrendering the Policy or of otherwise converting the sole asset of the Policy to a different type of asset is directly authorized by the Trust. This warrants dismissal of all claims, sans the request for an accounting and removal, asserted in the Complaint against Trustee.

"By statute trustors and beneficiaries are specifically empowered to relieve their trustee or trustees of liability for their acts in such capacity." *Newman v. Morris*, 1977 OK 243, ¶ 8, 574 P.2d 615, 617 (citations omitted). Specifically: "The trustor of any trust affected by this act may, by provisions in the instrument creating the trust . . . , relieve his trustee from any or all of the duties, restrictions, and liabilities which would otherwise be imposed upon him by this act . . . ." OKLA. STAT. tit. 60, § 175.21. Moreover, such trustor may *add* duties, restrictions, privileges, or powers. *Id.* And "[w]hen the trust instrument leaves acts to trustee's discretion, the courts will not intervene." *Atwood v. Atwood*, 2001 OK CIV APP 48, ¶ 16, 25 P.3d 936, 942 (citation omitted). As a result, "the trustee's

performance under that power does not give rise to a claim for breach of a statutory or common-law duty which the trust instrument has altered." *Id.* (citations omitted).

Here, Trustee *shall not* be liable for the failure to pay premiums on contracts of insurance. And, in the event that the Trust's estate is insufficient to pay premiums, "**Trustee may *in its discretion* . . . <u>surrender any of the contracts for their cash surrender values</u> . . . .**" *Ex. 1, Trust* at § 4.2(c) (emphasis added). Even more broad, Trustee has the ability "**[t]o sell and convey *any* of the trust assets** or any interest therein, **or *to exchange* the same for other property**, <u>**for such price or prices and upon such terms as the Trustee**</u>, ***in the Trustee's discretion***, **may deem advisable for the best interest of the Trust and the beneficiaries hereunder** . . . ." *Id.* § 7.5 (emphasis added). And as to any purported "self-dealing," Jay (as Settlor) waived actual and potential conflicts of interest and further directed "that so long as the Trustee acts in good faith, any such conflicts of interest shall not be a basis for any action or claim against the Trustee." *Id.* 6.7.

Because Plaintiffs have entirely failed to allege *factual* support that would take Trustee's alleged conduct outside of the above provisions, Plaintiffs' claims for negligence, breach of contract, fraud/gross negligence, and unjust enrichment should be dismissed.

### III. <u>CONCLUSION</u>

For reasons stated herein, Plaintiffs lack standing to sue Trustee for damages and—given the express terms of the Trust—have failed to allege facts to support their claims against Trustee for negligence, breach of contract, fraud/gross negligence, and unjust enrichment. Accordingly, Trustee respectfully requests that the Court dismiss Plaintiffs'

request for damages and Plaintiffs' claims for negligence, breach of contract, fraud/gross negligence, and unjust enrichment, as they relate to Trustee.

        Respectfully submitted,

        *s/ Taylor K. Weder*
        Kurt M. Rupert, OBA # 11982
        Taylor Kaye Weder, OBA # 34045
        HARTZOG CONGER CASON LLP
        201 Robert S. Kerr, Suite 1600
        Oklahoma City, Oklahoma 73102
        (405) 235-7000 (Telephone)
        (405) 996-3403 (Facsimile)
        krupert@hartzoglaw.com
        tweder@hartzoglaw.com
        *Attorneys for Defendant,*
        *Michael E. Krasnow as Trustee of the*
        *Morton Family Irrevocable Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2024 I electronically transmitted the foregoing document to the Clerk of the Court for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electric Filing to the following ECF Registrants:

Shannon F. Davies
sdavies@spencerfane.com

Johnnie G. Beech
jbeech@spencerfane.com

*Attorneys for Plaintiffs,*
  *Brian Thompson and Jennifer James*

Alex Gebert
alex.gebert@fmglaw.com

*Attorney for Defendants,*
*J. Gray Teekell and The Teekell Company, Inc.*

                                           */s/ Taylor K. Weder*
                                           Taylor K. Weder