# THE

# MORTON FAMILY

# IRREVOCABLE TRUST AGREEMENT

*PREPARED BY:*

*Michael E. Krasnow*
*204 North Robinson, Suite 2200*
*Oklahoma City, Oklahoma 73102*
*(405) 236-3600*
*(405) 232-9400 (Fax)*

*September, 2004*

EXHIBIT 1

## THE MORTON FAMILY
## IRREVOCABLE TRUST AGREEMENT

This Trust Agreement is made and entered into this 30th day of September, 2004, by and between Jerry W. Morton, also known as Jerry Wayne Morton, Jay W. Morton and Jay Morton, hereinafter referred to as "Settlor", and Michael E. Krasnow, hereinafter referred to as "Trustee."

WITNESSETH:

WHEREAS, the Settlor wishes to create an irrevocable trust (the "Trust") consisting of cash and such other assets as the Settlor or others may from time to time give to this Trust; and

WHEREAS, the Trustee is willing to hold and administer said property and such other property as it may receive from time to time hereunder upon the terms and conditions hereinafter set forth;

NOW, THEREFORE, in consideration of the mutual covenants of the parties as contained herein and other valuable consideration, the parties agree as follows:

### ARTICLE I

1.1 <u>Funding of Trust</u>. The Settlor hereby irrevocably transfers the sum of Twenty-Five Dollars to the Trustee, the receipt and sufficiency of which are hereby acknowledged, to hold in Trust. In addition, the Settlor and others may make further additions of assets to this Trust by lifetime gift, under a will or trust, or from any other source. Any amounts inadvertently paid by the Settlor to any insurer as premiums or other payments with regard to any life insurance policy owned by this Trust shall be deemed to have been contributed directly to this Trust by the Settlor and shall then be deemed to have been paid by the Trustee to the insurer. The Trustee agrees to hold and administer such additions in the manner set forth in this Trust.

1.2 <u>Name</u>. The Trust herein created shall be known as The Morton Family Irrevocable Trust.

### ARTICLE II

2.1 <u>Right of Beneficiary to Withdraw Contributions to Trust</u>. With respect to all additions of cash or other property made to this Trust by lifetime gift from the Settlor or any other person (referred to as "Additions"), the following beneficiaries shall have the rights to demand and receive distributions of principal from the Trust as set forth below:

EXHIBIT 1

(a)    The Settlor's son, Ryan Taylor Morton, if living, Settlor's spouse's daughter, Jennifer James, if living, and Settlor's spouse's son, Brian Thompson, if living, shall each have the right for thirty (30) days to withdraw from the principal of the Trust during each year in which one or more Additions are made to the Trust, the lesser of (a) Five Thousand Dollars ($5,000.00), or (b) such beneficiaries pro rata share of the full value of any property transferred to the Trustee (and assuming that the Settlor and the Settlor's spouse, if any, will elect to split the Settlor's gift if there is a provision in the Internal Revenue Code (the "Code") which permits such gift-splitting).

(b)    Notwithstanding the foregoing, however, the donor of any Addition to be made to the Trust and to be subject to the withdrawal rights set forth above, may, by written notice to the Trustee, at or prior to the time when the Addition is made to the Trust, increase, exclude, or limit the monetary amount of the withdrawal right of any person, other than the Settlor, having any such withdrawal right with regard to that Addition, effective as of the date the Trustee receives such notice.  For purposes of this Trust, the lapse of a withdrawal right by any beneficiary shall not be considered a transfer of property to the Trust.  Also, for purposes of this Trust, an Addition to the Trust shall include the payment by any person other than the Trustee of a premium on a policy of life insurance owned by the Trust.

(c)    Whenever any Addition is made to the Trust that gives rise to a withdrawal right, the Trustee shall give prompt notice of such Addition to those beneficiaries with withdrawal rights.  Any such beneficiary may exercise the withdrawal right granted hereunder by delivering notice to the Trustee at any time on or before the thirtieth day after having received notice of the Addition.  If such beneficiary is under a legal disability, then the notice shall be given to the beneficiary's legal or natural guardian, who may make such demand on behalf of the beneficiary.  Any adult beneficiary or guardian of a minor beneficiary may waive any further notice upon communication of the same to the Trustee.

(d)    Upon timely receipt of notice requesting withdrawal, the Trustee shall distribute out of the Trust the amount necessary to satisfy the withdrawal request, and for this purpose the Trustee shall retain in the Trust sufficient transferable assets to satisfy any outstanding and exercisable withdrawal rights.  The Trustee shall be authorized in satisfying any withdrawal request to distribute the principal or other property of the Trust, and the Trustee shall be further authorized to borrow against the cash value of any insurance policy to obtain cash for such distribution.  In the event the Trust is comprised substantially of insurance policies, then the Trustee shall be required to borrow against the cash values thereof to satisfy the withdrawal rights.  If the policies do not have sufficient cash value to make such distribution, the Trustee shall distribute the policies out in kind if so requested by the person exercising the withdrawal right.

