IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) BRIAN THOMPSON, individually; )
(2) JENNIFER JAMES, individually, )
                                                        )
                   Plaintiffs, )
                                                        )
v.                                                     )    Case No. CIV-23-1074-R
                                                     )    Judge David L. Russell
(3) J. GRAY TEEKELL, individually; )
(4) THE TEEKELL COMPANY, INC.; )
(5) MICHAEL E. KRASNOW, Trustee )
Of Morton Family Irrevocable Trust, and )
(6) RYAN TAYLOR MORTON, )
individually, )
                                                     )
                  Defendants. )

**ANSWER OF DEFENDANT RYAN TAYLOR MORTON
TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COMES NOW the Defendant[1], Ryan Taylor Morton, by and through his attorneys of record, Kenneth W. Klingenberg, Grady R. Conrad and Stacey R. Steiner of the firm Klingenberg, Conrad & Associates, and for his Answer to Plaintiffs' Second Amended Complaint, alleges and states as follows:

## ANSWER

1. This Defendant admits the material allegations contained within Numerical Paragraph One of Plaintiffs' Second Amended Complaint.

2. This Defendant admits the material allegations contained within Numerical Paragraph Two of Plaintiffs' Second Amended Complaint.

---

[1] On January 29, 2023, the Court entered an Order [Dktc. No. 17], which directed that Ryan Taylor Morton be joined in this matter, but be realigned as a Plaintiff.

Case 5:23-cv-01074-R    Document 26    Filed 04/24/24    Page 2 of 17

3. This Defendant partially admits and partially denies the material allegations contained in Numerical Paragraph Three of Plaintiffs' Second Amended Complaint. This Defendant admits that the beneficiaries of the Morton Trust are Brian Thompson, Jennifer James, and Ryan Morton, who are all residents of Oklahoma County, Oklahoma. However, this Defendant denies the remaining allegations contained in Numerical Paragraph Three of Plaintiffs' Second Amended Complaint, and demands strict proof thereof.

4. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Four of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

5. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Five of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

6. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Six of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

7. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Seven of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

8. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Eight of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

9. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Nine of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

10. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Ten of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

11. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Eleven of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

12. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Twelve of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

13. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Thirteen of Plaintiffs' Second Amended Complaint. To

the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

14. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fourteen of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

15. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifteen of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

16. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Sixteen of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

17. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Seventeen of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

18. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Eighteen of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

19. This Defendant denies the material allegations contained in Numerical Paragraph Nineteen of Plaintiffs' Second Amended Complaint, and demands strict proof thereof.

20. This Defendant denies the material allegations contained in Numerical Paragraph Twenty of Plaintiffs' Second Amended Complaint, and demands strict proof thereof.

21. This Defendant denies the material allegations contained in Numerical Paragraph Twenty-One of Plaintiffs' Second Amended Complaint, and demands strict proof thereof.

22. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Twenty-Two of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

23. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Twenty-Three of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

24. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Twenty-Four of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

25. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Twenty-Five of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

26. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Twenty-Six of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

27. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Twenty-Seven of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

28. This Defendant admits the material allegations contained in Numerical Paragraph Twenty-Eight of Plaintiffs' Second Amended Complaint.

29. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Twenty-Nine of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

30. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Thirty of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

31. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Thirty-One of Plaintiffs' Second Amended Complaint To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

32. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Thirty-Two of Plaintiffs' Second Amended Complaint To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

33. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Thirty-Three of Plaintiffs' Second Amended Complaint To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

34. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Thirty-Four of Plaintiffs' Second Amended Complaint To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

35. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Thirty-Five of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

36. This Defendant admits the material allegations contained in Numerical Paragraph Thirty-Six of Plaintiffs' Second Amended Complaint.

37. This Defendant admits the material allegations contained in Numerical Paragraph Thirty-Seven of Plaintiffs' Second Amended Complaint.

38. This Defendant admits the material allegations contained in Numerical Paragraph Thirty-Eight of Plaintiffs' Second Amended Complaint.

39. This Defendant admits the material allegations contained in Numerical Paragraph Thirty-Nine of Plaintiffs' Second Amended Complaint.

40. This Defendant admits the material allegations contained in Numerical Paragraph Forty of Plaintiffs' Second Amended Complaint.

41. This Defendant admits the material allegations contained in Numerical Paragraph Forty-One of Plaintiffs' Second Amended Complaint.

### COUNT I: NEGLIGENCE
### (DEFENDANTS TEEKELL, TCA, TRUSTEE)

42. This Defendant states Numerical Paragraph Forty-Two of Plaintiffs' Second Amended Complaint does not require an Answer.

43. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Forty-Three of Plaintiffs' Second Amended Complaint To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should Teekell, TCA and Trustee be proven to have advised Nancy Norton to sell the insurance policy for $700,000.00, this Defendant admits the material allegations contained in Numerical Paragraph Forty-Three of Plaintiffs' Second Amended Complaint.

44. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Forty-Four of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should the Trustee be proven to have failed to property investigate the market for life insurance policies, this Defendant admits the material

allegations contained in Numerical Paragraph Forty-Four of Plaintiffs' Second Amended Complaint.

45. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Forty-Five of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should Teekell, TCA and the Trustee's actions be proven as intentional, this Defendant admits the material allegations contained in Numerical Paragraph Forty-Five of Plaintiffs' Second Amended Complaint.

46. This Defendant denies the material allegations contained in Plaintiffs' *ad damnum clause* of Count I of Plaintiffs' Second Amended Complaint, and demands strict proof thereof.

### COUNT II: BREACH OF CONTRACT
### (DEFENDANTS TEEKELL, TCA TRUSTEE)

47. This Defendant states Numerical Paragraph Forty-Six of Plaintiffs' Second Amended Complaint does not require an Answer.

48. This Defendant admits the materials allegations contained in Numerical Paragraph Forty-Seven of Plaintiffs' Second Amended Complaint.

49. This Defendant denies the material allegations contained in Numerical Paragraph Forty-Eight of Plaintiffs' Second Amended Complaint, and demands strict proof thereof.

50. This Defendant partially admits and partially denies the material allegations contained in Numerical Paragraph Forty-Nine of Plaintiffs' Second Amended Complaint. This Defendant admits that Teekell, TCA, and Trustee failed to property advise Nancy Morton, but denies this caused harm to Thompson and James.

51. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifty of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

52. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifty-One of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

53. This Defendant denies the material allegations contained in Plaintiffs' *ad damnum clause* of Count II of Plaintiffs' Second Amended Complaint, and demands strict proof thereof.

### COUNT III: FRAUD/GROSS NEGLIGENCE
### (DEFENDANTS TEEKELL, TCA, AND TRUSTEE)

54. This Defendant states Numerical Paragraph Fifty-Two of Plaintiffs' Second Amended Complaint does not require an Answer..

55. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifty-Three of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

56. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifty-Four of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

57. This Defendant partially admits and partially denies the material allegations contained in Numerical Paragraph Fifty-Five of Plaintiffs' Second Amended Complaint. This Defendant admits that Teekell, TCA, and Trustee wrongfully advised Nancy Morton to sell the insurance policy, but otherwise denies that they knew Nancy Morton was concerned about the inclusion of Ryan Morton as a beneficiary, and demands strict proof thereof.

58. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifty-Six of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

59. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifty-Seven of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

60. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifty-Eight of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should Teekell, TCA's and Trustee's actions be proven true, this Defendant admits allegations contained Numerical Paragraph Fifty-Eight of Plaintiffs' Second Amended Complaint.

61. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifty-Nine of Plaintiffs' Second Amended Complaint. To

the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

62. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Sixty of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

63. This Defendant denies the material allegations contained in Plaintiffs' *ad damnum clause* of Count III of Plaintiffs' Second Amended Complaint, and demands strict proof thereof.

### COUNT IV: UNJUST ENRICHMENT
### (DEFENDANTS TEEKELL, TCA, AND TRUSTEE)

64. This Defendant states Numerical Paragraph Sixty-One of Plaintiffs' Second Amended Complaint does not require an Answer.

65. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Sixty-Two of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should it be proven that Teekell, TCA and Trustee engaged in wrongful actions, this Defendant admits the material allegations in Numerical Paragraph Sixty-Two of Plaintiffs' Second Amended Complaint.

66. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Sixty-Three of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should it be proven that Teekell, TCA and Trustee

engaged in wrongful actions, this Defendant admits the material allegations in Numerical Paragraph Sixty-Three of Plaintiffs' Second Amended Complaint.

67. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Sixty-Four of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should it be proven that Teekell, TCA and Trustee engaged in wrongful actions, this Defendant admits the material allegations in Numerical Paragraph Sixty-Four of Plaintiffs' Second Amended Complaint.

68. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Sixty-Five of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should it be proven that Teekell, TCA and Trustee engaged in wrongful actions, this Defendant admits the material allegations in Numerical Paragraph Sixty-Two of Plaintiffs' Second Amended Complaint.

69. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Sixty-Six of Plaintiffs' Second Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should it be proven that Teekell, TCA and Trustee engaged in wrongful actions, this Defendant admits the material allegations in Numerical Paragraph Sixty-Two of Plaintiffs' Second Amended Complaint.

