# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

BRIAN THOMPSON, individually; )
and )
JENNIFER JAMES, individually, )
　)
      Plaintiffs, )
　)
v. )
　)    Case No. CIV-23-1074-R
　)    Judge David L. Russell
J. GRAY TEEKELL, individually; )
THE TEEKELL COMPANY, INC.; )
MICHAEL E. KRASNOW, Trustee )
of Morton Family Irrevocable Trust, and )
RYAN TAYLOR MORTON, )
Individually. )
      Defendants. )

**PLAINTIFFS RESPONSE TO DEFENDANT MICHAEL E. KRASNOW'S MOTION TO DISMISS SECOND AMENDED COMPLAINT [DOC. #23]**

Respectfully submitted,

*s/Shannon F. Davies*
Shannon F. Davies, OBA No. 16979
Johnny G. Beech, OBA No. 655
Spencer Fane LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
Telephone: (405) 844-9900
Facsimile:  (405) 844-9958
Email: sdavies@spencerfane.com
Email: jbeech@spencerfane.com
***Attorneys for Plaintiffs***

Plaintiffs, Brian Thompson and Jennifer James, beneficiaries of the Morton Family Irrevocable Trust (the "Trust"), submit their response to Defendant, Michael Krasnow's, ("Defendant" or "Mr. Krasnow") Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion") [Doc. No. 23]. Mr. Krasnow argues that Plaintiffs fail to state a claim and that the Complaint should be dismissed against the Trustee. Specifically, Defendant argues that Plaintiffs failed to plead sufficient facts and that Plaintiffs lack standing to bring suit against Mr. Krasnow. The Complaint contains more than enough facts to state a claim for relief and is more than plausible on its face. Further, as beneficiaries, Plaintiffs' standing to bring suit against Mr. Krasnow is supported by section 175.23(C) of the Oklahoma Trust Act.

## SUMMARY OF THE ARGUMENT

This is Mr. Krasnow's second motion to dismiss. The first motion to dismiss [Doc. No. 4] did not assert that Plaintiffs somehow lacked standing or failed to state claim. Doc. No. 4, at *1. Rather, it alleged that Plaintiffs failed to join a necessary party. After this Court's Order [Doc. No. 17], Plaintiffs filed the Second Amended Complaint (the "Amended Complaint"), adding Ryan Morton as a party, and cleaning up language in the Amended Complaint. There were no substantive changes to the allegations, or the causes of action brought against Mr. Krasnow. *Compare,* Doc. No. 1-2 *with* Doc No. 20.

Even though there have been no changes in the allegations (except for the addition of Ryan Morton *which Mr. Krasnow requested*), Defendant alleges that the Amended Complaint should be dismissed because it "fails to allege sufficient facts to support any claim for damages against trustee." Doc. No. 23, at *3. Defendant alleges that the Amended

1

Complaint merely contains "legal conclusions and conclusory statements" *Id.* at 4. However, the Amended Complaint contains more than enough factual allegations to state a plausible claim and put Mr. Krasnow on notice of the claims asserted against him. Defendant fails to identify any specific instances in the Amended Complaint that exemplify legal conclusions unsupported by facts.

Defendant also alleges that Plaintiffs have no standing to bring their claims against him because Plaintiffs are beneficiaries and have no present right to receive any distribution. Doc. No. 23, at *5. Defendant Krasnow's motion to dismiss should be denied for lack of standing because Section 175.23(C) of the Oklahoma trust statute confers standing on beneficiaries to bring claims against the trustee.

