# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) BRIAN THOMPSON, individually; | ) | |
| (2) JENNIFER JAMES, individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CV-23-1074-R |
| | ) | |
| (1) J. GRAY TEEKELL, individually; | ) | |
| (2) THE TEEKELL COMPANY, INC.; and | ) | |
| (3) MICHAEL E. KRASNOW, Trustee of | ) | |
|    Morton Family Irrevocable Trust, | ) | |
| | ) | |
| Defendants. | ) | |

## TRUSTEE'S REPLY TO
## PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

Plaintiffs' Response (the "Response") [Doc. No. 29] to Trustee's Motion to Dismiss fails to overcome the authority contained in the Motion to Dismiss. Pointedly, dismissal of the Complaint [Doc. No. 20] as it relates to damages against Trustee is clearly appropriate for at least the following reasons:

1. Trustee is not under a present duty to immediately and unconditionally pay money to Plaintiffs; therefore, Plaintiffs' exclusive remedies against Trustee (if any) are equitable. Restatement (Second) of Trusts § 197 (1959).

2. Plaintiffs have not suffered an injury in fact due to Trustee's alleged conduct and, thus, lack standing to pursue monetary damages against Trustee.

3. Plaintiffs' claims based on Trustee's alleged conduct with and representations to nonparties are not actionable by Plaintiffs.

The Motion to Dismiss [Doc. No. 23] should be granted.

I.    **PLAINTIFFS ARE NOT ENTITLED TO IMMEDIATE PAYMENT FROM THE TRUST; THEREFORE, ANY CLAIM FOR MONETARY DAMAGES IS NOT RIPE**

Plaintiffs' Response devotes substantial efforts to state and restate that a trust beneficiary has authority to bring suit against the trustee. Resp. [Doc. No. 29] at 6, 12-14. Trustee does not dispute this general statement of law; however, Trustee's Motion seeks dismissal of Plaintiffs' request for *damages* (and claims associated therewith) because Plaintiffs have no present right to receive any distribution from the Trust. Mot. to Dismiss [Doc. No. 23] at 4-6. As Trustee has established, Plaintiffs have no standing to assert any claim for *monetary damages* and therefore have no action at law against Trustee. Plaintiffs' case (at this juncture) may only proceed against Trustee for *equitable* relief (*e.g.*, an accounting, enjoining Trustee from committing a breach, removal of Trustee).

As stated in the Motion, "[t]he irreducible constitutional minimum of standing contains three requirements." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (citation omitted). "First and foremost, there must be alleged (and ultimately proved) an injury in fact . . . ." *Id.* at 103 (cleaned up) (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (cleaned up) (citations omitted). An injury is "particularized" if it affects the plaintiff in a personal and individual way and is "concrete" if such injury is "de facto"—that is, it actually exists. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, *as revised* (May 24, 2016).

Here, there has been no negative impact on Plaintiffs, personally, and there is no concrete (*i.e.*, de facto) injury to Plaintiffs resulting from Trustee's conduct because Plaintiffs are not presently entitled to any Trust assets. As provided in the Motion—and entirely unaddressed in the Response—Plaintiffs' rights to the Trust's assets are not triggered until sometime after the death of Nancy. As such, no injury in fact exists.

Because Plaintiffs' Response points to no *factual* allegation in the Complaint demonstrating that Plaintiffs suffered an injury in fact or that any unidentified concrete harm would be redressed by Plaintiffs' request for monetary damages, the Motion should be granted. Regardless of Trustee's conduct, the direct *eventual* injury (if any) to Plaintiffs is dependent on the realization of several additional risks and circumstances, which collectively render the injury too speculative to support standing.

Pointedly, "[i]f the trustee is not under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary cannot maintain an action at law against him." Restatement (Second) of Trusts § 198, comment c (1959); *see also* Restatement (Third) of Trusts § 95 (2012). So, unless certain circumstances that do not exist here *are* present, an action by a trust's beneficiary against a trustee is equitable in nature. Restatement (Second) of Trusts § 197 (1959); *see also* Restatement (Second) of Trusts § 198 (1959); *see also id.* at comment d ("If the trustee misappropriates money which it is his duty to continue to hold in trust, the beneficiary, not being entitled to immediate payment, cannot maintain an action at law against the trustee.").

In sum, although Plaintiffs may bring suit against Trustee, they are limited to pursuing claims in equity. Plaintiffs' claims against Trustee for damages via claims of

negligence, breach of contract, fraud/gross negligence, and unjust enrichment are not ripe. At this time, Plaintiffs are not entitled to receive any part or interest in the Trust's assets. Because Plaintiffs' Complaint does not pursue their tort claims in equity (*i.e.*, to redress a breach by restoring the corpus), such claims should be dismissed.

II. **PLAINTIFFS DO NOT ALLEGE FACTUAL SUPPORT FOR THEIR CLAIMS AT LAW AGAINST TRUSTEE; THEREFORE, DISMISSAL OF SUCH CLAIMS IS APPROPRIATE**

Plaintiffs' Response seeks to avoid dismissal of their claims by way of stating elements of such claims and concluding that such elements are met. Because Plaintiffs' conclusory allegations fail to give notice of basic events and circumstances of which they complain, they are insufficient and should be dismissed.

