IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BRIAN THOMPSON, individually;<br>(2) JENNIFER JAMES, individually,<br><br>      Plaintiffs,<br><br>v.<br><br>(1) J. GRAY TEEKELL, individually;<br>(2) THE TEEKELL COMPANY, INC.; and<br>(3) MICHAEL E. KRASNOW, Trustee of<br>   Morton Family Irrevocable Trust,<br><br>      Defendants. | Case No. CV-23-1074-R |

**TRUSTEE'S ANSWER TO THIRD AMENDED COMPLAINT**

Defendant, Michael E. Krasnow Trustee ("Trustee") of the Morton Family Irrevocable Trust (the "Trust"), respectfully submits his Answer to the Third Amended Complaint [Doc. No. 37] (the "Complaint") filed by Plaintiffs, Brian Thompson and Jennifer James (collectively, "Plaintiffs"), and denies each allegation therein except those which are specifically admitted herein. Trustee further provides as follows:

    1.    Trustee admits the allegations in Paragraph 1 of the Complaint.

    2.    Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

    3.    Trustee admits that the Trust identifies Ryan Morton, Jennifer James, and Brian Thompson (collectively, "Beneficiaries") as the primary beneficiaries under the Trust. v Trustee is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint.

4. Trustee denies the allegations in Paragraph 4 of the Complaint.

5. Trustee denies the allegations in Paragraph 5 of the Complaint.

6. Trustee admits the allegations in Paragraph 6 of the Complaint.

7. Trustee admits that Trustee, on behalf of the Trust and as trustee thereof, was the owner of a "last survivor" life insurance policy (the "Policy") on the lives of Jerry Morton ("Jay") and Nancy Morton ("Nancy") which was issued by Pacific Life Insurance Company ("Pacific Life"). Trustee denies the remaining allegations in Paragraph 7 of the Complaint.

8. Trustee admits that Pacific Life issued the Policy, which was procured via Defendants, J. Gray Teekell ("Teekell") and The Teekell Company, Inc. (collectively, "Teekell Defendants"). Trustee is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint.

9. Trustee admits that the Policy was the asset that acted as the initial principal of the Trust and that a stated purpose of the Trust is payment of estate and inheritance taxes, federal and state, by the estate or trust of Jay or Nancy, whichever dies last. Trustee denies the remaining allegations in Paragraph 9 of the Complaint.

10. Trustee admits that a stated purpose of the Trust is payment of estate and inheritance taxes, federal and state, by the estate or trust of Jay or Nancy, whichever dies last. Trustee denies the remaining allegations in Paragraph 10 of the Complaint.

11. Trustee denies the allegations in Paragraph 11 of the Complaint.

12. Trustee admits that Michael E. Krasnow drafted the Trust, but Trustee denies doing so in his capacity as trustee of the Trust.

13. Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. Trustee—to the extent they relate to him—denies the allegations in Paragraph 15 of the Complaint. To the extent they relate to others, Trustee is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint.

16. Trustee denies the allegations in Paragraph 16 of the Complaint.

17. Trustee states that the Policy speaks for itself, and Trustee denies any allegation that conflicts with the Policy. Trustee further states that a stated purpose of the Trust is payment of estate and inheritance taxes, federal and state, by the estate or trust of Jay or Nancy, whichever dies last. Trustee denies the remaining allegations in Paragraph 17 of the Complaint.

18. Trustee states that the Trust was the primary beneficiary of the Policy. Trustee further states that a stated purpose of the Trust is payment of estate and inheritance taxes, federal and state, by the estate or trust of Jay or Nancy, whichever dies last. Trustee denies the remaining allegations in Paragraph 18 of the Complaint.

19. Trustee admits that Jay provided Trustee the funds to timely pay the Policy's premiums during his lifetime. Trustee admits that Nancy provided Trustee the funds to timely pay the Policy's premium for the one year following Jay's death. Trustee denies the remaining allegations in Paragraph 19 of the Complaint.

20. Trustee admits that Defendant, Ryan Morton ("Ryan"), is a primary beneficiary under the Trust. Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Trustee admits that Nancy contacted him and sought to prevent Ryan from receiving any benefit under the Trust. Trustee denies that Nancy had any authority to control any aspect of the Trust. Trustee is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint.

22. Trustee admits that the Trust is an irrevocable trust and that Nancy had no authority to control any aspect of the Trust. Trustee—to the extent they relate to him—denies the remaining allegations in Paragraph 22 of the Complaint. To the extent they relate to others, Trustee is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint.

