## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) BRIAN THOMPSON, individually;  )
(2) JENNIFER JAMES, individually,  )
                                   )
          Plaintiffs,        )
                                   )
v.                                   )     Case No. CIV-23-1074-R
                                   )     Judge David L. Russell
(3) J. GRAY TEEKELL, individually;  )
(4) THE TEEKELL COMPANY, INC.;  )
(5) MICHAEL E. KRASNOW, Trustee  )
Of Morton Family Irrevocable Trust, and  )
(6) RYAN TAYLOR MORTON,  )
individually,  )
                                   )
          Defendants.      )

## ANSWER OF DEFENDANT RYAN TAYLOR MORTON
## TO PLAINTIFFS' THIRD AMENDED COMPLAINT

COMES NOW the Defendant[1], Ryan Taylor Morton, by and through his attorneys of record, Kenneth W. Klingenberg, Grady R. Conrad and Stacey R. Steiner of the firm Klingenberg, Conrad & Associates, and for his Answer to Plaintiffs' Second Amended Complaint, alleges and states as follows:

### ANSWER

1.    This Defendant admits the material allegations contained within <u>Numerical Paragraph One</u> of Plaintiffs' Third Amended Complaint.

2.    This Defendant admits the material allegations contained within <u>Numerical Paragraph Two</u> of Plaintiffs' Third Amended Complaint.

---

[1] On January 29, 2023, the Court entered an Order [Dktc. No. 17], which directed that Ryan Taylor Morton be joined in this matter, but be realigned as a Plaintiff.

3.      This Defendant admits the material allegations contained in <u>Numerical Paragraph Three</u> of Plaintiffs' Third Amended Complaint.

4.      This Defendant denies the material allegations contained in <u>Numerical Paragraph Four</u> of Plaintiffs' Third Amended Complaint, and demands strict proof thereof.

5.      This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Five</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

6.      This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Six</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

7.      This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Seven</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

8.      This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Eight</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

9.      This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Nine</u> of Plaintiffs' Third Amended Complaint. To the

extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

10.    This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Ten</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

11.    This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Eleven</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

12.    This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Twelve</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

13.    This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Thirteen</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

14.    This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Fourteen</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

15.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Fifteen</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

16.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Sixteen</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

17.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Seventeen</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

18.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Eighteen</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

19.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Nineteen</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

20.     This Defendant denies the material allegations contained in <u>Numerical Paragraph Twenty</u> of Plaintiffs' Third Amended Complaint, and demands strict proof thereof. This Defendant is the son of Jay Morton, and was at all time an intended beneficiary.

21.     This Defendant denies the material allegations contained in Numerical Paragraph <u>Twenty-One</u> of Plaintiffs' Third Amended Complaint, and demands strict proof thereof.

22.     This Defendant partially admits and partially denies the material allegations contained in <u>Numerical Paragraph Twenty-Two</u> of Plaintiffs' Third Amended Complaint, and demands strict proof thereof. This Defendant admits the Trust is irrevocable.

23.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Twenty-Three</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

24.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Twenty -Four</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

25.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Twenty-Five</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

26.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Twenty-Six</u> of Plaintiffs' Third Amended Complaint. To

the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

27.    This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Twenty-Seven of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

28.    This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Twenty-Eight of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

29.    This Defendant admits the material allegations contained in Numerical Paragraph Twenty-Nine of Plaintiffs' Third Amended Complaint.

30.    This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Thirty of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

31.    This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Thirty-One of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

32.    This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Thirty-Two of Plaintiffs' Third Amended Complaint To

the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

33.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Thirty-Three</u> of Plaintiffs' Third Amended Complaint To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

34.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Thirty-Four</u> of Plaintiffs' Third Amended Complaint To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

35.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Thirty-Five</u> of Plaintiffs' Third Amended Complaint To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

36.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Thirty-Six</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

37.     This Defendant admits the material allegations contained in <u>Numerical Paragraph Thirty-Seven</u> of Plaintiffs' Third Amended Complaint.

38.     This Defendant admits the material allegations contained in <u>Numerical Paragraph Thirty-Eight</u> of Plaintiffs' Third Amended Complaint.

39.  This Defendant admits the material allegations contained in <u>Numerical Paragraph Thirty-Nine</u> of Plaintiffs' Third Amended Complaint.

