## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BRIAN THOMPSON, individually; )
and )
JENNIFER JAMES, individually, )
)
        Plaintiffs, )
)
v. )
) Case No. CIV-23-1074-R
J. GRAY TEEKELL, individually; ) Judge David L. Russell
THE TEEKELL COMPANY, INC.; )
MICHAEL E. KRASNOW, Trustee )
Of Morton Family Irrevocable Trust, and )
RYAN TAYLOR MORTON, )
individually, )
)
        Defendants. )

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:        October 3, 2024 at 9:15 A.M.

Appearing for Plaintiffs:        Shannon F. Davies, OBA #13565
        Johnny G. Beech, OBA #655

Appearing for Defendants
J. Gray Teekell and
The Teekell Company, Inc:        Alexander Gebert, OBA #34594
        Timothy B. Soefje, OBA #33342
        Teddy J. Abbott, OBA #14367

Appearing for Defendant
Michael E. Krasnow:        Kurt M. Rupert, OBA #11982
        Taylor Kaye Weder, OBA #34045

Appearing for Defendant
Ryan Taylor Morton[1]:        Grady R. Conrad, OBA #32164

**Jury Trial Demanded X**        **Non-Jury Trial ☐**

---

[1] Defendant Ryan Taylor Morton has been realigned as a Plaintiff in the present action pursuant to an Order of this Court [Doc. No. 17] dated January 29, 2023. For purposes of this Joint Status Report and Discovery Plan, any reference to the position(s) of "Plaintiff" shall include Ryan Taylor Morton, unless otherwise specifically delineated.

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    A. By Plaintiffs:

On or about September 30, 2004, Jerry ("Jay") Morton created the Morton Family Irrevocable Trust (the "Morton Trust"). Plaintiff Brian Thompson, Plaintiff Jennifer James, and Defendant Ryan Morton were originally named beneficiaries of the Morton Trust. Defendant Morton allegedly was to be removed as a beneficiary, but due to Trustee's negligence, Defendant Morton, remains as a beneficiary. Jay Morton and his wife, Nancy Morton relied on Trustee, Defendant Krasnow, along with Co-Defendants, J. Gray Teekell ("Teekell"), and The Teekell Company, Inc. ("TCA") (Defendants Krasnow, Teekell, and TCA collectively referred to as "Trust Defendants"), for business, legal, and tax advice. To fund the Trust, Jay and Nancy Morton purchased a life insurance policy on the advice of Trust Defendants.

Years later, Trust Defendants then advised Nancy Morton to sell the insurance policy for far less than its market value, causing significant financial harm to the Morton Trust and its beneficiaries. Trust Defendants acted in their financial interests, rather than those of the Morton Trust, due to their negligence, self-dealing, and fraud. Plaintiffs further claim that the Morton Trust was poorly drafted, and that Trustee failed to fulfill his fiduciary duties.

Plaintiffs are seeking removal of Trustee, an accounting of the Morton Trust's finances, and damages to be paid to the Morton Trust for the losses caused by the Trust Defendants' actions, as well as a declaration that the Trust Defendants violated the Oklahoma Trust Act.

    B. By Defendant, Michael E. Krasnow Trustee ("Trustee") of the Morton Family Irrevocable Trust (the "Trust"):

Trustee denies all of Plaintiffs' allegations against him and further denies that Plaintiffs are entitled to any relief whatsoever.

    C. By Defendants, J. Gray Teekell and the Teekell Company, Inc. ("Teekell"):

Teekell denies all of Plaintiffs' allegations against him and further denies that Plaintiffs are entitled to the relief which Plaintiffs seek.

2. **JURISDICTION**.   State the basis on which the jurisdiction of the Court is

      invoked and any presently known objections.

Jurisdiction is based on Diversity, 28 U.S.C. § 1332(a)(1).

3.    **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

- On or about September 30, 2004, Jay Morton created the Morton Trust.
- The beneficiaries of the Morton Trust are Plaintiffs Brian Thompson, Jennifer James, and Ryan Morton, who are all residents of Oklahoma County, Oklahoma.
- Trustee removed this action to this Court on November 22, 2023.
- Plaintiff filed a motion to remand on December 21, 2023.
- On January 29, 2023, the court denied the motion to remand and found, over Plaintiff's objection, that jurisdiction was proper. In addition, the Court directed that Ryan Taylor Morton be joined in this matter as a defendant but is to be realigned as a plaintiff.