(e)    The withdrawal right attributable to each Addition to this Trust shall lapse with respect to each beneficiary at the end of Thirty (30) days following the date upon which the beneficiary receives notice of the withdrawal right (unless the person having the withdrawal right sooner elects not to exercise that withdrawal right), and any such Addition, or part thereof, not requested to be withdrawn by the end of the thirty (30) day withdrawal

period shall no longer be subject to the withdrawal right; provided, however, the maximum amount which may lapse during any calendar year with respect to which any beneficiary has a withdrawal right hereunder shall be the Maximum Lapse Protected Amount. On December 31 of each year, the total amount which may be withdrawn by any beneficiary who has a power of withdrawal hereunder shall be reduced (but not below zero) by the difference, if any, between (i) the Maximum Lapse Protected Amount less (ii) the amount of Trust property over which that beneficiary had a power of withdrawal during such calendar year which lapsed, except that this reduction in the amount which may be withdrawn by a beneficiary shall not be effected if and to the extent that the result thereof would be to reduce that beneficiary's withdrawal right with respect to any Additions made to the Trust during that calendar year over which that beneficiary has a power of withdrawal which has not otherwise lapsed by reason of the expiration of the thirty (30) day withdrawal period as of that December 31. Notwithstanding the above, if the law then in effect with regard to this Trust at the expiration of the thirty (30) day period requires that the period during which the beneficiary's withdrawal right may be exercised to remain open indefinitely or for a period which exceeds the time herein set forth in order to qualify any such lifetime gifts for the federal gift tax annual exclusion and the Trust is not exempt from the application of that law by grandfathering or otherwise, then the withdrawal period of the Trust shall be extended to that length of time required to comply with that law.

(f) Each power of withdrawal given to any descendant of the Settlor which is in effect at the death of the Settlor shall continue in effect after the death of the Settlor until it is exercised or lapses as described above.

2.2 <u>Purpose and Construction</u>. These withdrawal powers are provided for the purpose of causing any Additions made to this Trust to be gifts of a "present interest" for the federal gift tax purposes. These withdrawal powers shall be construed so as to give effect to such intention.

## ARTICLE III

## DISTRIBUTIONS AND BENEFICIARIES

3.1 <u>Use of Income or Principal</u>. During the lifetime of Settlor and/or Settlor's wife, Nancy Morton, the Trustee may use any part or all of the net income or the principal of the trust estate to purchase or pay premiums on insurance on the life of the Settlor, the life of Settlor's wife, or the joint lives of Settlor and Settlor's wife. In connection therewith, the Trustee may elect any mode of premium payment or settlement option in connection with any such insurance. The Trustee shall also have the power to utilize any cash surrender value or other accumulated reserve with respect to any policy for the payment of premiums on the same or any other policy of insurance on the life of the Settlor, Settlor's wife, or the joint lives of Settlor and Settlor's wife, whether by borrowing or otherwise. In all respects the Trustee shall possess all incidents of ownership with respect to any policy of insurance on the life of the Settlor, Settlor's wife, or the joint lives of Settlor and Settlor's wife, including the right to borrow against any policy and to pay interest with respect to such

borrowing, regardless of whether the purpose of any such loan is to pay premiums or to make cash available for any other purpose.

3.2 <u>Proceeds of Insurance</u>. Following the deaths of both the Settlor and the Settlor's wife, the Trustee shall promptly collect the proceeds from any insurance policies on the life of the Settlor, the Settlor's wife, or the joint lives of the Settlor and Settlor's wife, which may then form a part of the principal of the Trust estate. Such proceeds, if any, together with any accumulated income and other assets then held by the Trustee shall be administered thereafter as is provided herein.

3.3 <u>Division of Trust Estate Into Shares</u>. Following the deaths of both the Settlor and the Settlor's wife, the Trustee shall divide the Trust estate into equal separate shares for the benefit of Ryan Taylor Morton, Jennifer James, and Brian Thompson, or if any of said individuals is deceased, then such individual's share shall be held for the benefit of the descendants of said individual, if any, in shares per stirpes. The person for whom a share is created hereunder is sometimes referred to herein as the "primary beneficiary" of that share.

3.4 <u>Distributions of Income and Principal After the Division of the Trust Into Shares</u>.

(a) Following the date upon which the Trustee has divided the Trust estate into separate shares, the Trustee shall, following payment of all estate and inheritance taxes, federal and state, by the estate or trust of Settlor or Settlor's wife, whichever shall die last, have the discretion to distribute all or any portion of the income and principal of each share to or for the benefit of the primary beneficiary of that share, subject to Section 3.6 below, in such amounts as the Trustee deems appropriate to provide for his, her, or their health (including without limitation medical, dental, hospital and nursing expenses, and expenses of being an invalid), education (including private, primary or secondary school, college and professional education), maintenance and support in the manner of living to which he or she is accustomed. Adult primary beneficiaries shall receive their share of this Trust as soon as is administrative feasible, following payment of all estate and inheritance taxes, federal and state, by the estate or trust of Settlor or Settlor's wife, whichever shall die last, provided, however, that if an adult primary beneficiary is under a disability, physically and/or mentally, and not capable, in the Trustees discretion, to properly manage the funds available in such primary beneficiary's share of this Trust, then the Trustee may retain such share in Trust in accordance with the provisions of Section 6.3.