70. This Defendant denies the material allegations contained in Plaintiffs' *ad damnum clause* of Count III of Plaintiffs' Second Amended Complaint, and demands strict proof thereof.

## COUNT V: REMOVAL AND ACCOUNTING
## (TRUSTEE)

71. This Defendant states Numerical Paragraph Sixty-Seven of Plaintiffs' Second Amended Complaint does not require an Answer.

72. This Defendant partially admits and partially denies the material allegations contained in Numerical Paragraph Sixty-Eight of Plaintiffs' Second Amended Complaint. This Defendant admits that the Trustee should be removed, but otherwise denies the Trustee failed in his duty giving any advise to Nancy Mortion in regards to having Ryan Morton removed as a beneficiary.

73. This Defendant admits the material allegations contained in Numerical Paragraph Sixty-Nine of Plaintiffs' Second Amended Complaint.

74. This Defendant denies the material allegations contained in Plaintiffs' *ad damnum clause* of Plaintiffs' Second Amended Complaint, and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

This Defendant sets forth below his affirmative defenses. By setting forth these affirmative defenses, this Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations of Plaintiffs. Further, this Defendant states all allegations contained within Plaintiffs' Complaint are generally and specifically denied unless expressly admitted herein.

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Unclean hands.

3.  Unjust enrichment.

4.  This Defendant reserves the right to further plead additional affirmative defenses as they may become known during the course of discovery.

WHEREFORE, premises considered, Defendant, Ryan Taylor Morton, having fully answered, prays for all relief as fully requested herein, and judgment be entered in favor of this Defendant for all causes of action. Defendant also requests he be awarded all of his attorney's fees and costs and all other relief this Court deems to be just, equitable, and proper.

Respectfully submitted,

_____
Kenneth W. Klingenberg, OBA No. 5079
Grady R. Conrad, OBA No. 32164
Stacey R. Steiner, OBA No. 19139
KLINGENBERG, CONRAD & ASSOCIATES
330 N.W. 13th Street
Oklahoma City, OK 73103
Telephone:   (405) 236-1985
Facsimile    (405) 236-1541
Email:       ken@kenkling.com
             grady@kenkling.com
             stacey@kenkling.com
**ATTORNEYS FOR DEFENDANT
RYAN TAYLOR MORTON**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System of filing. Based on the records currently on file, the Clerk of the Court will transit a Notice of Electronic Filing to the following ECF registrants:

Kurt M. Ruper, OBA No. 11982
Taylor K. Weder, OBA No. 34045
HARTZOG CONGER CASON
Email:      krupert@hartzoglaw.com
Email:      tweder@hartzoglaw.com
***ATTORNEYS FOR DEFENDANT
MICAHEL E. KRASNOW***

Timothy B. Soefje, OBA No. 33342
Alex Gebert, OBA No. 34594
FEEMAN MATHIS & GARY, LLP
Email:      tim.soefje@fmglaw.com
Email:      alex.gebert@fmglaw.com
***ATTORNEYS FOR DEFENDANTS J. GRAY
TEEKELL AND THE TEEKELL COMPANY, INC.***

Teddy Abbott, OBA No. 14367
ABBOTT LAW OFFICES, LLC
Email: teddy@abbot@outlook.com
***LOCAL COUNSEL FOR DEFENDANTS
J. GRAY TEEKELL AND THE TEKELL
COMPANIES, INC.***

Shannon Davies, OBA No. 16979
Johnny G. Beech, OBA No. 655
SPENCER FANE LLP
Email:      sdavies@spencerfane.com
Email:      jbeech@spencerfane.com
***ATTORNEYS FOR PLAINTIFFS***

_____
Kenneth W. Klingenberg, OBA No. 5079
Grady R. Conrad, OBA No. 32164
Stacey R. Steiner, OBA No. 19139
KLINGENBERG, CONRAD & ASSOCIATES

# VERIFICATION

STATE OF OKLAHOMA      )
                       )   SS:
COUNTY OF OKLAHOMA     )

Ryan Taylor Morton, of lawful age, being first duly sworn on oath, deposes and states:

That he has read the within and foregoing Answer and the statements therein contained are true and correct as he verily believes under penalty of perjury.

_____
RYAN TAYLOR MORTON

SUBSCRIBED AND SWORN TO before me this 24 day of April, 2024.

_____
NOTARY PUBLIC

My Commission Expires:              My Commission No. 14007473

8/21/2026

[Notary Seal: GRADY RYAN CONRAD, NOTARY #14007473, EXP. 08/21/26, PUBLIC, STATE OF OKLAHOMA]