## BRIEF FACTUAL BACKGROUND

Jerry ("Jay") Morton created the Morton Family Irrevocable Trust (the "Morton Trust") on or about September 30, 2004. Doc. No. 20, ¶ 1. Brian Thompson, Jennifer James, and Ryan Morton (collectively referred to as "Beneficiaries") are beneficiaries of the Morton Trust. Doc. No. 20, ¶ 3. Jay Morton relied on the expertise of Mr. Krasnow as trustee in creating the Morton Trust. Doc. No. 20, ¶ 4. Jay and Nancy Morton subsequently purchased a life insurance policy for the Morton Trust through Defendant Gray Teekell ("Teekell") and his company the Teekell Company, Inc. ("TCA"). Doc. No. 20, ¶¶ 6, 7. The life insurance policy placed in the Morton Trust was intended to pay for the estate taxes on Oklahoma assets upon the passing of Jay Morton and his wife Nancy Morton ("Mrs. Morton"). Doc. No. 20, ¶ 8. Mr. Krasnow and Teekell knew that the purpose of the life insurance policy was to pay estate taxes. Doc. No. 20, ¶ 9.

Mr. Krasnow and Teekell, in concert, advised Mrs. Morton to sell the insurance policy at a steep discount causing significant damages to Plaintiffs due to Mr. Krasnow's negligence and malpractice. Doc. No. 20, ¶ 14. Mr. Krasnow, TCA, and Teekell further advised Mrs. Morton to cease paying the insurance premiums and that allowing a lapse in the policy would result in a cash value payment to Mrs. Morton and the estate. Doc. No. 20, ¶ 22, 23. Defendants' incorrect advice caused the Plaintiffs to lose millions of dollars from the Morton Trust. Doc. No. 20, ¶ 34.

Mr. Krasnow, as Trustee, is charged with and has a fiduciary duty to maximize the Trust for the benefit of the Beneficiaries. Doc. No. 20, ¶ 28. However, Mr. Krasnow did not maximize the Trust for the benefit of the Beneficiaries – in fact, he did not discuss the decision with the Beneficiaries at all. Doc. No. 20, ¶ 31. Mr. Krasnow, along with Teekell and TCA, tried to maximize *their own* profits instead of the Trust's stated purposes. Doc. No. 20, ¶ 32. If the life insurance policy was to be sold, it should have been sold for the maximum market value on the open market. Doc. No. 20, ¶ 33. Mr. Krasnow, Teekell, and TCA ignored this obligation – costing the Trust millions of dollars. Doc. No. 20, ¶ 34. Mr. Krasnow allowed Teekell and TCA to attempt to buy the policy themselves – never exercising his duty to protect the Trust. Doc. No. 20, ¶ 35.

**APPLICABLE LEGAL STANDARDS.**

A.  **Failure to State a Claim.**

"[G]ranting [a] motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City and Cty. Of Denver*, 567 F.3d 1169, 1178 (10th Cir.

2009) (quoting *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001)). Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs have more than met this burden.

The Court must construe all well-pleaded allegations in the light most favorable to Plaintiffs. *Brown v. Montoya,* 662 F.3d 1152, 1162 (10th Cir. 2011). In *Twombly*, the Supreme Court expressly held a pleading need not contain "heightened fact pleading of specifics." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It need only contain enough facts to suggest the plaintiff is entitled to relief and give notice to the defendant of the grounds of the claim. *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008) (citing *Twombly*, 544 U.S. at 556). All that is required are facts sufficient "to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Twombly*). "Plausible," however, does not mean "likely to be true."  Rather, it means "the allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *APMC, Inc. v. Fogarty,* 2008 WL 4279780, p.1, (W.D. Okla.), citing, *Robbins,* 519 F.3d at 1247.

According to the Tenth Circuit, *Twombly* seeks to find a middle ground between a heightened pleading requirement and allowing complaints that are no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 544 U.S. at 555) (internal quotations omitted). The degree of specificity necessary to establish plausibility and to give the defendant fair notice of the claim depends on the context. *Id.* at 1248.  The Amended Complaint more than

4

satisfies this standard, and the motions to dismiss must be denied.