With respect to Plaintiffs' negligence claim, it is unclear whether Plaintiffs are seeking damages from Trustee in his capacity as trustee or as their father's former attorney. Nonetheless, because the Complaint fails to identify any factual basis to support the elements of duty or breach (and damages, as discussed above), this claim should be dismissed. Specifically, the Response contends that the purported reliance of *nonparties* on Trustee's alleged "business estate planning[] and tax expertise . . ." amounts to a duty owed to *Plaintiffs*. Resp. [Doc. No. 29] at 7. For obvious reasons, Plaintiffs' allegations fail to articulate any facts that would support a common law/legally recognized duty owed to them, and, thus, Plaintiffs' Complaint fails to state a negligence claim against Trustee. *Smith v. City of Stillwater*, 2014 OK 42, ¶ 22, 328 P.3d 1192, 1200 ("If the defendant did not owe a duty of care to the plaintiff, there can be no liability for negligence as a matter of law.") (citation omitted). As for breach, Plaintiffs make several conclusory assertions regarding

alleged conduct between Trustee and (again) a nonparty (Nancy). *See* Resp. [Doc. No. 29] at 7-8. Because Plaintiffs do not claim to have been a client of Trustee or to have personally received any supposed advice from Trustee, their negligence claim fails. Indeed, the undersigned is unaware of and has not found applicable case law which allows disappointed non-client trust beneficiaries to bring an action against the drafting attorney based on purported duties owed directly to such beneficiaries. Because it is entirely unclear what Plaintiffs are claiming against Trustee and in what capacity, the negligence claim should be dismissed.

Next, Plaintiffs' Response fails to identify any basis for them to proceed against Trustee on their breach of contract claim. Specifically, there is no allegation that Trustee entered into an agreement with Plaintiffs. *See* Resp. [Doc. No. 29] at 8-9. Nonetheless, "[a] trustee who fails to perform his duties as trustee is not liable to the beneficiary for breach of contract in the common-law actions . . . ." Restatement (Second) of Trusts § 197, comment b (1959). This is because "[t]he creation of a trust is conceived of as a conveyance of the beneficial interest in the trust property rather than as a contract." *Id.* In sum, "[t]he trustee by accepting the trust and agreeing to perform his duties as trustee does not make a contract to perform the trust enforceable in an action at law." *Id.* As such, this claim as to Trustee should be dismissed.

With respect to Plaintiffs' "fraud/gross negligence" claim, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Because there is nothing particular about the allegations in the Complain, the Court should dismiss this claim. Again, Plaintiffs seek to recover monetary damages from Trustee based on

alleged statements he made to nonparties. *See* Resp. [Doc. No. 29] at 9. Plaintiffs identify no legal basis for their claim. As such, the claim should be dismissed.

Lastly, Plaintiffs' unjust enrichment claim against Trustee fails because neither the Complaint nor the Response contains *factual* allegations as to how Trustee was enriched at the detriment of Plaintiffs. *See generally* Compl. [Doc. No 20] ¶¶ 61-66; Resp. [Doc. No. 29] at 9.

### III.   PER ITS TERMS, TRUSTEE SHALL NOT BE LIABLE FOR SURRENDERING THE POLICY

As Plaintiffs are aware, the Policy was the sole asset held by the Trust; therefore, it is clear that the Trust lacked sufficient funds to pay the Policy's premiums if the funds to pay the same were not provided to Trustee annually by the surviving spouse (Nancy) or through the dissipation of the remaining cash value of the Policy. *See* Compl. [Doc. No. 20] at ¶¶ 6, 8. Nonetheless, "the Trustee shall not be required to pay the premiums or other charges, and **the Trustee shall not be liable for its failure to do so**." Trust [Doc. No. 23-1] at § 4.2(c) (emphasis added); *see also* Mot. [Doc. No. 23] at 7-8.

Because Trustee's act of surrendering the Policy and otherwise converting the sole asset to a different type of asset is directly authorized by the Trust, Plaintiffs' claims should be dismissed.

### CONCLUSION

For reasons stated herein and in the Motion [Doc. No. 23], Plaintiffs lack standing to sue Trustee for damages and have failed to allege sufficient facts to support their various

claims seeking monetary damages. Consequently, Trustee requests that the Court dismiss

Plaintiffs' claims for damages and require them to proceed in equity.

Respectfully submitted,

*s/ Taylor Kaye Weder*
Kurt M. Rupert, OBA # 11982
Taylor Kaye Weder, OBA # 34045
HARTZOG CONGER CASON LLP
201 Robert S. Kerr, Suite 1600
Oklahoma City, Oklahoma 73102
(405) 235-7000 (Telephone)
(405) 996-3403 (Facsimile)
krupert@hartzoglaw.com
tweder@hartzoglaw.com
*Attorneys for Defendant,*
*Michael E. Krasnow as Trustee of the*
*Morton Family Irrevocable Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2024 I electronically transmitted the foregoing document to the Clerk of the Court for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electric Filing to the following ECF Registrants:

Shannon F. Davies
sdavies@spencerfane.com

Johnnie G. Beech
jbeech@spencerfane.com

*Attorneys for Plaintiffs,*
  *Brian Thompson and Jennifer James*

Alex Gebert
alex.gebert@fmglaw.com

*Attorney for Defendants,*
*J. Gray Teekell and The Teekell Company, Inc.*

/s/ Taylor K. Weder
Taylor K. Weder