23. Trustee states that the Policy did not lapse. Trustee further states that a stated purpose of the Trust is payment of estate and inheritance taxes, federal and state, by the estate or trust of Jay or Nancy, whichever dies last. Trustee—to the extent they relate to him—denies the allegations in Paragraph 23 of the Complaint. To the extent they relate to others, Trustee is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint.

24. Trustee states that the Trust speaks for itself, and Trustee denies any allegation that conflicts with the Trust. Trustee further states that Nancy was not and has never been a client of Michael E. Krasnow. Trustee—to the extent they relate to him—denies the allegations in Paragraph 24 of the Complaint. To the extent they relate to others,

Trustee is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint.

25. Trustee states that the Trust and the Policy speak for themselves, and Trustee denies any allegation that conflicts with the Trust and/or the Policy. Trustee further states that Nancy had no authority to control any aspect of the Trust. Trustee—to the extent they relate to him—denies the allegations in Paragraph 25 of the Complaint. To the extent they relate to others, Trustee is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint.

26. Trustee states that the Policy did not lapse. Trustee—to the extent they relate to him—denies the allegations in Paragraph 26 of the Complaint. To the extent they relate to others, Trustee is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint.

27. Trustee denies the allegations in Paragraph 27 of the Complaint.

28. Trustee states that the Policy was surrendered for its cash value which Trustee thereafter invested for the benefit of the Trust. Trustee further states that Trustee and Teekell Defendants received no benefit from the surrender of the Policy. Trustee denies the remaining allegations in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Trustee's obligations and duties are defined by the Trust. Trustee denies the remaining allegations in Paragraph 29 of the Complaint.

30. Trustee states that Nancy had no authority to control any aspect of the Trust. Trustee admits that he, as Trustee, has certain obligations and duties as defined by the Trust. Trustee denies the remaining allegations in Paragraph 30 of the Complaint.

31. Trustee denies the allegations in Paragraph 31 of the Complaint.

32. Trustee states that the Policy did not lapse. Trustee admits that he did not discuss the surrendering of the Policy for its cash value with any of Beneficiaries but denies that he was required to do so. Trustee denies the remaining allegations in Paragraph 32 of the Complaint.

33. Trustee denies the allegations in Paragraph 33 of the Complaint.

34. Trustee denies the allegations in Paragraph 34 of the Complaint.

35. Trustee denies the remaining allegations in Paragraph 35 of the Complaint.

36. Trustee denies the allegations in Paragraph 36 of the Complaint.

37. Trustee denies the allegations in Paragraph 37 of the Complaint.

38. Trustee admits the allegations in Paragraph 38 of the Complaint.

39. Trustee admits the allegations in Paragraph 39 of the Complaint.

40. Trustee admits the allegations in Paragraph 40 of the Complaint.

41. Trustee admits the allegations in Paragraph 41 of the Complaint.

42. Trustee admits the allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint includes no allegation for which a response is required.

44. Trustee denies the allegations in Paragraph 44 of the Complaint.

45. Trustee denies the allegations in Paragraph 45 of the Complaint.

46. Trustee denies the allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint includes no allegation for which a response is required.

48. Trustee denies the allegations in Paragraph 48 of the Complaint.

49. Trustee denies the allegations in Paragraph 49 of the Complaint.

50. Trustee states that Nancy had no authority to control any aspect of the Trust. Trustee denies the remaining allegations in Paragraph 50 of the Complaint.

51. Trustee states that the Trust speaks for itself, and Trustee denies any allegation that conflicts with the Trust. Trustee specifically denies that he acted contrary to the authority granted him by the Trust. Trustee denies the remaining allegations in Paragraph 51 of the Complaint.

52. Trustee denies the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint includes no allegation for which a response is required.

54. Trustee admits that he has acted as Trustee of the Trust. Trustee denies the remaining allegations in Paragraph 54 of the Complaint.

55. Trustee—to the extent they relate to him—denies the allegations in Paragraph 55 of the Complaint. To the extent they relate to others, Trustee is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Complaint.

56. Trustee states that the Policy was surrendered for its cash value. Trustee denies the remaining allegations in Paragraph 56 of the Complaint.

57. Trustee—to the extent they relate to him—denies the allegations in Paragraph 57 of the Complaint. To the extent they relate to others, Trustee is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint.

58. Trustee—to the extent they relate to him—denies the allegations in Paragraph 58 of the Complaint. To the extent they relate to others, Trustee is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 58 of the Complaint.