40.  This Defendant admits the material  allegations contained in <u>Numerical Paragraph Forty</u> of Plaintiffs' Third Amended Complaint.

41.  This Defendant admits the material allegations contained in <u>Numerical Paragraph Forty-One</u> of Plaintiffs' Third Amended Complaint.

42.  This Defendant admits the material allegations contained in <u>Numerical Paragraph Forty-Two</u> of Plaintiffs' Third Amended Complaint.

**COUNT I: NEGLIGENCE**
**(DEFENDANTS TEEKELL, TCA, TRUSTEE)**

43.  This Defendant states <u>Numerical Paragraph Forty-Three</u> of Plaintiffs' Third Amended Complaint does not require an Answer.

44.  This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Forty-Four</u> of Plaintiffs' Third Amended Complaint To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should Teekell, TCA and Trustee be proven to have advised Nancy Norton to sell the insurance policy for $700,000.00, this Defendant admits the material allegations contained in Numerical Paragraph Forty-Four of Plaintiffs' Third Amended Complaint.

45.  This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Forty-Five</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.  However, should the Trustee be proven to have failed to

-8-

property investigate the market for life insurance policies, this Defendant admits the material allegations contained in Numerical Paragraph Forty-Five of Plaintiffs' Third Amended Complaint.

46.     This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Forty-Six of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should Teekell, TCA and the Trustee's actions be proven as intentional, this Defendant admits the material allegations contained in Numerical Paragraph Forty-Six of Plaintiffs' Third Amended Complaint.

47.     This Defendant denies the material allegations contained in Plaintiffs' *ad damnum clause* of Count I of Plaintiffs' Third Amended Complaint, and demands strict proof thereof.

## COUNT II: BREACH OF CONTRACT
## (DEFENDANTS TEEKELL, TCA TRUSTEE)

48.     This Defendant states Numerical Paragraph Forty-Seven of Plaintiffs' Third Amended Complaint does not require an Answer.

49.     This Defendant admits the materials allegations contained in Numerical Paragraph Forty-Eight of Plaintiffs' Third Amended Complaint.

50.     This Defendant denies the material allegations contained in Numerical Paragraph Forty-Nine of Plaintiffs' Third Amended Complaint, and demands strict proof thereof.

51.     This Defendant has insufficient information to admit or deny the the material allegations contained in Numerical Paragraph Fifty of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

52.     This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifty-One of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

53.     This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifty-Two of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

54.     This Defendant denies the material allegations contained in Plaintiffs' *ad damnum clause* of Count II of Plaintiffs' Third Amended Complaint, and demands strict proof thereof.

### COUNT III: FRAUD/GROSS NEGLIGENCE
### (DEFENDANTS TEEKELL, TCA, AND TRUSTEE)

55.     This Defendant states Numerical Paragraph Fifty-Three of Plaintiffs' Third Amended Complaint does not require an Answer.

56.     This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifty-Four of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

57.     This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Fifty-Five of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

58.     This Defendant partially admits and partially denies the material allegations contained in
Numerical Paragraph Fifty-Six of Plaintiffs' Third Amended Complaint. This Defendant
admits that Teekell, TCA, and Trustee wrongfully advised Nancy Morton to sell the
insurance policy, but otherwise denies that they knew Nancy Morton was concerned about
the inclusion of Ryan Morton as a beneficiary, and demands strict proof thereof. Defendant
Ryan Morton is the son of Jay Morton, and was at all times an intended beneficiary.

59.     This Defendant has insufficient information to admit or deny the material allegations
contained in Numerical Paragraph Fifty-Seven of Plaintiffs' Third Amended Complaint. To
the extent an Answer is so required, this Defendant denies the material allegations, and
demands strict proof thereof.

60.     This Defendant has insufficient information to admit or deny the material allegations
contained in Numerical Paragraph Fifty-Eight of Plaintiffs' Third Amended Complaint. To
the extent an Answer is so required, this Defendant denies the material allegations, and
demands strict proof thereof.

61.     This Defendant has insufficient information to admit or deny the material allegations
contained in Numerical Paragraph Fifty-Nine of Plaintiffs' Third Amended Complaint. To
the extent an Answer is so required, this Defendant denies the material allegations, and
demands strict proof thereof. However, should Teekell, TCA's and Trustee's actions be
proven true, this Defendant admits allegations contained Numerical Paragraph Fifty-Nine of
Plaintiffs' Third Amended Complaint.