4.    **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.    Plaintiff:

1. Defendants TCA, Teekell, and Trustee negligently advised Nancy Morton to sell the insurance policy of the irrevocable trust.

2. Defendant Trustee negligently failed to properly investigate the market for life insurance policies and advise that the policy could be sold for millions of dollars on the open market.

3. Defendants TCA, Teekell, and Trustee breached their contract with the Morton Trust.

4. Teekell and TCA had a contractual obligation with the Trustee to advise of the correct course of action with regard to the administration of the Morton Trust.

5. Defendant Trustee negligently drafted the Morton Trust to include an unintended beneficiary.[2]

6. Defendants Teekell, TCA, and Trustee failed to properly advise Nancy Morton

---

[2] Defendant Ryan Taylor Morton, while joining with Plaintiffs concerning the contentions and damages stated herein, specifically denies such contention.

with regard to the maximization of Morton Trust assets in breach of the contract.

7. Defendant Trustee failed to confer with the Plaintiffs and Defendant Ryan Morton regarding the disposition of the Morton Trust assets.

8. Defendant Trustee failed to act in good faith in order to carry out the clear intent of the Settlor, Jay Morton.

9. Defendants Teekell, TCA, and Trustee knew and held themselves out as qualified to advise on the relevant matters of insurance policies as well as the terms and insurance needs of trusts.

10. Defendants Teekell, TCA, and Trustee wrongfully advised Nancy Morton to cash in the insurance policy for far below its maximum fair market value.

11. Defendants Teekell, TCA, and Trustee knew or should have known the insurance policy was sold for far below its maximum fair market value given their occupations and licensures.

12. Defendants Teekell, TCA, and Trustee defrauded the Plaintiff beneficiaries by their failure to properly advise of the market for life insurance policies and inform the plaintiff.

13. Defendants Teekell, TCA, and Trustee's wrongful actions were done intentionally for an improper purpose and for their personal benefit.

14. Defendant Trustee knew of the Teekell plan to self-deal and assisted with the scheme in actual conflict with his dues as Trustee.

15. The conduct of the Trustee is so egregious, outrageous, and outside the parameters of good faith dealing as to constitute a waiver of the provisions of the Morton Trust regarding conflicts of interest.

16. Defendants Teekell, TCA, and Trustee have been unjustly enriched by their wrongful actions with respect to the Morton Trust.

17. Defendants Teekell, TCA, and Trustee while acting as legal, business advisor and fiduciary advised Nancy Morton to sell the insurance policy far below its maximum fair market value when Defendants knew or should have known the policy could have been sold for millions more.

18. Defendants Teekell, TCA, and Trustee obtained the policy upon its sale for themselves for resale to their unjust benefit.

19. Defendant Trustee failed to provide correct legal and fiduciary services for the benefit of Plaintiffs in accordance with the provisions of the Morton Trust and the Oklahoma Trust Act.

20. Defendant Trustee should be removed as the Trustee of Morton Trust due to his negligence, legal malpractice, failure to adequately represent and advise Nancy Morton to the detriment and the Beneficiaries and complete failure to communicate with the Beneficiaries.

21. Defendant Trustee should be required to prepare a full and complete financial accounting of the Morton Trust for the previous ten-year period, including the disposition of the fair marker of the insurance policy owned by the Morton Trust.

22. Defendant Trustee breached his fiduciary duty to the beneficiary Plaintiffs imposed upon him under the Oklahoma Trust Act by failing to advise them that they are entitled to distribution of cash when available under Section 2.1 of the Morton Trust.

23. Defendant Trustee breached his duty to advise the beneficiary Plaintiffs that in order to receive a Section 2.1 distribution they must create a trust for themselves into which the distribution would be paid.

Plaintiff seeks damages and relief as outlined in Plaintiff's Complaint, and as stated below:

1. Plaintiff has sustained the following injuries: diminished trust assets, loss of expected trust income, potential tax implications, legal and administrative costs.