(b) Each primary beneficiary shall also have a special power of appointment, exercisable before the death of both the Settlor and Settlor's wife, during the primary beneficiary's lifetime in a writing executed by him or her and delivered to the Trustee, or at death in the will of the primary beneficiary, making specific reference to this special power of appointment, to direct the Trustee to divide any part or all of the primary beneficiary's share among a group consisting of the descendants of the primary beneficiary, or the descendants of another of the primary beneficiaries, to be retained in trust or distributed out of trust, in any manner permitted under Section 6.3.

3.5  <u>Death of a Primary Beneficiary</u>.  Upon the death of a primary beneficiary prior to the distribution of all of the assets of his or her share, to the extent that the special power of appointment described in Section 3.4(b) above is not exercised, the Trustee shall divide the primary beneficiary's share into separate shares for the benefit of the following persons in the following order:

(i)  First, for the surviving descendants of the deceased primary beneficiary, per stirpes, and if none, then

(ii)  for the surviving primary beneficiaries, or their surviving descendants, and if none, then

(a)  one-half (1/2) to those persons who would have inherited personal property from the Settlor if the Settlor had died intestate at that time, not married, and domiciled in the State of Oklahoma, according to the laws of descent and distribution of the State of Oklahoma then in effect; and

(b)  one-half (1/2) to those persons who would have inherited personal property from the Settlor's wife if she had died intestate at that time, not married, and domiciled in the State of Oklahoma, according to the laws of descent and distribution of the State of Oklahoma then in effect; provided, however, that notwithstanding the above, if Nancy Morton and the Settlor were not lawfully married to each other at the time of the earlier to occur of Nancy Morton's death or the Settlor's death, then all of said remaining assets shall be distributed in accordance with subsection (a) above.

Each person for whom a share is created will be the primary beneficiary of that share.

3.6  <u>Distribution to Minor Beneficiaries</u>.  The Trustee shall defer payment of any share of the Trust principal or income vesting in and payable to any person or persons under age eighteen (18) (hereinafter called "Minor") until the Minor reaches age eighteen (18), but the Trustee, in the Trustee's discretion, may apply to the use of such Minor so much of the principal or income thereof as the Trustee is permitted to apply to such Minor when such minor reaches the age of eighteen (18).  The Trustee may make payment of any principal or income applicable to the use of the Minor:  (a) by paying the same to a guardian or other person having the care or control of the Minor, whose receipt shall be a full discharge for any such payment;  (b) by paying it to a Custodian under the Uniform Gift to Minors Act for the Minor, whose receipt shall be a full discharge for any such payment;  or (c) by spending it in such manner for the benefit of the Minor, as herein directed.

3.7  <u>General Distribution Provisions</u>.  The following provisions shall apply to matters described in this Article, notwithstanding anything else contained in this Article.

(a)  Following the division of the Trust into shares, each share set aside for a descendant of the Settlor shall constitute a separate trust and shall bear the name of the

5

EXHIBIT 1

person for whom it is created. Each person for whom a share is created will be the primary beneficiary of that share.

(b)  In exercising its discretion to make distributions, the Trustee shall first consider all other financial resources available to a beneficiary from other sources.

(c)  After the Trust is divided into shares, the Trustee may make payments to a beneficiary out of his or her share without the need to make similar distributions to other beneficiaries out of their shares.

(d)  Consistent with the objective of reducing wealth transfer taxes, the Trustee shall have broad discretion in withholding distributions and providing the beneficiaries the use of trust assets, after taking into account all facts the Trustee shall deem relevant, including, but not limited to, immediate and future income and transfer taxes.

(e)  Notwithstanding anything to the contrary herein contained, the Trustee may, in its sole discretion, suspend, withhold, and/or limit any distributions to any primary beneficiary who is a descendant of the Settlor or the Settlor's wife, if and for so long as the Trustee, in its sole discretion, determines that the primary beneficiary suffers or has suffered from chemical dependency upon alcohol or any illegal drug and has not been free from such dependency for a period of at least six (6) months.

(f)  Notwithstanding anything else contained herein, the Trustee shall not make any distributions under this Article which would at the time of the distribution diminish in any way the right of a beneficiary to receive a distribution from the Trust pursuant to the exercise of his or her withdrawal right over Additions to this Trust within the limits set forth in Article II.