**B.     Standing.**

Standing is the right to commence litigation, to take the initial step that frames legal issues for ultimate adjudication by a court or jury. *Murray Cnty v. Homesales, Inc.*, 2014 OK 52, 330 P.3d 519, 527. "An objection to standing is properly made on a Rule 12(b)(1) motion. *Tasini v. New York Times Co.*, 184 Supp.2d 350, 354 (S.D.N.Y. 2002). Standing requires proof of 1.) a legally protected interest which was injured in fact; 2.) a causal nexus between the injury and the conduct; 3.) a likelihood that the injury can be redressed by a favorable court decision. *Id.* at 528.

As beneficiaries of the Trust, Plaintiffs have standing to pursue the claims alleged in the Complaint. The Motion must be denied.

## ARGUMENT AND AUTHORITY

### PROPOSITION I:
### PLAINTIFFS SUFFICIENTLY PLED FACTS TO SUPPORT THEIR ALLEGATIONS, AND THE MOTION MUST BE DENIED.

Even a cursory examination of the Amended Complaint establishes that Plaintiffs pled more than enough facts to state plausible claims against Defendant Krasnow. A "short and plain statement of the claim showing that the pleader is entitled to relief" is sufficient to meet the pleading standard. Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). A plaintiff must state

"enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556.

Plaintiffs bring claims for negligence, breach of contract, fraud/gross negligence, unjust enrichment, and for removal and accounting against Defendant Krasnow. The factual allegations, when read in a light most favorable to Plaintiffs, clearly establish a basis for each claim alleged against Defendant Krasnow.

### A. Plaintiffs have stated a claim for negligence against Defendant Krasnow.

To establish negligence under Oklahoma law, Plaintiffs must show 1.) that Defendant Krasnow owed them a duty, 2.) breached or failed to perform that duty, 3.) and that they were injured by Defendant Kransow's breach and said breach proximately caused injuries to them. *Abercrombie & Fitch Stores, Inc. v. Penn Square Mall Limited Partnership*, OK CIV APP 56, 425 P.3d 757 fn. 2 (Okla. Civ. App. 2018). Plaintiffs have plead sufficient facts to support each of these elements against Defendant Krasnow.

With respect to duty, Plaintiffs allege that Defendant Krasnow served as the trustee of the Morton Estate and that they relied on the "business estate planning, and tax expertise of Trustee." Doc. No. 20, ¶ 4. Mr. Krasnow is an attorney, and the Mortons relied upon his legal knowledge to advise them in creating the Morton Trust. Doc. No. 20, ¶¶ 4, 5, 10. Defendant Krasnow drafted the Morton Trust and was aware of his fiduciary obligations and duties to the Morton Trust and its beneficiaries. Doc. No. 20, ¶¶ 11, 17.

Defendant Krasnow breached this duty by acting in concert with the other defendants, advising Nancy Morton to sell the insurance policy, failing to remove a beneficiary, and failing "to provide correct legal advice." *Id.* at ¶¶ 15, 19, 43. Defendant

6

Krasnow also failed to properly investigate the market for life insurance policies before advising Nancy Morton to sell – Defendant Krasnow approved the sale of the policy for $700,000 when it could have been sold for millions on the open market. Doc. No. 20, ¶¶ 43, 44.

Beneficiaries have been harmed as a result of Defendant Krasnow's actions. The corpus of the Morton Trust has been reduced significantly as a result of the sale. Doc No. 20, ¶¶ 43, 44. The proceeds of the insurance policy were to pay the estate taxes upon the death of Jay and Nancy Morton. Doc. No. 20, ¶ 16. Without the proper funding, this will not happen, and Defendant Krasnow has harmed not only the Trust but the Beneficiaries. Doc. No. 20, ¶ 17. All these facts support a claim for negligence with sufficient specificity beyond speculation.