59. Trustee states that Trustee and Teekell Defendants received no benefit from the surrender of the Policy. Trustee denies the remaining allegations in Paragraph 59 of the Complaint.

60. Trustee denies the allegations in Paragraph 60 of the Complaint.

61. Trustee denies the allegations in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint includes no allegation for which a response is required.

63. Trustee states that Trustee and Teekell Defendants received no benefit from the surrender of the Policy. Trustee denies the allegations in Paragraph 63 of the Complaint.

64. Trustee states that Nancy was not and has never been a client of Michael E. Krasnow. Trustee denies the remaining allegations in Paragraph 64 of the Complaint

65. Trustee states that Trustee and Teekell Defendants received no benefit from the surrender of the Policy. Trustee denies the allegations in Paragraph 65 of the Complaint.

66. Trustee denies the allegations in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint includes no allegation for which a response is required.

68. Paragraph 68 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Trustee denies the allegations in Paragraph 68 of the Complaint to the extent they are inconsistent with the applicable facts and law.

69. Trustee states that Nancy was not and has never been a client of Michael E. Krasnow. Trustee denies the remaining allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Trustee denies the allegations in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint includes no allegation for which a response is required.

72. Trustee denies the allegations in Paragraph 72 of the Complaint.

73. Trustee denies the allegations in Paragraph 73 of the Complaint.

## PRAYER FOR RELIEF

Trustee denies that Plaintiffs and/or Beneficiaries are entitled to any relief whatsoever and denies that any of his conduct resulted in a breach of the Trust or harm to the Trust and prays that judgment be entered in his favor on all of Plaintiffs' claims, that he recover his fees and costs, and for such other and further relief to which he is entitled.

## AFFIRMATIVE DEFENSES AND MATTERS OF AVOIDANCE

A. Plaintiffs lack standing to assert the claims alleged against Trustee in the Complaint.

B. As pled against Trustee, the Complaint fails to state a claim upon which relief may be granted.

C. Plaintiffs' claims are barred, in whole or in part, by actions of Plaintiffs and/or one or more third parties, including, without limitation, Nancy.

D. Plaintiffs' claims are barred, in whole or in part, by the express terms of the Trust.

E. Any damages which the Trust may have suffered, which Trustee denies, were the direct and proximate result of the conduct of Plaintiffs and/or one or more third parties, including, without limitation, Nancy.

F. Trustee's conduct is authorized by the express terms of the Trust.

G. Plaintiffs' claims are barred, in whole or in part, by the Trust.

H. Plaintiffs' claims are barred, in whole or in part, by the principles of waiver, estoppel, and/or ratification.

I. The injuries, losses and damages alleged were a direct and proximate result of the negligence or contributory conduct of others. Plaintiffs' claims are accordingly barred, in whole or in part, under the doctrines of comparative negligence and/or contributory negligence or fault, and Trustee is entitled to have the conduct of the parties to this litigation apportioned as required by law.

J. There is no basis for an award of punitive damages against Trustee and any award of punitive damages would amount to a violation of the Oklahoma and United States Constitutions.

K.   Trustee reserves the right to assert other affirmative defenses as they become available and known during discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint, Trustee requests judgment in his favor and against Plaintiffs with respect to all claims. Trustee—pursuant to the Trust and applicable law—requests an award of costs, attorneys' fees, and any other relief to which he is entitled.

Respectfully submitted,

*s/ Taylor Kaye Weder*
Kurt M. Rupert, OBA # 11982
Taylor Kaye Weder, OBA # 34045
HARTZOG CONGER CASON LLP
201 Robert S. Kerr, Suite 1600
Oklahoma City, Oklahoma 73102
(405) 235-7000 (Telephone)
(405) 996-3403 (Facsimile)
krupert@hartzoglaw.com
tweder@hartzoglaw.com
*Attorneys for Defendant,*
*Michael E. Krasnow as Trustee of the*
*Morton Family Irrevocable Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024 I electronically transmitted the foregoing document to the Clerk of the Court for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electric Filing to the following ECF Registrants:

Shannon F. Davies
sdavies@spencerfane.com

Johnnie G. Beech
jbeech@spencerfane.com

*Attorneys for Plaintiffs,*
  *Brian Thompson and Jennifer James*

Alex Gebert
alex.gebert@fmglaw.com

*Attorney for Defendants,*
*J. Gray Teekell and The Teekell Company, Inc.*

　　　　　　　　　　　　　　　　　　　　*/s/ Taylor Kaye Weder*　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　Taylor Kaye Weder