62.     This Defendant has insufficient information to admit or deny the material allegations
contained in Numerical Paragraph Sixty of Plaintiffs' Third Amended Complaint. To the

extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

63.    This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Sixty-One</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.

64.    This Defendant denies the material allegations contained in Plaintiffs' *ad damnum clause* of Count III of Plaintiffs' Third Amended Complaint, and demands strict proof thereof.

### COUNT IV: UNJUST ENRICHMENT
### (DEFENDANTS TEEKELL, TCA, AND TRUSTEE)

65.    This Defendant states <u>Numerical Paragraph Sixty-Two</u> of Plaintiffs' Third Amended Complaint does not require an Answer.

66.    This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Sixty-Three</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.  However, should it be proven that Teekell, TCA and Trustee engaged in wrongful actions, this Defendant admits the material allegations in Numerical Paragraph Sixty-Three of Plaintiffs' Third Amended Complaint.

67.    This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Sixty-Four</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.  However, should it be proven that Teekell, TCA and Trustee

engaged in wrongful actions, this Defendant admits the material allegations in <u>Numerical Paragraph Sixty-Four</u> of Plaintiffs' Third Amended Complaint.

68.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Sixty-Five</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.   However, should it be proven that Teekell, TCA and Trustee engaged in wrongful actions, this Defendant admits the material allegations in Numerical Paragraph Sixty-Five of Plaintiffs' Third Amended Complaint.

69.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Sixty-Six</u> of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.   However, should it be proven that Teekell, TCA and Trustee engaged in wrongful actions, this Defendant admits the material allegations in Numerical Paragraph Sixty-Six of Plaintiffs' Third Amended Complaint.

70.     This Defendant has insufficient information to admit or deny the material allegations contained in <u>Numerical Paragraph Sixty-Six</u> [sic][2] of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof.   However, should it be proven that Teekell, TCA and Trustee engaged in wrongful actions, this Defendant admits the material allegations in Numerical Paragraph Sixty-Seven of Plaintiffs' Third Amended Complaint.

---

[2]Plaintiff misnumbered the paragraphs, resulting in two paragraphs 66.

71.    This Defendant denies the material allegations contained in Plaintiffs' *ad damnum clause* of

Count III of Plaintiffs' Third Amended Complaint, and demands strict proof thereof.

## COUNT V: REMOVAL AND ACCOUNTING
## (TRUSTEE)

72.    This Defendant states <u>Numerical Paragraph Sixty-Seven</u> of Plaintiffs' Third Amended

Complaint does not require an Answer.

73.    This Defendant admits the material allegations contained in <u>Numerical Paragraph Sixty-Eight</u>

of Plaintiffs' Third Amended Complaint.

74.    This Defendant partially admits and partially denies the material allegations contained in

<u>Numerical Paragraph Sixty-Nine</u> of Plaintiffs' Third Amended Complaint.  This Defendant

admits that the Trustee should be removed, but otherwise denies the Trustee failed in his duty

giving any advise to Nancy Morton in regards to having Ryan Morton removed as a

beneficiary. Defendant Ryan Morton is the son of Jay Morton, and was at all times an

intended beneficiary.

75.    This Defendant admits the material allegations contained in <u>Numerical Paragraph Seventy</u>

of Plaintiffs' Third Amended Complaint.

76.    This Defendant denies the material allegations contained in Plaintiffs' *ad damnum clause* of

Count IV of Plaintiffs' Third Amended Complaint, and demands strict proof thereof.

## COUNT VI: VIOLATION OF THE OKLAHOMA TRUST ACT

77**.**    This Defendant states <u>Numerical Paragraph Seventy-One</u> of Plaintiffs' Third Amended

Complaint does not require an Answer**.**

78.    This Defendant has insufficient information to admit or deny the material allegations

contained in <u>Numerical Paragraph Seventy-Two</u> of Plaintiffs' Third Amended Complaint.

-14-

To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should it be proven that the Trustee failed to advise the Plaintiffs, this Defendant admits the material allegations in Numerical Paragraph Seventy-Two of Plaintiffs' Third Amended Complaint.