2. Plaintiff is entitled to seek all legal and equitable remedies provided to a prevailing plaintiff, including compensatory damages for the diminished value of the trust, lost benefits, restitution for wrongful gains, the removal of the Trustee, a full accounting of trust assets, punitive damages from any willful misconduct, and reimbursement of legal fees and costs, with any such monies recovered to be made back to the Morton Trust, for all costs of this action, reasonable attorney's fees, and for such other and further relief as the court deems appropriate.

b.  <u>Defendant, Trustee</u>:

1. Trustee denies all of Plaintiffs' allegations against him and further denies that Plaintiffs are entitled to any relief whatsoever. Trustee specifically denies:

   a. That Defendant, Ryan Morton ("Morton"), was improperly listed as a beneficiary to the Trust;

   b. That Trustee acted as legal counsel for Plaintiffs' mother, Nancy Morton ("Nancy"), at any time relevant to this case;

   c. That Trustee entered into any contract with Plaintiffs;

   d. That Nancy had any authority to control any aspect of the Trust;

   e. That Trustee was negligent, breached any agreement with Plaintiffs, acted fraudulently or grossly negligent, was unjustly enriched, breached any provision of the Trust, breached any provision of the Oklahoma Trust Act or any other law applicable to Trustee's administration of the Trust.

2. Plaintiffs lack standing to assert the claims alleged against Trustee in the Complaint.

3. As pled against Trustee, the Complaint fails to state a claim upon which relief may be granted.

4. Plaintiffs' claims are barred, in whole or in part, by actions of Plaintiffs and/or one or more third parties, including, without limitation, Nancy.

5. Any damages which the Trust may have suffered, which Trustee denies, were the direct and proximate result of the conduct of Plaintiffs and/or one or more third parties, including, without limitation, Nancy.

6. Trustee's conduct is authorized by the express terms of the Trust.

7. Plaintiffs' claims are barred, in whole or in part, by the Trust.

8. Plaintiffs' claims are barred, in whole or in part, by the principles of waiver, estoppel, and/or ratification.

9. The injuries, losses and damages alleged were a direct and proximate result of the negligence or contributory conduct of others. Plaintiffs' claims are accordingly barred, in whole or in part, under the doctrines of comparative negligence and/or contributory negligence or fault, and Trustee is entitled to have the conduct of the parties to this litigation apportioned as required by law.

10. Plaintiffs are not entitled to an award of punitive damages against Trustee and any such award would amount to a violation of the Oklahoma and United States Constitution.

11. Trustee reserves the right to assert other affirmative defenses as they become available and known during discovery.

c. <u>Defendant, Teekell:</u>

12. Teekell denies all of Plaintiffs' allegations against him and further denies that Plaintiffs are entitled to the relief Plaintiffs seek. Teekell further specifically denies:

    a. That Defendant, Ryan Morton ("Morton"), was improperly listed as a beneficiary to the Trust;

    b. That Trustee acted as legal counsel for Plaintiffs' mother, Nancy Morton ("Nancy"), at any time relevant to this case;

    c. That Trustee entered into any contract with Plaintiffs or that Teekell breached any contractual duty with Trustee or the Trust;

    d. That Nancy had any authority to control any aspect of the Trust;

    e. That Teekell was negligent in any way, breached any agreement or duties with Plaintiffs, acted fraudulently or grossly negligent in any way, or was unjustly enriched in any way.

13. As pled against Teekell, the Complaint fails to state a claim upon which relief may be granted.

14. Plaintiffs' claims are barred, in whole or in part, by actions of Plaintiffs and/or one or more third parties, including, without limitation, Nancy or

of another party over which Teekell has no control.

15. Any damages which the Trust may have suffered, which Teekell denies, were the direct and proximate result of the conduct of Plaintiffs and/or one or more third parties, including, without limitation, Nancy or of another party over which Teekell has no control.

16. Trustee's conduct is authorized by the express terms of the Trust.

17. Teekell's conduct in no way breached any contractual or common law duty owed to any party in this matter.

18. Plaintiffs' claims are barred, in whole or in part, by the Trust itself.

19. Plaintiffs' claims are barred, in whole or in part, by the principles of waiver, estoppel, consent, lack of a duty, and/or ratification.

20. The injuries, losses and damages alleged were a direct and proximate result of the negligence or contributory conduct of others. Plaintiffs' claims are accordingly barred, in whole or in part, under the doctrines of comparative negligence and/or contributory negligence or fault, and Teekell is entitled to have the conduct of the parties to this litigation apportioned as required by law.

21. Plaintiffs are not entitled to an award of punitive damages against Teekell or Trustee and any such award would amount to a violation of the Oklahoma and United States Constitution.

22. Teekell reserves the right to assert other affirmative defenses as they become available and known during discovery.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
　　　　□ Yes **X** No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    A. Plaintiff: Plaintiff anticipates filing a motion for summary judgment.