(g)  It is the intent of the Settlor that the interest of a beneficiary hereunder shall never become subject to the claims of any of such beneficiary's creditors, or any spouse or divorced spouse of the beneficiary, or any other person to whom the beneficiary owes any liability.  If in the opinion of the Trustee the beneficiary has any liability, either fixed or contingent, which could result in any person to whom such liability is or may become owing ultimately taking or receiving in any manner any material portion of the beneficiary's interest in the Trust (which for purposes of this Trust includes the interest of a beneficiary in any distributions from the Trust which may be either mandatory or discretionary, including distributions of either income or principal),  or if and to the extent that in the opinion of the Trustee the existence of any such liability could prevent the beneficiary from personally enjoying the beneficiary's interest in the trust, other than upon a voluntary disclaimer, or release, or the exercise of a power of appointment by the beneficiary, then the Trustee may in its sole discretion and in fulfillment of the intent of the Settlor suspend, withhold, reduce, or terminate said interest of the beneficiary in the Trust to the extent and for so long as is necessary or appropriate to fulfill the Settlor's intent.  Upon the death of any such beneficiary, any interest of the beneficiary in the Trust which has been suspended, withheld, reduced, or terminated shall be treated as otherwise provided for in the Trust for disposition

6

EXHIBIT 1

upon the beneficiary's death.  The Trustee shall have no responsibility to the beneficiary for the Trustee's exercise or failure to exercise its discretion to withhold distributions under this Section.

(h)  It is the intent of the Settlor that distributions to a beneficiary, whether in liquidation or partial liquidation of any Trust or whether to be made currently, shall not be made if in the sole opinion of the Trustee the beneficiary might use those funds in an injudicious, unwise, imprudent, or wasteful manner.  The Trustee, in exercising its discretion to make distributions, shall also take into consideration the demonstrated maturity, judgment, character and financial responsibility of each beneficiary to whom a distribution may be made.  The opinion of the Trustee to withhold any such distributions shall be within the sole discretion of the Trustee based on such facts and circumstances as the trustee deems appropriate and relevant.

(i)  It is the desire and intent of the Settlor that all sums distributed to Ryan Taylor Morton, if living, Jennifer James, if living, and Brian Thompson, if living, be maintained by them as separate assets, not to be commingled with other marital assets.  It is Settlor's further desire that Ryan Taylor Morton, if living, Jennifer James, if living, and Brian Thompson, if living, establish trusts for the benefit of themselves and their children, and that assets received as distributions from this Trust be placed therein.  The Trustee is directed, prior to making any distributions to Ryan Taylor Morton, Jennifer James, or Brian Thompson, to advise them of the provisions of this Section, and the desires and intent of the Settlor as expressed in this Section.

## ARTICLE IV

## OWNERSHIP OF INSURANCE CONTRACTS

4.1  <u>Ownership of Insurance</u>.  The Settlor shall not possess or own any of the rights, powers, interests, privileges, benefits, and incidents of ownership of any kind that may accrue on account of any insurance contracts composing part of the Trust estate.

4.2  <u>Payment of Premiums and Purchase of additional Insurance Policies</u>.

(a)  The Trustee may, but is not required to, purchase, own and pay life insurance premiums on policies insuring the life or lives of any persons, including the Settlor and the Settlor's wife, and may exercise all rights of ownership of any policy to the extent of the Trustee's ownership interest; provided, that no Additions or other Trust assets shall be used to pay any such premiums which would, as of the time of the payment, diminish in any way the right of a beneficiary to exercise a withdrawal right over Additions to this Trust.

(b)  If the Trust's assets and/or Additions to the Trust are insufficient to pay such premiums or other charges at any time, or if such funds are sufficient, but the Trustee determines that they should not be used to pay such premiums or other charges, then the Trustee shall notify the Settlor and the beneficiaries of the Trust of such insufficiency.  The

EXHIBIT 1

Settlor and the beneficiaries or any of them may furnish the necessary funds for the payment of the premiums or other charges, but they shall not be obligated to do so. Any funds furnished as the result of said notice shall be treated as a loan to the Trust, unless directed otherwise by the person or persons furnishing the funds.

(c) If at any time the assets of the Trust estate are insufficient to pay the premiums or other charges on the contracts of insurance, or if at any time the Trustee determines that it would be inadvisable to use Trust assets for the payment of premiums or other charges on contracts of insurance, the Trustee shall not be required to pay the premiums or other charges, and the Trustee shall not be liable for its failure to do so. However, in the event of such insufficiency the Trustee may in its discretion (i) pay the premiums or other charges by borrowing on the security of the principal of the Trust or any part thereof or on any of the insurance contracts; (ii) pay the premiums by applying the dividends on any of the contracts; (iii) surrender any of the contracts for their cash surrender values; or (iv) convert any contract on which premiums have not been paid due to insufficient funds into a paid-up contract pursuant to the terms of such contract.