### B.  Plaintiffs pled facts sufficient to support a claim for breach of contract.

To state a claim for breach of contract, Plaintiffs must establish the formation of a contract, breach of the contract, and damages resulting from that breach. *Cates v. Integris Health, Inc.*, 2018 OK 9, 412 P.3d 98, 103 (internal citation omitted). Here, Plaintiffs allege that the Morton Trust created a contractual duty for Defendant Krasnow "to preserve to maximum extent possible the Trust assets for the Beneficiaries." Doc. No 20, ¶ 47. Plaintiffs further allege that "[u]nder the terms of the Morton Trust, Trustee should have conferred with the Beneficiaries as to the disposition of the trust assets. . ." *Id.* at ¶ 50. Plaintiffs further allege that Defendant Krasnow "failed to act in good faith in order to carry out the clear intent of the Settlor[]" as required by the Trust instrument *Id.* at ¶ 51. Finally, Plaintiffs allege that they have been damaged as a result of Defendant Krasnow's breach

in the amount of $100,000.00. *Id.* Each of these allegations are sufficient to establish a contract, breach, and damages. Defendant's motion to dismiss Plaintiffs' breach of contract claim must fail because Plaintiffs have sufficiently pled allegations, when taken together as true, with all reasonable inference afforded to state a claim for relief.

**C. Plaintiffs have pled sufficient facts to establish a claim for fraud/gross negligence.**

Defendant Krasnow fails to allege why or how Plaintiffs' claim for fraud/gross negligence is insufficient. Instead, simply saying that the "Complaint contains numerous legal conclusions and conclusory statements…" (Doc. No. 23, at *4) without every saying what exactly is deficient. A review of the Amended Complaint establishes that Plaintiffs have pled sufficient facts to bring a claim for fraud/gross negligence.

To state a claim for fraud/gross negligence, Plaintiffs must establish that Defendant Krasnow made a material misrepresentation, that the representation was known to be false at the time made, the representation was made with specific intent that a party would rely on it, and Plaintiffs' reliance resulted in damage. *Key Finance, Inc. v. Koon*, 2016 OK CIV APP 27, 371 P.3d 1133, 1137 (internal citations omitted).

Plaintiffs allege that Defendant Krasnow held himself out as qualified to advise on insurance policies, terms and insurance needs for trusts; and that Defendant Krasnow acted in concert with the other defendants in providing incorrect advice regarding the insurance company for their own self-dealing. Doc. No. 20, ¶¶ 14, 27, 35, 54. Plaintiffs further allege that Defendant Krasnow knew or should have known of the other defendants' plan to "self-deal and assisted in the scheme in actual conflict with his duties as Trustee" pursuant to the

Trust instrument. *Id.* at ¶ 59. Plaintiffs also allege that they suffered damages in excess of $1,000,000.00. *Id.* at ¶ 60. Defendant's motion to dismiss Plaintiffs' fraud/gross negligence claim must fail because Plaintiffs have sufficiently pled allegations, when taken together as true, state a claim for relief.

### D. Plaintiffs have pled sufficient facts to establish unjust enrichment.

A claim for unjust enrichment is an equitable remedy. To establish a claim, Plaintiffs must allege facts establishing the unjust retention of a benefit at the expense of another. *Orthman v. Premiere Pediatrics, PLLC*, 2024 OK CIV APP 7, 545 P.3d 124 (internal citation omitted).

Plaintiffs allege that Defendant Krasnow knew or should have known that the insurance policy could have been sold for much more than $700,000, and that Defendant Krasnow and the other defendants obtained the policy for themselves once it was sold for resale to his unjust benefit. Doc. No. 20, ¶¶ 63, 64. Plaintiffs further allege that this was done all to the detriment of the Trust and its beneficiaries as it deprived the beneficiaries of funds that they otherwise were entitled to receive from the Trust. *Id.* at ¶ 66. Defendant's motion to dismiss Plaintiffs' unjust enrichment claim must fail because Plaintiffs have sufficiently pled facts, when taken together as true, state a claim for relief.