79. This Defendant has insufficient information to admit or deny the material allegations contained in Numerical Paragraph Seventy-Three of Plaintiffs' Third Amended Complaint. To the extent an Answer is so required, this Defendant denies the material allegations, and demands strict proof thereof. However, should it be proven that Trustee failed to advise Plaintiff of creating their own trusts, this Defendant admits the material allegations in Numerical Paragraph Seventy-Three of Plaintiffs' Third Amended Complaint.

80. This Defendant denies the material allegations contained in Plaintiffs' *ad damnum clause* of Plaintiffs' Third Amended Complaint, and demands strict proof thereof

### AFFIRMATIVE DEFENSES

This Defendant sets forth below his affirmative defenses. By setting forth these affirmative defenses, this Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations of Plaintiffs. Further, this Defendant states all allegations contained within Plaintiffs' Complaint are generally and specifically denied unless expressly admitted herein.

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Unclean hands.

3. Unjust enrichment.

-15-

4.    This Defendant reserves the right to further plead additional affirmative defenses as they may become known during the course of discovery.

WHEREFORE, premises considered, Defendant, Ryan Taylor Morton, having fully answered,  prays for all relief as fully requested herein, and judgment be entered in favor of this Defendant for all causes of action. Defendant also requests he be awarded all of his attorney's fees and costs and all other relief this Court deems to be just, equitable, and proper.


Respectfully submitted,


Kenneth W. Klingenberg, OBA No. 5079
Grady R. Conrad, OBA No. 32164
Stacey R. Steiner, OBA No. 19139
KLINGENBERG, CONRAD& ASSOCIATES
330 N.W. 13th Street
Oklahoma City, OK 73103
Telephone:    (405) 236-1985
Facsimile     (405) 236-1541
Email:        ken@kenkling.com
              grady@kenkling.com
              stacey@kenkling.com
**ATTORNEYS FOR DEFENDANT**
**RYAN TAYLOR MORTON**

## CERTIFICATE OF SERVICE

I hereby certify that on the __6__ day of August, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System of filing. Based on the records currently on file, the Clerk of the Court will transit a Notice of Electronic Filing to the following ECF registrants:

Kurt M. Ruper, OBA No. 11982
Taylor K. Weder, OBA No. 34045
HARTZOG CONGER CASON
Email:        krupert@hartzoglaw.com
Email:        tweder@hartzoglaw.com
*ATTORNEYS FOR DEFENDANT*
*MICAHEL E. KRASNOW*

Timothy B. Soefje, OBA No. 33342
Alex Gebert, OBA No. 34594
FEEMAN MATHIS & GARY, LLP
Email:        tim.soefje@fmglaw.com
Email:        alex.gebert@fmglaw.com
*ATTORNEYS FOR DEFENDANTS J. GRAY*
*TEEKELL AND THE TEEKELL COMPANY, INC.*

Teddy Abbott, OBA No. 14367
ABBOTT LAW OFFICES, LLC
Email: teddy@abbot@outlook.com
*LOCAL COUNSEL FOR DEFENDANTS*
*J. GRAY TEEKELL AND THE TEKELL*
*COMPANIES, INC.*

Shannon Davies, OBA No. 16979
Johnny G. Beech, OBA No. 655
SPENCER FANE LLP
Email:        sdavies@spencerfane.com
Email:        jbeech@spencerfane.com
*ATTORNEYS FOR PLAINTIFFS*

Kenneth W. Klingenberg, OBA No. 5079
Grady R. Conrad, OBA No. 32164
Stacey R. Steiner, OBA No. 19139
KLINGENBERG, CONRAD & ASSOCIATES

-17-

## VERIFICATION

STATE OF OKLAHOMA   )
           )  SS:
COUNTY OF OKLAHOMA  )

   Ryan Taylor Morton,  of lawful age, being first duly sworn on oath, deposes and states:

   That he has read the within and foregoing Answer  and the statements therein contained are true and correct as he verily believes under penalty of perjury.

             RYAN TAYLOR MORTON

   SUBSCRIBED AND SWORN TO before me this ____5____ day of August, 2024.

             Kristyn Bennett
             NOTARY PUBLIC

My Commission Expires:     My Commission No. _24001062_

___1-23-28___

KRISTYN BENNETT
NOTARY
# 24001062
EXP. 01/23/28
PUBLIC
STATE OF OKLAHOMA