    B. Defendant:

    C. The parties anticipate filing a joint motion for a protective order.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes  **X** No
If "no," by what date will they be made? ____**October 15, 2024**_____

8. **PLAN FOR DISCOVERY**.

    A.  The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on __**September 20, 2024**___.

    B.  The parties anticipate that discovery should be completed by ____**March 14, 2025**____.

    C.  In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? **February 28, 2024**_____.

    D.  Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        **X** Yes ☐ No

    E.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        **X** Yes ☐ No

        To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
        _____**N/A**_____

  F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan. _____**N/A**_____

9. **ESTIMATED TRIAL TIME**: 4-5 days

10. **BIFURCATION REQUESTED**: ☐ Yes **X** No

11. **POSSIBILITY OF SETTLEMENT**: ☐ Good **X** Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

  A. Compliance with LCvR 16.1(a)(1) - ADR discussion: **X** Yes ☐ No

  B. The parties request that this case be referred to the following ADR process:

   ☐ Court-Ordered Mediation subject to LCvR 16.3
   ☐ Judicial Settlement Conference
   **X** Other _____**Private Mediation TBD**_____
   ☐ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge? ☐ Yes **X** No

14. Type of Scheduling Order Requested. **X** Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 23rd day of September 2024.

       s/Shannon F. Davies
       Shannon F. Davies, OBA No. 13565
       Johnny G. Beech, OBA No. 655
       Spencer Fane LLP
       9400 North Broadway Extension, Suite 600
       Oklahoma City, Oklahoma 73114
       Telephone: (405) 844-9900
       Facsimile: (405) 844-9958

Email: sdavies@spencerfane.com
Email: jbeech@spencerfane.com
***Attorneys for Plaintiffs***

                              

Kurt M. Rupert, OBA No. 11982
Taylor Kaye Weder, OBA No. 34045
HARTZOG CONGER CASON
Email: krupert@hatzoglaw.com
Email: tweder@hartzoglaw.com
***Attorneys for Defendant Michael E. Krasnow,***
 ***as Trustee***

s/Alex Gebert
Timothy B. Soefje, OBA No. 33342
Alex Gebert, OBA No. 34594
(signed with permission of filing lawyer)
FREEMAN MATHIS & GARY, LLP
Email: Tim.Soefje@fmglaw.com
Email: Alex.Gebert@fmglaw.com
***Attorney for Defendants J. Gray Teekell and***
***The Teekell Company, Inc.***
***and***
Teddy Abbott, OBA No. 14367
ABBOTT LAW OFFICE, LLC
Teddy.abbott@outlook.com
***Local Counsel for Defendants J. Gray Teekell***
***And the Teekell Companies, Inc.***
s/Grady Conrady
Kenneth W. Klingenberg, OBA No. 5079
Grady R. Conrady, OBA No. 32164
(signed with permission of filing lawyer)
Stacey R. Steiner, OBA No. 19139
KLINGENBERG, CONRAD & ASSOCIATES
330 N.W. 13th Street
Oklahoma City, OK 73103
Telephone: 405-236-1985
Fax: 405-236-1541

11

Email: ken@kenkling.com
grady@kenkling.com
stacey@kenkling.com
***Attorneys for Defendant Ryan Morton***

Oklahoma City, Oklahoma 73114
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email: sdavies@spencerfane.com
Email: jbeech@spencerfane.com
*Attorneys for Plaintiffs*

/s/ Kurt M. Rupert

Kurt M. Rupert, OBA No. 11982
Taylor Kaye Weder, OBA No. 34045
HARTZOG CONGER CASON
Email: krupert@hartzoglaw.com
Email: tweder@hartzoglaw.com
*Attorneys for Defendant Michael E. Krasnow, as Trustee*

Timothy B. Soefje, OBA No. 33342
Alex Gebert, OBA No. 34594
FREEMAN MATHIS & GARY, LLP
Email: Tim.Soefje@fmglaw.com
Email: Alex.Gebert@fmglaw.com
*Attorney for Defendants J. Gray Teekell and The Teekell Company, Inc.*

Teddy Abbott, OBA No. 14367
ABBOTT LAW OFFICE, LLC
Teddy.abbott@outlook.com
*Local Counsel for Defendants J. Gray Teekell And the Teekell Companies, Inc.*

Kenneth W. Klingenberg, OBA No. 5079
Grady R. Conrady, OBA No. 32164

OK 1228289.2