4.3 <u>Collection of Insurance Proceeds</u>. Upon the death of Settlor and Settlor's wife, the Trustee shall, with respect to any and all contracts under which the Trustee shall be the beneficiary, collect the full proceeds thereof, less so much of said proceeds as shall be required to pay or provide for the payment of any liabilities or obligations to the insurer in respect of said policies; provided however, that the Trustee need not incur any expense in enforcing payment which it believes may be due it unless it hold funds hereunder to cover such expenses. The Trustee is authorized to compromise and adjust claims arising out of the insurance contracts or any of them upon such terms and conditions as it may deem just, and the decision of the Trustee shall be binding upon all persons interested therein. The Trustee shall be authorized to give the insurance company and each of them all the necessary and proper releases and acquittances in full discharge of their liabilities under such contracts. The proceeds and benefits of such insurance contracts collected by the Trustee shall be added to and become a part of the principal of the Trust estate.

4.4 <u>Liability of Insurance Company</u>. Any insurance company or other party shall be completely protected in dealing with the Trustee, and the receipt of the Trustee for any payment made to it or the assets added to the principal of this Trust shall be a complete acquittance and discharge to the extent specified in such receipt of the Trustee, and no insurance company or other party making any payment or delivering or transferring any assets to the Trustee shall be required to see to the use or application of any such payment or assets hereunder.

ARTICLE V

TRUSTEE

5.1 <u>Appointment of Trustee</u>. Michael E. Krasnow is hereby appointed as Trustee of this Trust, and all shares of this Trust as created hereunder.

8

EXHIBIT 1

5.2  <u>Successor Trustee</u>.  If the Trustee named in Paragraph 5.1 should die, be unable to serve, or resign as the Trustee, then, and in that event, Bill Moore shall become and serve as the successor Trustee hereunder.  If Bill Moore should die, be unable to serve, or resign as Trustee, then, and in that event, Neal Martin shall become and serve as the alternate successor Trustee hereunder.

5.3  <u>Additional Trustees</u>.  With respect to this Trust and all trust shares created hereunder, the Trustee at any time serving may designate in writing one or more Second Alternate Successor or Additional Trustee or Trustees to serve with or following the then current Trustee on such terms and conditions as the then current Trustee deems appropriate, so long as the successor or additional trustee is an Independent Trustee, and if the successor is a corporation, it shall be a trust company or national banking association with trust powers which shall have been qualified to engage in the trust business for at least five (5) years immediately prior to such appointment and which shall have capital of at least Twenty Million Dollars ($20,000,000.00) and which no beneficiary hereof owns at the time of such appointment, directly or indirectly, in excess of five percent (5%) of the value of the stock of such trust company or national banking association.  Notice of any such written designation shall be given to all adult beneficiaries of the Trust in order to become effective, and may be revoked or amended at any time in a like manner, provided, however, that the Trustee named in Paragraph 2.01 above may amend this Trust at any time and change the Successor Trustee or designate an Alternate Successor or Additional Trustees without any such Notice.

5.4  <u>Vacancy In Office Of Trustee</u>.  In the event of a vacancy in the office of Trustee for any reason, then and in that event a majority in interest of the adult beneficiaries entitled to receive distributions of income from the Trust, regardless of whether such income distributions are absolute or in the discretion of the Trustee, may appoint a new Alternate Successor Trustee, so long as the successor is an Independent Trustee, and if the successor is a corporation, the corporate trustee shall be a trust company or a national banking association with trust powers which shall have been qualified to engage in the trust business for at least five (5) years immediately prior to such appointment and which shall have capital of at least Twenty Million Dollars ($20,000,000.00) and which no beneficiary hereof owns at the time of such appointment, directly or indirectly, in excess of five percent (5%) of the value of the stock of such trust company or national banking association.

5.5  <u>Powers of Successor Trustee</u>.  The Successor Trustee, the Alternate Successor Trustee, an Additional Trustee, a Second Alternate Successor Trustee, or a corporate Trustee, shall have, from and after appointment or succession to office hereunder and without any assignment or action by any person, all the title, rights, interests and powers, including discretionary rights and powers, which are by the provisions of this Agreement granted to and vested in the predecessor Trustee.

5.6  <u>Trustee Defined</u>.  The term Trustee as used herein, shall include the Trustee, the Successor Trustee, the Alternate Successor or Additional Trustee, the Second Alternate

Trustee, and a Corporate Trustee, as required for interpretation, depending upon the circumstances at the time such interpretation is required.

5.7  <u>Independent Trustee</u>.  An Independent Trustee shall mean a Trustee who is not a beneficiary hereunder, is not the spouse of a beneficiary hereunder, and who is not related or subordinate to any beneficiary hereunder within the meaning of Section 672(c) of the Internal Revenue Code, and who does not have any legal obligation to support any beneficiary of this Trust.