### E. Plaintiffs sufficiently pled facts supporting their claim for removal and accounting.

"A trustee stands subject to removal. . . where cause is shown therefor." *Robinson v. Kirbie*, 1990 OK CIV APP 45, 793 P.2d 315, 318 (internal citations omitted). "Where the trustee breaches the trust by wasting, embezzling, and/or converting trust property to

9

the trustee's own use, the trustee is personally liable therefore." *Id.* A trustee has a fiduciary duty to provide beneficiaries with information they would need to properly enforce their rights as beneficiaries, including information concerning the trust property and administration, the extent and nature of the beneficiary's interest, information concerning the terms of the trust, and a copy of the trust instrument. Restatement (Third) of Trusts § 82 & Comment (e); see also *Rearden v. Riggs Nat'l Bank*, 677 A.2d 1032, 1035 n.4 (D.C. 1996) (finding a duty to provide information to even potential remaindermen and extending the duty to those with a present or future interest in the trust). Plaintiffs have pled sufficient facts to support a claim for removal and accounting against Defendant Krasnow.

The Amended Complaint alleges that Defendant Krasnow incorrectly added and retained Ryan Morton as a beneficiary of the irrevocable trust – an act that could not be undone. Doc. No. 20, ¶¶ 3, 11, 19, 21. Defendant Krasnow provided incorrect advice to Nancy Morton to allow the insurance policy to lapse to receive a payment in the amount of the cash value of the policy for the estate rather than the trust. *Id.* at ¶ 22, 23. Because of Defendant Krasnow's incorrect advice, Defendant Krasnow secured a large amount of cash from the sale of the insurance policy. *Id.* at 27. Defendant Krasnow's action caused significant harm to the Plaintiffs in that it deprived the beneficiaries of the Trust property and defeated the purpose of the Morton Trust – the payment of estate taxes. *Id.* at ¶¶ 8, 9, 33, 34.

When taken together as true and given all reasonable inferences, Plaintiffs have stated a claim for removal and for an accounting. The Motion must be denied.

## PROPOSITION II:

## PLAINTIFFS HAVE STANDING TO BRING THIS LAWSUIT.

Defendant Krasnow asserts that Plaintiffs lack Article III[1] standing under *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016), to maintain this action. Under Oklahoma law, beneficiaries, such as Plaintiffs have a right, to bring an action questioning the conduct of the Trustee. Quite simply, actions under the Oklahoma Trust Act may be "brought by a trustee, beneficiary, or any person affected by the administration of the trust estate." 60 O.S. § 175.23(C).

The Oklahoma Supreme Court addressed the issue of standing in the context of a contingent beneficiary seeking to bring claims against a trustee in *Smith v. Lopp*, 2020 OK CIV APP 24, 466 P.3d 642. The *Lopp* Court noted that "[f]or purposes of standing, a plaintiff may have suffered injury to a legally protected interest as contemplated by statutory…provisions." *Lopp*, at ¶ 29, 466 P.3d at 652, citing *Murray County v. Homesales, Inc.,* 2014 OK 52, ¶ 17, 330 P.3d 519 (internal citations omitted). The *Lopp* Court determined that plaintiff had standing.

### A.  Plaintiffs, as Beneficiaries, Can Bring this Action Against Krasnow.

A beneficiary, or any person affected by the administration of the trust estate may bring a claim to determine the liability of a trustee, to determine the existence or nonexistence of facts affecting the administration of the trust estate, or to require

---

[1] It is worth noting that this action was originally brought in the District Court for Oklahoma County, and Defendant Krasnow removed it this Court. Doc. No. 1. Now, it appears that Defendant Krasnow is asserting that the Court lacks Article III standing.

accounting by trustees. 60 O.S. § 175.23 (A)&(C). Under the Oklahoma Trust Act, "beneficiary" is defined as "any person entitled to receive from a trust any benefit of whatsoever kind or character." 60 O.S. § 175.3(K). As further explained in the Restatement (Third) of Trusts, pursuant to the Uniform Trust Code, a beneficiary is defined as a person who has "a present or future beneficial interest in a trust, vested or contingent," and under the Uniform Probate Code, a "'trust beneficiary' includes one 'who has any present or future interest, vested or contingent[.]'" Restatement (Third) of Trusts § 94 comment b (2012).