5.8  <u>Trustee Incapacity</u>.  For all purposes under this Trust, any Trustee who becomes incapacitated shall no longer serve as a Trustee, except that if the incapacity is of a temporary duration which will not materially and adversely affect the Trust or any of its beneficiaries, then the Trustee may continue to serve.  Further, a Trustee shall be considered incapacitated and unable to serve (i) if a Court of competent jurisdiction determines that the Trustee is incompetent, or (ii) if by reason of illness or mental or physical disability the Trustee is unable to fully and competently manage the business and affairs of the Trust, and the Trustee's inability to do so is likely to continue, and these determinations are made by two licensed physicians, in writing.  So long as he or she is acting in good faith, a physician who makes such determination shall not have any liability to any person, including the Settlor, and any successor-in-interest of the Settlor, as a result thereof, and said physicians shall be indemnified by the Trust from and against any and all losses, costs, damages, expenses (including attorney's fees), liabilities and obligations incurred or suffered by said physicians as a result of a claim being made or threatened against said physicians as a result of him or her having made the determinations described herein.

5.9  <u>Trustee Indemnification</u>.  In any threatened, pending, or contemplated action, suit, or proceeding to which the Trustee or former Trustee was or is a party or is threatened to be made a party by reason of the fact that he is or was a Trustee hereunder, the Trust shall indemnify that Trustee or former Trustee against expenses, judgments, settlement payments, and other amounts reasonably and actually paid by the Trustee or former Trustee, including attorney fees, so long as that Trustee or former Trustee acted in good faith and in a manner that the Trustee or former Trustee reasonably believed to be in the best interests of the beneficiaries of the Trust taken as a whole.

ARTICLE VI

GENERAL TRUST PROVISIONS

6.1  <u>Scope of this Article</u>.  The provisions of this Article are applicable to all shares of the Trust created hereunder, except as otherwise specifically provided for herein.

6.2  <u>Maximum Duration of Trusts</u>.  Notwithstanding any other provision contained herein, each Trust or share hereof created pursuant to the provisions hereof, if not sooner terminated, shall terminate not more than twenty-one (21) years after the death of the last survivor of the Settlor, the Settlor's wife, and the descendants of the Settlor and the Settlor's

10

EXHIBIT 1

wife living as of the date of the Settlor's death, and upon the expiration of such period each Trust shall terminate and the assets thereof shall be distributed to the primary beneficiary thereof.

6.3   Distributions.   Notwithstanding any provision in this Trust to the contrary, distributions of income or principal to or for the benefit of a beneficiary, within the standards set forth in this Trust, may be made by the Trustee in its discretion as follows:

(a)  directly to or for the benefit of the beneficiary;

(b)  to a legal guardian of the beneficiary;

(c)  to a parent or natural guardian or person having custody of the beneficiary for the benefit of the beneficiary without the intervention of a legal guardian or other representative;

(d)  to an account for the beneficiary with a bank, brokerage dealer, mutual fund, or other financial institution; or

(e)  to a custodian appointed by the Trustee to hold said distribution for the benefit of a minor beneficiary under the Uniform Transfers to Minors Act (or similar statute) of any state.

During the disability (including minority) of any beneficiary, the Trustee may, in its discretion, make distributions of assets (including final distributions) to or for the benefit of the beneficiary in accordance with the foregoing provisions or may refrain from making distributions and may continue to hold the assets in trust for the beneficiary and make and/or preserve any or all future payments and distributions for the use and benefit of the beneficiary until his or her disability is removed.  The Trustee shall have no responsibility to the beneficiary for the Trustee's exercise or failure to exercise its discretion to withhold distributions under this Section.

6.4   Accountings.   After the death of the Settlor, or Settlor's wife, which ever shall die last, if requested to do so by a primary beneficiary or by the guardian of any primary beneficiary, the Trustee shall render an account of receipts and disbursements and a statement of assets at least annually to each such primary beneficiary or guardian.

6.5   Division of Trust Assets.   At such time as the Trustee is required to make complete or partial distribution of Trust assets, or to divide the Trust into shares, the Trustee is authorized to distribute or divide the Trust assets in  kind or in cash, or partly in kind and partly in cash, in undivided interests or otherwise, and the Trustee is authorized to place values on the separate Trust assets and use such values as the basis for distribution.  The power of the Trustee to convert Trust assets into cash or other assets shall not terminate at the time required for distribution, but shall continue for a reasonable time thereafter to assist the Trustee in making an orderly distribution of the assets comprising the Trust.

11

EXHIBIT 1

6.6  <u>Allocation of Tax Deductions</u>.  The Trustee is authorized to allocate and apportion the state and federal income tax deductions for depletion and depreciation (and for any other apportionable tax deductions) to a Trust or share or to the income distributee or distributees thereof, to the extent such allocations are not inconsistent with the Code.  In allocating or apportioning such tax deduction or in designating the source of any income distributed or accumulated, the Trustee may take into consideration the respective income tax benefits available therefrom to the distributee or distributees and to the Trust, from information furnished or know to the Trustee.

6.7  <u>Waiver of Conflicts of Interest</u>.  The Settlor recognizes that a Trustee in the exercise of the Trustee's powers hereunder may have conflicting fiduciary and individual interests from time to time.  The Settlor understands, recognizes and waives such actual and potential conflicts of interest and directs that so long as the Trustee acts in good faith, any such conflicts of interest shall not be a basis for any action or claim against the Trustee.