"It would appear from the use of the term beneficiary in Section 175.23(C) that it is the Legislature's understanding that a person can be a beneficiary and yet not have a vested interest; otherwise there would be no need for the Legislature to have stipulated that only those beneficiaries who have a vested interest shall be necessary parties." *Lopp*, ¶ 32, 466 at 653 – 654. Because Section 175.23(C) gives beneficiaries, both vested and contingent, the authority to bring a claim against the trustee, this Court should deny Defendant Krasnow's motion to dismiss for lack of standing.

Defendant Krasnow relies on *Gillespie v. Seymour*, 796 P.2d 1060, 1066 (Kan. Ct. App. 1990) for the proposition that trust beneficiaries who are not entitled to immediate payment cannot maintain a cause of action against the trustee. Doc. No. 23, at *5. Defendant's reliance is wholly misplaced. First, *Gillespie* is interpreting Kansas trust law – not Oklahoma. Further, Defendant Krasnow ignores the *Gillespie* court's decision that the beneficiaries' lack of standing was based on whether the beneficiaries were able to bring a claim for conversion. *Gillespie*, 823 P.2d 796, 782. Whether the beneficiaries could

12

bring any other claims was not analyzed by the court. The Court should disregard Defendants' reliance on *Gillespie* for the proposition that Plaintiffs in this case have no standing to bring claims for negligence, fraud, breach of contract, unjust enrichment, and removal and accounting.

Under Oklahoma trust law, beneficiaries have standing regarding the administration of the trust estate to determine the liability of a trustee; to determine the existence or nonexistence of facts affecting the administration of the trust estate; or to require accounting by trustees. The Motion to Dismiss for lack of standing should not be granted.

**B. The Trustee's Conduct Was Improper.**

Defendant Krasnow's Motion should be denied because the Plaintiffs have alleged sufficient facts to support that Defendant Krasnow's conduct was improper, and because Defendant Krasnow failed to comply with the terms of the Trust instrument.

Defendant Krasnow argues that because the trust instrument authorizes the trustee to surrender the policy at issue that this somehow relieves Defendant Krasnow of liability. Defendant Krasnow's position is incorrect. Defendant cites section 4.2 of the Trust instrument to support his position; however, the quoted language in the Trust ignores the condition precedent. A more accurate reading of the trust instrument states:

> ***If at any time the assets of the Trust estate are insufficient to pay premiums or other charges on the contracts of insurance, or if at any time the Trustee determines that it would be advisable to use Trust assets for the payment of premiums or other charges on contracts of insurance,*** the Trustee shall not be required to pay the premiums or other charges, and the Trustee shall not be liable for its failure to do so.

13

Plaintiffs allege that Defendant Krasnow advised Ms. Morton to sell the insurance policy as a method of remedying the fact that Ryan Taylor Morton was erroneously added as a trust beneficiary of the irrevocable trust. Doc. No. 20, ¶¶ 19 – 22. Defenant Krasnow does not argue in his response that the Trust estate lacked sufficient funds to pay premiums or pay other charges on the trust instrument, which is a condition precedent for Trustee to stop payment of the insurance premiums, thus removing Trustee's liability. Plaintiffs, however, do state specific facts alleging that Defendant Krasnow's advice to allow the insurance policy to lapse and sell the insurance policy was provided as a method of removing Ryan Taylor Morton from the irrevocable trust as a beneficiary. There is no indication that the Trust estate lacked sufficient funds to pay any insurance premiums, in fact, Plaintiffs' complaint specifically alleges that Jay and Nancy Morton timely paid all of the insurance premiums due on the policy. Doc. No. 20, ¶ 18.