ARTICLE VII

POWERS OF TRUSTEE

The Trustee or any successor or alternate successor Trustee shall have the following powers, all of which shall be exercised in a fiduciary capacity:

7.1  <u>Investment in Insurance Contracts</u>.  To invest in life insurance contracts upon the lives of Settlor, Settlor's spouse, and the joint lives of the Settlor and Settlor's wife.

7.2  <u>Wasting Assets</u>.  To retain or to acquire wasting assets.  The Trustee shall have no duty to sell wasting assets or to apportion any of the income therefrom (such as lease bonuses or any depletable portion with respect to income from such assets) to principal, but the Trustee may transfer income from such wasting assets to principal in such amounts as the Trustee, in the Trustee's discretion, may determine from time to time.

7.3  <u>Unproductive Assets</u>.  To retain or to sell, in the Trustee's discretion, unproductive assets.  The Trustee shall have no duty to apportion any principal to income, but may make an equitable apportionment to income, if in the Trustee's discretion, such is necessary to prevent injustice.

7.4  <u>Borrowing</u>.  To borrow money from others or from a Trustee of the trust and to mortgage or pledge any of the trust assets for that purpose even though the term of the loan may extend beyond the duration of the trust.  To renew existing loans or to refinance debts.

7.5  <u>Selling</u>.  To sell and convey any of the trust assets or any interest therein, or to exchange the same for other property, for such price or prices and upon such terms as the Trustee, in the Trustee's discretion, may deem advisable for the best interest of the Trust and the

12

EXHIBIT 1

beneficiaries hereunder, and to execute and deliver any deeds, receipts, releases, contracts or other instruments necessary in connection therewith.

7.6    Lending.    To lend money to any person or persons, including partnerships, fiduciaries and corporations, upon such terms and with such security as the Trustee, in the Trustee's discretion, may deem advisable for the best interest of the trusts and the beneficiaries hereunder.

7.7    Fiduciary Standard.    To act freely under all or any of the powers given to the Trustee in all matters concerning the Trust herein created, after forming a judgment based upon all the circumstances of any particular situation as to the wisest and best course to pursue in the best interest of the Trust and the beneficiaries hereunder, without the necessity of obtaining the consent or permission of any person interested herein or of any court, and notwithstanding that the Trustee may also be acting as trustee of other trusts, or as agent for other persons or corporations interested in the same matters;  provided, however, that the Trustee shall exercise such powers at all times in a fiduciary capacity primarily in the best interest of the beneficiaries hereunder.  No Trustee shall deal with any person with respect to any of the trust assets for less than an adequate consideration in money or money's worth.

7.8    Source of Distribution.    To designate the source of any distribution, as between principal and income.  To allocate different classes of income to different beneficiaries, in equal or varied proportions.  To specify the amount of each class of income distributed and to whom so distributed.

7.9    Classification of Receipts and Disbursements.    To determine, in the absence of specific instructions herein, what constitutes principal and income and to determine whether a distribution or disbursement should be charged to principal or income.  In making such determinations, the Trustee shall follow generally accepted trust accounting principles.

7.10    Registration of Property.    To register any trust assets in the name of the Trustee or the Trustee's nominee, or to hold it unregistered or in such other form that the title shall pass by delivery, but without thereby increasing or decreasing the Trustee's liability as Trustee.

7.11    Additional Statutory Powers.    To enjoy all of the powers provided by and to administer the trusts herein created in accordance with the laws of the State of Oklahoma.

ARTICLE VIII

ADDITIONAL ADMINISTRATIVE PROVISIONS

8.1    No Accounting to Court.    The Trustee shall not be required to account to any court for the administration of the Trust, but shall furnish periodic reports of the administration to those beneficiaries entitled to receive distributions of income from the Trust regardless of whether such income distributions are absolute or in the discretion of the Trustee.

13

EXHIBIT 1

8.2  <u>Reliance by Third Parties on Trustee's Authority</u>.  No person, firm or corporation dealing with the Trustee with reference to any of the Trust assets, if acting in good faith, shall be required to ascertain the authority of the Trustee, nor see to the performance of the Trustee's duties, nor be responsible in any way for the proper application of funds or properties paid or delivered to the Trustee for the account of the Trust, but, if acting in good faith, such person, firm or corporation may deal with the Trustee as though the Trustee were the unconditional owner of the Trust assets.

8.3  <u>Distribution on Cash Basis</u>.  Except as otherwise provided herein, income for the purposes of making distributions shall be on a cash basis, and, when any beneficiary receiving income from the Trust shall die, any income that is accrued or undistributed shall belong to, and be paid to, the next succeeding income beneficiary or beneficiaries; provided that if income required to be distributed (for a fiscal year of the Trust closed prior to such beneficiary's death) from a Trust has not been distributed to the deceased beneficiary to who it is required to be distributed, such income shall be distributed to such beneficiary's estate.