Next, Defendant Krasnow argues that Section 7.5 of the Trust Instrument broadly gives trustee the discretion to sell and convey trust assets in the Trustee's discretion; however, Defendant Krasnow again ignores that stipulation that the discretionary decision must be made in the best interest of the Trust and the beneficiaries of the Trust.

"Trust instruments generally are to be construed in favor of the beneficiaries. *Robinson*, 793 P.2d 315 (internal citations omitted). "[T]he discretion of the trustees of the trust, relative to the reasonably necessary care, maintenance and support of the beneficiar[ies] must be exercised honestly, fairly and reasonably to accomplish the purpose of the trust." *Id.* at 318. Thus, the Trustee's allotted discretion is not without limitations.

14

*Id.* citing *Pipkin v. Pipkin*, 1964 OK 72, 393 P.2d 534, 537 (explaining that "trustees do not have unbridled power to deal with trust assets). "A trustee stands subject to removal. . where cause is shown." *Id.* (citing Restatement of Law (Second), Trusts § 107; 60 O.S. 1981 § 175.39).

Here, Plaintiffs have alleged and properly supported that there is good cause to subject Defendant Krasnow to the asserted claims. First, Defendant Krasnow erroneously added Ryan Taylor Morton to the Trust instrument as a beneficiary. Doc. No. 20, ¶ 19. Next, Plaintiffs allege that Defendant Krasnow improperly advised Ms. Morton to cease paying insurance premiums and sell the insurance policy for well below market value, thus breaching his fiduciary duty to Plaintiffs as beneficiaries. Doc. No. 20, ¶¶ 19 – 31. Finally, Defendant Krasnow and the other defendants both advised the Mortons to secure insurance to protect family assets and pay estate taxes; however, despite this advice Defendant Krasnow still advised Mrs. Morton to sell the insurance policy for severely less than the fair market value of the insurance policy. Doc. No. 20, ¶¶ 8 – 9; 14.

Based on the foregoing, this Court should deny Defendant Krasnow's motion to dismiss as Plaintiffs have alleged sufficient facts to support Defendant Krasnow's improper conduct.

## **CONCLUSION**

Plaintiffs ask that Defendant Krasnow's Motion be denied but should the Court. grant the Krasnow Motion Plaintiffs request leave to amend.

Date: May 20, 2024.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of May 2024, a true and correct copy of the above and foregoing document was filed electronically with the Clerk of Court via the CM/ECF system which will send notifications of such filing to all counsel of record:

Kurt M. Rupert, OBA No. 11982
Taylor K. Weder, OBA No. 34045
HARTZOG CONGER CASON
Email: krupert@hatzoglaw.com
Email: tweder@hartzoglaw.com
***Attorneys for Defendant Michael E. Krasnow***

Timothy B. Soefje, OBA No. 33342
Alex Gebert, OBA No. 34594
FREEMAN MATHIS & GARY, LLP
Email: Tim.Soefje@fmglaw.com
Email: Alex.Gebert@fmglaw.com
***Attorney for Defendants J. Gray Teekell and***
***The Teekell Company, Inc.***

Teddy Abbott, OBA No. 14367
ABBOTT LAW OFFICE, LLC
Email: Teddy.abbott@outlook.com
***Local Counsel for Defendants J. Gray Teekell***
***And the Teekell Companies, Inc.***

Kenneth W. Klingenherg, OBA No. 5079
Grady R. Conrad, OBA No. 32164
Stacey R, Steiner, OBA No. 19139
KLINGENBERG, CONRAD & ASSOCIATES
330 N.W. 13TH Street
Oklahoma City, OK 73103
Email: ken@kenkling.com
Email: grady@kenkling.com
Email: stacey@kenkling.com
***Attorneys for Defendant Ryan Taylor Morton***

            *s/Shannon F. Davies*_____
            Shannon F. Davies