8.4  <u>Spendthrift Trusts Created</u>.  No interest of any beneficiary of the Trust created herein, either in income or in principal, shall be subject to pledge, assignment, sale or transfer, in any manner, nor shall any beneficiary have power in any manner to anticipate, charge or encumber his or her interest either in income or in principal, nor shall such interest of any beneficiary be liable or subject in any manner while in the possession of the Trustee, for the debts, contracts, liabilities, engagements or torts of such beneficiary.  Provided, however, that nothing contained herein shall prevent a Trust beneficiary from assigning all or any portion of his or her right to income in the Trust created for such beneficiary, to or for the benefit of the issue of such beneficiary or to the spouse of the issue of such beneficiary.

8.5  <u>Savings Clause</u>.  In the event any clause, provision or provisions of this Trust prove to be adjudged invalid for any reason, the Settlor directs that such invalid or void clause, provision or provisions, shall not affect the whole of this instrument, but the balance of the provisions hereof shall remain operative and shall be carried into effect insofar as legally possible.

## ARTICLE IX

9.1  <u>Purchase of Assets</u>.  After the death of Settlor or the Settlor's wife, which ever shall last occur, if there are not sufficient liquid assets in the estate of the deceased, or in a revocable trust of the deceased, to pay all federal or state inheritance, estate or succession taxes, the Trustee may purchase assets from the said estate or revocable trust at a then current market value, to allow the said estate or revocable trust, as the case may be, to pay the total estate, inheritance and succession taxes, federal or state, payable by reason of the death of Settlor or Settlor's spouse, as may be applicable.

9.2  <u>Amendment and Revocation</u>.  This Trust shall be and is irrevocable.  The Settlor shall not have the right to alter, amend, revoke or terminate this Trust.

EXHIBIT 1

9.3   Compensation of the Trustee.   The Trustee shall be reimbursed for expenses incurred in the management of the Trust and its assets hereunder and the Trustee shall receive reasonable and customary compensation for its services.  Such services and compensation shall be chargeable first to income and second to principal.  However, compensation of the Trustee based on the principal distribution and any unusual expenses, shall be apportioned to principal, the decision of the Trustee as to what constitutes unusual expenses to be conclusive.

9.4   Change in Situs of the Trust.   Recognizing that the needs and family circumstances of the Trust beneficiaries may change or vary after the deaths of both the Settlor and Settlor's wife, and desiring to grant said beneficiaries maximum flexibility in the administration of the Trust property for their benefit, the Settlor expressly authorizes the beneficiaries of this Trust, who are of full age and legal capacity and acting by unanimous vote, at any time following the deaths of both the Settlor and Settlor's wife, to change the situs of this Trust for any reason deemed sufficient by them, including, but not limited to, ease of administration, adverse tax treatment of the Trust in its present situs or convenience of the beneficiaries.

If such beneficiaries determine that a change in situs is necessary or desirable, they shall so inform the then present Trustee by an instrument in writing executed by all of such beneficiaries who are of full age and legal capacity.

The actions taken by the beneficiaries pursuant to the provisions of this Section shall be final and binding on all persons interested and shall not be subject to judicial review.

9.5   Contest.   If any beneficiary of this Trust shall in any manner, directly or indirectly, (i) attempt to contest or oppose the validity of this Trust Agreement, or (ii) attempt to contest or oppose the distribution of income and/or principal as herein provided for, or (iii) commence or prosecute any legal proceedings to set aside, alter or modify this Trust Agreement, or (iv) commence or prosecute any legal proceedings to set aside, alter or modify the distribution of income and/or principal as herein provided for, then and in any such event, such beneficiary shall forfeit his or her share of the Trust Fund, and shall be deemed, for all purposes hereunder, to have predeceased Settlor.

9.6   Governing Law.   This Trust is created under, is governed by, and is to be construed and administered according to the laws of the State of Oklahoma; provided, however, that if the situs of this Trust shall change to another jurisdiction, the laws of the new situs of the Trust shall thereafter govern the construction and administration of this trust.

IN WITNESS WHEREOF, the Settlor has executed this The Morton Family Irrevocable Trust Agreement the day and year first above set forth.

_____
Jerry W. Morton

"Settlor"

15
EXHIBIT 1

STATE OF OKLAHOMA      )
                               ) SS

COUNTY OF OKLAHOMA    )

The foregoing instrument was acknowledged before me this 30th day of September, 2004, by Jerry W. Morton.

_Kristi A. Morton_
Notary Public

My Commission Expires:

_11 22 2007_
Commission No.: 03001213

## ACCEPTANCE

The undersigned hereby accept the terms and conditions expressed in the foregoing Trust Agreement.

Executed this 30th day of September, 2004.

_Michael E. Krasnow_
Michael E. Krasnow
"Trustee"

16

EXHIBIT 1